IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Fleming Companies, Inc., et al.,[1] | ) | Case No. 03-10945 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**THE PCT'S MOTION TO WITHDRAW THE REFERENCE WITH RESPECT TO ITS
OBJECTION TO CLAIM NUMBER 914 FILED BY CARTER PERROTT**

The PCT[2] moves the Court for entry of an order withdrawing the reference with

respect to its objection to claim number 914 filed by Carter Perrott, attached hereto as Exhibit A.

[D.I. 11541] Together with this motion, the PCT filed a motion for a determination by the United

States Bankruptcy Court for the District of Delaware that its objection is non-core. In support of its

motion, the PCT respectfully states as follows:

Jurisdiction

1.      The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

Venue of this chapter 11 case in this district is proper under 28 U.S.C. §§ 1408 and 1409. This

motion is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2). The PCT's underlying

objection to Mr. Perrott's claims is a non-core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

---

[1]    The former Debtors whose cases are still open are:  Core-Mark International, Inc.; Fleming Companies, Inc.; ASI
Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.;
General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; and Minter-
Weisman Co.

[2]    The PCT is a trust created pursuant to the Debtors' Amended and Official Committee of Unsecured Creditors'
Third and Revised Joint Plan of Reorganization of Fleming Companies, Inc. and its Filing Subsidiaries under Chapter
11 of the United States Bankruptcy Code (the "Plan") and the Post-Confirmation Trust Agreement dated August 19,
2004. The PCT is responsible for and has the power to administer certain post-confirmation responsibilities under the
Plan.

2.     The statutory bases for the relief requested herein are 28 U.S.C. § 157(b)(5) and 28 U.S.C. § 157(d).

Background

3.     On April 1, 2003, the above-captioned Debtors filed their voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code. On July 27, 2004, this Court entered an order confirming the Plan, which became effective on August 23, 2004. On the Plan's effective date, the cash and other assets of the Debtors and their estates were transferred to the PCT, the RCT, or the Reorganized Debtors, as applicable. See Art. V.G.3. The PCT is responsible for resolving all prepetition claims asserted against the Debtors' estates. See Art. X.G.1.

4.     The PCT is currently in the process of resolving the nearly 19,000 proofs of claim asserted in the Debtors' bankruptcy cases. In many cases, the PCT has been able to resolve creditors' claims consensually and without objection. Where an objection is required, however, the PCT must raise its objection before the Court-imposed objection deadline. The deadline to object to Mr. Perrott's claim is August 23, 2005. [D.I. 11168]

5.     Mr. Perrott's claim arises from an alleged injury he suffered to his right knee as a result of a November 30, 2002, incident at a Food-4-Less store.[3] Mr. Perrott asserts $150,000 in damages and seeks to recover this amount as a priority claim under the Debtors' Plan. Mr. Perrott never filed a lawsuit with respect to his alleged injury, and neither the extent of his damages nor the Debtors' liability for these alleged injuries have yet been determined.

6.     Before bringing its objection, the PCT diligently attempted to consensually resolve Mr. Perrott's claim. A number of PCT representatives spoke with Mr. Perrott and requested

---

[3]    The Debtors' formerly owned a number of Food-4-Less retail outlets.

evidence with respect to his alleged injuries. Mr. Perrott refused to provide any evidence. The PCT

representatives also requested that Mr. Perrott agree to mediate the value of his claim. Mr. Perrott

refused to mediate. The PCT then sent Mr. Perrott a letter formally requesting additional

information with respect to his claim. Mr. Perrott did not respond. The PCT made a one time

settlement offer just prior to filing this objection. Mr. Perrott initially rejected the offer, but then

said he would take it under consideration. He has yet to respond to the offer. Mr. Perrott's

unwillingness to cooperate in the consensual, informal resolution of his claim leaves the PCT no

other choice than to object to his claim.

### Relief Requested and Basis for Relief Requested

7.      The matters addressed by the PCT's objection to Mr. Perrott's claim (claim

number 914) are outside of the bankruptcy court's core jurisdiction. By this Motion, the Debtors

seek an order withdrawing the reference with respect to the PCT's objection so that it may obtain a

final judgment with respect to Mr. Perrott's claims.[4]

8.      Congress has specifically enumerated the matters over which the bankruptcy

courts -- courts of limited jurisdiction -- may preside. 11 U.S.C. § 157(b)(1). It has also

specifically excluded certain matters from the bankruptcy court's jurisdiction, including "the

liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims

against the estate for purposes of distribution in a case under title 11." 28 U.S.C. § 157(b)(2)(B).

The PCT's objection to Mr. Perrott's contingent, unliquidated personal injury claims falls precisely

in the category of matters Congress has excluded from bankruptcy court jurisdiction.

---

[4] The PCT's motion for a determination that its objection to Mr. Perrott's claim is a non-core matter requests, as an alternative to a finding that the objection is non-core, that the Bankruptcy Court made proposed findings of fact and conclusions of law in accordance with 28 U.S.C. § 157(c)(1), which findings and conclusions may be submitted to this Court for order or judgment.

9.     When the bankruptcy court does not have jurisdiction over a matter, Congress allows the district court to withdraw the reference of that matter "for cause shown." 28 U.S.C. § 157(d) (stating that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown"). In the case of personal injury claims, Congress goes so far as to require that the claims "be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." Here, where Congress has specifically directed the district court to try personal injury claims, withdrawal of the reference is proper. See In re Northwestern Corp., 2004 WL 1044383 (D. Del. Apr. 29, 2004) (Farnan, J.) (a true and correct copy of the Northwestern decision is attached hereto as Exhibit B).

10.     Interests of judicial economy also favor the withdrawal of this matter to the district court. In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990) (noting that considerations of judicial economy, including ensuring the economical use of resources and expediting the resolution of bankruptcy cases, are relevant in determining whether permissive withdrawal is warranted). To date, Mr. Perrott has refused to cooperate with the PCT in resolving his claim. He has not provided requested documents. He has not been willing to negotiate a settlement to his claim. And he has refused to mediate his claim. Given Mr. Perrott's past conduct, it is unlikely that -- despite its best efforts -- the PCT will be able consensually resolve Mr. Perrott's claim. And because there is no state court litigation pending, if the PCT is not permitted to litigate Mr. Perrott's claim in the District Court, it will have no other forum to which to turn.

<u>Notice</u>

11.     Notice of this Motion has been given to: (i) the United States Trustee; (ii) Mr. Perrott; and (iii) those persons who have requested notice pursuant to the Court's October 20, 2004 order limiting service. [D.I. 9696]. In light of the nature of the relief requested herein, the PCT submits that no other or further notice is required.

<u>No Previous Request</u>

12.     No previous request for the relief sought herein has bee made to this or any other court.

WHEREFORE, the PCT respectfully requests that the Court enter an order, substantially in the form attached hereto, withdrawing the reference with respect to Carter Perrott's personal injury claim (claim number 914) to the United States District Court for the District of Delaware and granting such other and further relief as is just and proper.

Dated:  August 24, 2005

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.

*Scotta M Farland*

Laura Davis Jones (Bar No. 2436)
Scotta E. McFarland (Bar No. 4184)
919 North Market Street, 17th Floor
Post Office Box 8705
Wilmington, Delaware 19899-8705
(Courier No. 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

and

KIRKLAND & ELLIS LLP
Richard L. Wynne (CA Bar No. 120349)
Erin N. Brady (CA Bar No. 215038)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone:  (213) 680-8400
Facsimile:  (213) 680-8500

Co-Counsel for the Post Confirmation Trust

# __EXHIBIT A__

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Fleming Companies, Inc., <u>et al.</u>,[1] | ) | Case No. 03-10945 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objections Due: September 20, 2005** |
| | ) | **Hearing Date: September 27, 2005 at 10:30 a.m.** |

## THE PCT'S OBJECTION TO CLAIM NUMBER 914 FILED BY CARTER PERROTT

Carter Perrott alleges that he fractured his right knee on November 30, 2002, when he slipped and fell in a Food-4-Less grocery store the Debtors operated in California. He seeks to recover, ahead of all other prepetition claimants, $150,000.00 in priority compensation from the Debtors' estates. But despite repeated requests and ample opportunities to do so, Mr. Perrott has refused to provide evidence demonstrating either an actual injury **or** a causal link between his alleged injury and the Debtors' conduct. He has similarly obstructed all attempts to investigate his claim. From this, one might wonder whether Mr. Perrott has something to hide.

Mr. Perrott has, in fact, engaged in a pattern of suspicious -- if not outright evasive -- behavior in connection with his alleged accident. For example, Mr. Perrott refused to sign the financial responsibility and admittance paperwork when he was first treated for his injuries. <u>See</u> Ex. A (Hanford Community Medical Center physician records). And when he later made a substantial claim against the Debtors' insurance policy, he provided a false social security number and refused to present a copy of his social security card. He also denied that he had any prior medical diagnosis to his right knee, and repeatedly dodged the insurer's attempts to verify his representation. Not

---

[1]    The former Debtors whose cases are still open are: Core-Mark International, Inc.; Fleming Companies, Inc.; ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; and Minter-Weisman Co.

surprisingly, the insurer's independent investigation discovered that Mr. Perrott had an undisclosed history of severe degenerative changes to his right knee (presumably from a prior fracture).

Mr. Perrott has also refused to provide the necessary evidence to support his claim in these bankruptcy cases. At the beginning of this year, Mr. Perrott filed two letters with the bankruptcy court requesting that the PCT[2] address his claim. The PCT responded to Mr. Perrott's letters, each time asking him to provide the information necessary for it to formulate a settlement offer, if appropriate. Mr. Perrott refused to provide any information. The PCT then suggested that the parties engage in mediation, hoping that a third party could facilitate resolution of the claim. Mr. Perrott refused to mediate. The PCT subsequently caused an agent to personally deliver a letter to Mr. Perrott setting forth the information the PCT would need to formulate any settlement offer. Mr. Perrott never responded to this letter. Finally, the PCT made Mr. Perrott a generous one-time settlement offer to avoid litigating the matter. Mr. Perrott said he would consider the offer. But as of the filing of this objection, he has not yet responded, nor has he returned the PCT's repeated telephone calls.

Mr. Perrott's refusal to settle or to provide the PCT with evidence to support his claim leaves the PCT little choice than to formally object to his claim. Accordingly, the PCT objects to Mr. Perrott's claim and seeks an order disallowing claim number 914 in its entirety.[3]

Jurisdiction

1.    The Court has jurisdiction over these cases pursuant to 27 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a non-core proceeding

---

[2]    The PCT is a trust created pursuant to the Debtors' and Official Committee of Unsecured Creditors' Third Amended and Revised Joint Plan of Reorganization of Fleming Companies, Inc. and its Filing Subsidiaries under Chapter 11 of the United States Bankruptcy Code (the "Plan") and the Post-Confirmation Trust Agreement dated August 19, 2004. The PCT is responsible for and has the power to administer certain post-confirmation responsibilities under the Plan.

[3]    The PCT is filing this objection with the Bankruptcy Court but, because the bankruptcy court does not have core jurisdiction over personal injury claims, will be filing a motion to withdraw the reference with respect to this objection.

pursuant to 28 U.S.C. § 157(b)(2)(B); concurrently herewith, the PCT expects to file a motion for withdrawal of the reference and a motion for determination that this matter is non-core.

       2.     The statutory predicate for the relief requested herein is section 502(b)(2) of title 11 of the United States Code.

Background

       3.     On April 1, 2003, the above-captioned Debtors filed their voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code. On July 27, 2004, this Court entered an order confirming the Plan, which became effective on August 23, 2004. The Plan provides that Mr. Perrott's claim will be treated under the Debtors' insurance policy with Old Republic Insurance Company and, as a result, will be paid at its full, allowed value.[4] See Plan Art. VII.G.4. Notwithstanding this provision, the PCT is responsible for resolving Mr. Perrott's claim against the Debtors' estates. See Plan Art. X.G.1.

       4.     Before the bankruptcy filing, on November 30, 2002, Mr. Perrott allegedly injured his right knee at a Food-4-Less store.[5] There were no witnesses to the alleged fall, although an unknown person did subsequently alert store personnel that Mr. Perrott was on the floor. Store personnel found that there was a sticky substance in the aisle where Mr. Perrott allegedly fell, but could not confirm whether Mr. Perrott stepped on the substance or whether it caused him to fall. Mr. Perrott was treated for his injuries at Hanford Community Medical Center and released. See Ex. A (Hanford Community Medical Center physician records).

---

[4]    During the bankruptcy cases, the Debtors assumed their Old Republic insurance policies. As a result, the Debtors are obligated to pay their deductibles under the policy in the ordinary course and any allowed claims will ultimately be satisfied in full. Pursuant to the Plan, Core-Mark International, Inc. will satisfy any deductible amount out of an outstanding letter of credit. See Plan Art. VII.G.4.

[5]    The Debtors formerly owned a number of Food-4-Less retail outlets.

5.      Shortly thereafter, Greg Moore of ESIS (the Debtors' third party claims administrator) sent Mr. Perrott a form soliciting the information necessary for ESIS to process and evaluate his claim. See Ex. B (December 6, 2002 letter from Mr. Moore to Mr. Perrott). Specifically, the form required Mr. Perrott to provide, among other things, a valid social security number, any prior medical diagnosis or treatment to his right knee, the names of his treating physicians and any medical bills he had received.

6.      In response to this request, Mr. Perrott sent ESIS a January 28, 2003 medical report from his doctor, D. Lancy Allyn, M.D., an orthopedic surgeon affiliated with Certified Medical Group, Inc. In his report, Dr. Allyn stated that Mr. Perrott had a fractured patella and would need surgery to repair this condition. Dr. Allyn did not indicate any history of prior fractures to the right knee. Mr. Perrott separately provided ESIS with his alleged social security number and reported that he had no prior medical diagnosis or treatment of his right knee.

7.      Upon receiving Mr. Perrott's information, Mr. Moore contacted Mr. Perrott and advised him that the social security number he had provided was invalid. See Ex. C (February 11, 2003 letter from Mr. Moore to Mr. Perrott). He also advised him that he was continuing to "verify [Mr. Perrott's] statement that [he] had no medical diagnosis or treatment to [his] right knee prior to the Food-4-Less incident on 11/30/02." Id. Subsequently, Mr. Moore asked Mr. Perrott to visit with a claims control representative at his residence to verify his identification (including his social security card and a picture identification) as well as to take photographs of his alleged injuries. Mr. Perrott refused to speak to the representative. See Ex. D (February 24, 2003 letter from Mr. Moore to Mr. Perrott).

8.      Mr. Moore also sent Dr. Allyn a letter requesting all of Mr. Perrott's medical records. No records were forthcoming. Mr. Moore sent a follow-up letter raising several concerns regarding Dr. Allyn's failure to provide Mr. Perrott's prior medical records. See Ex. E (February

27, 2002 letter from Mr. Moore to Dr. Allyn). In that letter, Mr. Moore reports that he

independently obtained the Hanford Community Medical Center radiology report of November 30,

2002 (the date of Mr. Perrott's alleged injury), which raised issues regarding the integrity of Mr.

Perrott's claim. Mr. Moore states:

> This x-ray report indicates that the right knee fracture is probably
> related to an old fracture. The severe degenerative changes were
> indicated by x-ray as probably secondary to old trauma. This
> information that I just obtained is of concern to me because I was led
> to believe that there was no indication of prior injury. Since the
> patient has claimed that his knee injury is solely due to the accident
> on 11/30/2002, we have conflicting information in regard to this
> injury. This conflicting information will need to be resolved so that I
> know what right knee injury, if any, is related to the alleged incident
> on 11/30/2002 at Food 4 Less Store. I request that you provide a
> report where you explain your diagnosis as to all the prior knee
> injuries. Please include in your explanation a response to the Hanford
> Community Medical Center records. I will also need the patient's
> complete prior medical records to verify that the patient had no
> diagnosis or injuries to the knee.

9.    On February 24, 2003, without providing the requested medical records, Dr.

Allyn provided an estimate of Mr. Perrott's medical costs for surgery, follow-up care and physical

therapy. The estimate showed that Mr. Perrott had already incurred $467.00 for office visits and

x-rays and would incur approximately $7,196.00 for surgery, $180.00 for post-operative x-rays,

$70.00 for prescription pain medication, $336.00 for follow-up care and an unliquidated amount for

three months of physical therapy, three times each week. See Ex. F (February 24, 2003 estimate).

Subsequently, in an undated letter from Dr. Allyn to Mr. Moore (which, in his proof of claim, Mr.

Perrott indicates was dated March 5, 2003), Dr. Allyn indicated that Mr. Perrott had not yet had

surgery on his knee and urged Mr. Moore to authorize the proposed surgery. See Ex. G (undated

letter from Dr. Allyn to Mr. Moore).

10.     Finally, on March 19, 2003, Mr. Moore sent yet another letter to Mr. Perrott urging his cooperation so that his claim could be resolved.  See Ex. H (March 19, 2003 letter from Mr. Moore to Mr. Perrott).  Mr. Moore states:

> You have refused to cooperate with our National Claims Control Representative.  You have not provided information to support your claim.  We will be unable to proceed any further with your claim until you cooperate and provide the information we have requested.

11.     Mr. Moore further states:

> The fact that the Hanford Radiology Report was never mentioned by Doctor Allyn and you never provided me a copy of the Hanford Radiology report with the other Hanford documents you sent me was very unusual.  I had to order the Hanford Record to find out about this radiology report.  The fact that you say you have no prior medical treatment and no doctor to consult for your past medical care is also very unusual.  You have filed a substantial claim and you will have to support your claim fully.

12.     The Debtors filed for bankruptcy shortly thereafter, on April 1, 2003. Mr. Perrott promptly filed proof of claim number 914 as a priority unsecured claim in the amount of $150,000.00 on June 5, 2003.[6]  By filing his claim as a priority claim, he claimed he was entitled to be paid ahead of other prepetition, unsecured creditors under section 507 of the Bankruptcy Code. Because Mr. Perrott's claim does not qualify for this priority treatment, however, the Debtors sought to reclassify the claim as a general unsecured claim (meaning he would be treated the same as all other creditors in his position) in advance of their Plan confirmation hearing.  See supra ¶ 24. Mr. Perrott, representing himself, contested the bankruptcy court's jurisdiction to reclassify his claim and maintained this position despite numerous discussions with the Debtors and their counsel. The Debtors ultimately withdrew their objection in the hopes of avoiding needless litigation and of reaching a resolution of Mr. Perrott's claim.

---

[6]   He also filed three additional claims, all of which have since been expunged on procedural grounds by Court order (specifically, claim numbers 1397, 2868 and 2869).

13.     When the Debtors' Plan became effective, the PCT took over the administration of the Debtors' estates. In the early part of 2005, Mr. Perrott contacted the PCT's counsel and demanded to be paid on his claim. Counsel informed Mr. Perrott that he would need to provide the PCT with additional information so that it could determine the value of his claim, if any. Counsel also informed Mr. Perrott that his claim would have to be reclassified as a general unsecured claim because his injury took place before the petition date. Mr. Perrott refused to provide additional information and maintained that the bankruptcy court could not rule on his claim. The PCT informed Mr. Perrott that, without more, it would not be able to evaluate or settle his claim.

14.     Mr. Perrott then filed a letter with the bankruptcy court requesting that the PCT resolve his claim. Again, the PCT's counsel contacted Mr. Perrott and asked him for additional information to support his claim. And again, Mr. Perrott failed to provide any additional information.

15.     Shortly thereafter, the PCT filed a motion seeking an extension of its August 23, 2005 deadline to object to prepetition claims (including Mr. Perrott's claim). Mr. Perrott objected to the PCT's request. Upon receiving Mr. Perrott's objection, the PCT contacted Mr. Perrott, again, informing him that the PCT was willing to resolve his claim if he would provide it with the information necessary to evaluate it. At the same time, given Mr. Perrott's previous history of impeding settlement attempts, the PCT also proposed that the parties attend mediation to resolve the claim. Mr. Perrott refused to participate in mediation and, again, simply told the PCT to make him an offer while refusing to provide additional information. He also refused to extend the PCT's deadline to object to his claim and, as a result, the PCT must object to Mr. Perrott's claim by August 23, 2005.

16.     The PCT followed up its discussion with Mr. Perrott with a letter dated May 18, 2005, setting forth, in detail, the information and evidence the PCT would require to make an offer on his claim. A copy of this letter is attached as Exhibit I. The letter was hand delivered to Mr. Perrott on May 19, 2005. Since that time, Mr. Perrott has not responded to the PCT's letter or otherwise contacted the PCT with respect to his claim.

17.     Notwithstanding Mr. Perrott's sudden disinterest in his claim, the PCT still faces an August 23, 2005 deadline to settle or object to the claim. The PCT recently consulted with its insurer and made Mr. Perrott a generous settlement offer in a final attempt to avoid litigating this matter. Mr. Perrott said he would consider the offer, but has not yet responded -- despite the PCT's multiple attempts to reach him.. In light of Mr. Perrott's refusal to settle or provide any evidence supporting his claim, the PCT now has no choice but to file this objection and seek the Court's assistance in resolving this matter.

Relief Requested and Basis for Relief

18.     The PCT seeks an order pursuant to section 502(b) and 507 of the Bankruptcy Code disallowing Mr. Perrott's claim (claim number 914) on the basis that he has not -- and cannot -- establish a personal injury claim against the Debtors.

*The Standard of Proof In Objecting To A Proof of Claim*

19.     When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992); Matter of Int'l Match Corp., 69 F. 2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist). While this standard is less rigorous than in civil pleading, a claimant must nonetheless provide some factual context for its claim. Id.; In re Grocerland Co-op, Inc., 32 B.R. 427, 437 (Bankr. N.D. Ill. 1983) ("for [the] court to approve a proof of claim, facts of sufficient

particularity must be supplied to put the trustee on notice"). Where the claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity. In re Allegheny Int'l, Inc., 954 F.2d at 173. Parties wishing to dispute such a claim must produce evidence sufficient to negate the claim's *prima facie* validity. Id. In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. Id. Once the debtor produces such evidence, the burden shifts back to the claimant to prove the validity of its claim by a preponderance of the evidence. Id. The burden of persuasion is always on the claimant. Id.

*Mr. Perrott Cannot Establish A Personal Injury Claim Against The Debtors' Estates*

20.     To establish a personal injury claim against a storeowner or operator in the State of California (where the alleged incident occurred), an individual must establish (i) that he or she sustained an injury and (ii) that the injury was caused by the tortious wrong of another. See Cal. Civ. Code § 3333. Mr. Perrott has provided limited (and notably, selective) evidence that does not establish a claim for damages against the Debtors. The record in this case -- which is severely limited by Mr. Perrott's failure to cooperate with ESIS's investigation -- shows that Mr. Perrott has a knee condition, but does not establish whether his condition is the result of an injury occurring at the Debtors' store (as claimed) or whether it resulted from a prior injury. In fact, the November 30, 2002 Hanford Community Medical Center radiology report (that ESIS independently obtained) shows that, at the time of the incident, his right knee showed "severe degenerative changes . . ., probably all secondary to old trauma." See Ex. J (November 30, 2002 radiology report). Notably, the radiologist made no mention of a "new" fracture in his report.[7] Id. When confronted with this fact, neither Mr. Perrott nor Dr. Allyn explained the discrepancy or why this report was excluded

---

[7]     The Hanford Community Medical Center radiologist has no perceived bias in this matter. He never met Mr. Perrott and has no reason to exaggerate or falsify his findings.

from the medical record. In fact, neither confirmed that the alleged injuries were a result of Mr.

Perrott's alleged Food-4-Less accident -- and not the result of a prior injury.

21.     Mr. Perrott has not provided any evidence to establish that he even had an

accident in the Food-4-Less store. See Buehler v. Alpha Beta Co., 224 Cal. App. 3d 729, 274 Cal.

Rptr. 14 (Cal. App. 1990) (granting summary judgment in favor of defendant when plaintiff did not

establish that the defendant caused plaintiff to slip and fall). First, as set forth above, Mr. Perrott

has not established that he injured his knee at the Food-4-Less store. Id. While there was a sticky

substance found on the floor in the vicinity where Mr. Perrott allegedly fell, nobody saw him fall.

Id. (granting summary judgment, in part, because plaintiff could not show that improperly waxed

floor caused her fall). And the only person who allegedly saw Mr. Perrott on the ground before

store personnel arrived was an unidentified witness, who left the store without giving a statement.

The evidence the PCT has submitted in support of this objection, together with Mr. Perrott's

suspicious, evasive behavior, establishes a *prima facie* defense to Mr. Perrott's allegations. Id.

22.     In short, Mr. Perrott has had ample opportunity to provide evidence to

support his claim. Mr. Moore asked Mr. Perrott to provide evidence. Mr. Perrott refused. The

Debtors asked Mr. Perrott to provide evidence. Mr. Perrott refused. The PCT asked Mr. Perrott to

provide evidence. Mr. Perrott refused. In short, Mr. Perrott has refused every opportunity to

provide evidence to support his claim. His claim must be denied.[8]

*Mr. Perrott Has (If Anything) No More Than a General Unsecured Claim*

23.     If, however, the Court believes that Mr. Perrott is entitled to some modicum

of damages, any award must be classified as a general unsecured claim and paid pursuant to the

---

[8]     If Mr. Perrott submits additional evidence that supports his claim in response to this objection, the PCT reserves the contest the Court's consideration of that additional evidence. In addition, if the evidence is admitted, the PCT reserves its right to engage in discovery and to supplement this objection, as necessary, to respond to Mr. Perrott's evidence and any evidence uncovered in discovery.

provisions set forth in the Debtors' Plan.[9]  Claims that arise prior to a debtor's bankruptcy filing are

classified as general unsecured claims and are treated on a pro-rata basis with all other prepetition

claims *unless* the claimant can establish a basis for priority treatment under section 507 of the

Bankruptcy Code.  11 U.S.C. § 507.  Claims that qualify for priority treatment include:

- administrative claims;

- claims under section 502(f) of the Bankruptcy Code (pertaining to postpetition claims arising in involuntary bankruptcy cases);

- certain employee claims;

- certain claims for contributions to an employee benefit plan;

- claims by persons engaged in the production or raising of grain, under certain circumstances;

- claims by persons engaged as United States fishermen, under certain circumstances;

- claims arising from the prepetition deposit of money in connection with the purchase, lease or rental of property or personal household services;

- claims for debts to a spouse, former spouse or child for alimony or child support pursuant to a court order;

- certain governmental claims; and

- claims for the debtor's failure to maintain the capital of an inured depository institution.

11 U.S.C. § 507(a)(1) - (9).  Mr. Perrott's prepetition, personal injury claim does not qualify under

any of the foregoing priority exceptions.  Matter of Penn. Cent. Transp. Co., 431 F. Supp. 671, 683-

84 (E.D. Pa. 1977) (noting that generally personal injury claims are treated as general unsecured

claims).  As a result, any claim this Court allows should be reclassified as a general unsecured claim

and paid pursuant to the Debtors' Plan.

---

[9]    This reclassification is for technical purposes only.  Because Mr. Perrott is an unwitting beneficiary of the Debtors'
agreement to assume their Old Republic insurance policy, Mr. Perrott's allowed general unsecured claim will be
satisfied in full pursuant to the terms of that policy.  Pursuant to the Plan, Core-Mark International, Inc. will be
responsible for satisfying any deductible out of an outstanding letter of credit.  See Plan Art. VII.G.4.

<u>Notice</u>

24.    Notice of this Motion has been given to: (i) the United States Trustee; (ii)

Mr. Perrott; and (iii) those persons who have requested notice pursuant to the Court's October 20,

2004 order limiting service. [D.I. 9696]. In light of the nature of the relief requested herein, the

PCT submits that no other or further notice is required.

<u>No Previous Request</u>

25.    No previous request for the relief sought herein has bee made to this or any

other court.

WHEREFORE, the PCT respectfully requests that the Court enter an order, substantially in the form attached hereto, disallowing Mr. Perrott's claim (a copy of which is attached hereto as Exhibit K) in its entirety.

Dated: August 23, 2005

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WENTRAUB P.C.

Laura Davis Jones (/Bar No. 2436)
Scotta E. McFarland (Bar No. 4184)
919 North Market Street, 17th Floor
Post Office Box 8705
Wilmington, Delaware 19899-8705
(Courier No. 19801)
Telephone: (302) 652-4100
Facsimile: (312) 652-4400

and

KIRKLAND & ELLIS LLP
Richard L. Wynne (CA Bar No. 120349)
Erin N. Brady (CA Bar No. 215038)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Co-Counsel for the Post Confirmation Trust

# EXHIBIT A

*I*

EMERGENCY ROOM RECORD 11-30-02

## MEDICAL SCREENING EXAM

| ROOM# | DATE | | TIME OF ARRIVAL | TIME OF MSS | MODE OF ARRIVAL ☐ SELF ☐ PARENT | ☐ WALKED | ☐ W/C | ☐ CARRIED | ☐ AMB | ☐ OTHER | |
|---|---|---|---|---|---|---|---|---|---|---|---|

| NAME-LAST | FIRST | | INFORMANT ☐ Other ☐ SHT | LMP | LAST TET | ☐ PARENT ☐ Parent | WT | kg lb | HT | PT REQUEST ☐ ENID ☐ PMD ☐ SPECIAL NAME(S) PMD CALLED |

| AGE 66 | ACUITY 1 2 3 | SMOKE Y N | PREG Y N | | CURRENT MEDS Y N | | HEAD CIRCUM | | VS TIME | TEMP P R | PULSE | R | R/R | WHO | |

TIME SEEN BY MD 1800  Slipped & fell at the store, landed on ® knee and fell on ® side, was unable to get up 2° pain

| CC |
| PMH |
| MEDS |
| ALLERGIES |

FAM HX

SOC  NKA

R.O.S.

P.E.: NAD  Looks

| NOTIFIED | POLICE | CPS | ANIM CT | MENT.H | REL |
| | NAME | | | TIME | |

SIGNATURE                         DISPOSITION

HEAD
NECK
EYES
EARS } WNL
NOSE
THROAT

LUNGS  mild ® side wheezes
CARDIO  RRR
CHEST
BREAST
ABD
GU
EXT
NEURO
SKIN

® knee - ROM 2° pain
® swelling
Patella ⊕ tender

X-ray (R) DTR, Possible/Superior
Osteophytic Fx

NURSE

GENERAL / ® knee

LABS

PELVIC
PANELS
BLOOD

URINE  ☐ UA

X-RAY

| ER COURSE | CRITICAL CARE? MIN |

| CONSULTATION | TIME |

CLINICAL IMPRESSION  S/P Fall ® Knee Contusion
2) OTJ ® knee
3) Possible Internal Derangement ® knee

IMPRESSION TYPED

| ☐ ENT ☐ PSY | | | |
| ☐ ACUTE ABD | ☐ L CLAVICLE | ☐ ELBOW | ☐ L FOOT |
| ☐ CHEST | ☐ L KNEE | ☐ HAND | ☐ L ANKLE |
| ☐ THORAX | ☐ R KNEE | ☐ HIP | ☐ KNEE |
| ☐ LUMBAR | | | ☐ L HIP |

MEDICATIONS

CONDITION ON DISCHARGE  ☐ IMPROVED          ☐ UNCHANGED
☐ WORSENED        ☐ BOA        ☐ DIE

DISPOSITION  ☐ OBSERVATION  ☐ ADMITTED

TRANSFER TO                ACCEPTING M.D.

REPORT DICTATED: ☐          / REPORT WRITTEN ☐

PHYSICIAN SIG  M Lewis MD

PHYSICIAN SIG TYPED

DATE  30 Nov 02

ADDRESSOGRAPH

CARTER, PERROTT
M 068Y 7/22/1934
ACC# 83341873
MR # 863234
ADM# 11/30/2002
HANFORD COMMUNITY MEDICAL CENTER
0000
PART 1  MEDICAL RECORDS

EMS

ADM 2175 SMITH, RONALD
ATT 2175 SMITH, RONALD
REF 2140 LEONE, MICHAEL

**Adventist Health**  **Hanford Community Medical Center**
PHYSICIAN'S PLAN OF CARE
FORM # 7010F 201

# **EXHIBIT B**

Greg Moore
1-800-261-2762  ext. 7525
Local #  972-465-7525

**ESIS**
P O Box 154409
Irving, TX 75015



December 6, 2002

Carter Perrott
3163 Hickory Ct
Hanford, CA 93230

Re·                    Incident No.   9489-220-995810-2
                       Account No.   .Fleming Companies dba Food 4 Less
                       Customer      Carter Perrott
                       Date Incident :11/30/2002

Dear Carter Perrott

Thank you for speaking with me in regards to the above-captioned matter   I have
enclosed the *"Consent to Develop Medical Information"* that will need to be completed
and signed by you, and then mailed back to us in the self-addressed postage paid
envelope that has also been enclosed

Please be sure to include the names and addresses of any medical provider you have seen
as it relates to the injury(s) sustained at the Food4Less store on 11/30/2002  This should
also include any billing information you may have already received from these providers
We will then be able to review the necessary medical reports and documents from your
medical providers  Please forward copies of any medical billings or reports to my
address above with the Incident No  listed above on any items you mail   Please keep the
original billings for your own reference and records

Please give a copy of this letter and a copy of the enclosed *"Consent to Develop Medical
Information"* form to your medical provider for their records   This will give the medical
providers the information they need to send me the medical billings and medical records

In the meantime, we would appreciate if you would keep us informed if anything changes
in your current condition   Hopefully, you will be back to normal in a short period of
time   If you have any questions, please do not hesitate to contact us

Sincerely,

*[signature]*
Greg Moore
Claim Representative

Enc

# **EXHIBIT C**

Greg Moore
1-800-261-2762 ext 7525
Local # 972-465-7525

**ESIS**  
P O Box 154409
Irving, TX 75015

February 11, 2003

Carter Perrott
3163 Hickory Ct
Hanford, CA 93230

                             9459.220.

Re                    Incident No    995810-2
                      Account No.    Fleming Companies dba Food 4 Less
                      Claimant       Carter Perrott
                      Date Incident  11/30/2002

Dear Carter Perrott

Thank you for speaking with me in regards to the above-captioned matter  I advised you
our check of your social security number 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 you provided on the *"Consent to
Develop Medical Information"* did not check out as a valid social security number  We
continue to verify your statement that you have had no medical diagnosis or treatment to
your right knee prior to the Food 4 Less incident on 11/30/2002

The January 28th, 2003 medical report done by your doctor, Dr Lancy Allyn, M D ,
indicates the slip and fall incident of 11/30/2002 caused the injury to your right knee  Dr
Allyn, M D  recommended surgery to correct the injury to your right knee   Please
consult your doctor on the procedure from this point

Please have your doctor provided me with the medical records and billings for the
treatment of your knee injury  Once I receive the medical records of the procedure and
the billing statements I will then be able to evaluate your injury claim and offer you a
settlement

Please forward copies of any medical billings or reports to my address above with the
Incident No  listed above on any items you mail

In the meantime, we would appreciate if you would keep us informed if anything changes
in your current condition  Hopefully, you will be back to normal in a short period of
time  If you have any questions, please do not hesitate to contact us

Sincerely,

Greg Moore
Claim Representative

# **EXHIBIT D**

Greg Moore
Phone: 972-465-7525
Toll Free: 1-800-261-2762 ext. 7525

**ESIS**

P.O. Box 154409
Irving, TX 75015

February 24, 2003

Carter Perrott
3163 Hickory Ct
Hanford, CA 93230

Re:          Incident No. : 995810-2
             Account       : Fleming Companies dba Food 4 Less
             Incident Date : 11/30/02

Dear Carter Perrott:

We have been unable to reach you by phone because of your call blocker, therefore I am
writing to you. We had a person come to your residence to verify your identification
information. You would not speak with our claims control representative. Please
cooperate with our representative from National Claims Control Company. We have
assigned this company to come to your residence and verify your identification
information including your social security card, drivers license or other form of picture
I.D. The claims control representative will need to take a photograph of you with your
walker or cane that you have indicated you need to walk. A photo of your knee injury
will also need to be taken.

Please feel free to give copies of any information including the medical documentation to
our claims control representative. All information from the claims control representative
will be forwarded to me for further claims handling. Since I am in our national claims
office in Texas, I am unfortunately unable to visit you in person. This is why we have
assigned an outside claims control person to handle this one aspect of your claim.

Please be advised I am the claims representative that will continue to handle your claim.
You will continue to direct all your correspondence and phone calls to me for handling.
Please contact me at our toll free number, 1-800-261-2762 ext. 7525 to set up an
appointment. If I am not available please leave your daytime phone number so that I
may return your call. Thank you for your cooperation in this matter.

Sincerely,

Greg Moore
National Representative

# **EXHIBIT E**

Greg Moore
1-800-261-2762 ext. 7525
Local #: 972-465-7525

**ESIS**
P.O. Box 154409
Irving, TX 75015

February 27, 2003

Certified Medical Group
470 Greenfield Ave Suite 35
Hanford, CA 93230

Re:          **Patient      : Carter Perrolt**
             **Your Acc      : 17377.00**
             **Birth Date    : 7/22/1934**
             **Incident No.  : 995810-2**

Dear D. Lancy Allyn, M.D.:

Please see the enclosed Consent to Develop Medical Information sign by the patient.
In my prior letter of February 19th, 2003 I requested all medical records on this patient.
I have not received these records from your office to date.

I did obtain and enclose for your reference the Hanford Community Medical Center x-ray
exam report of 11/30/02. This x-ray was taken the day the patient reported his slip and
fall in our Food 4 Less Store. This x-ray report indicates the right knee fracture is
probably related to an old fracture. The severe degenerative changes were indicated by
x-ray as probably secondary to an old trauma. This information that I just obtained is of
concern to me because I was led to believe that there was no indication of prior injury.
Since the patient has claimed his knee injury is solely due to the accident on 11/30/2002,
we have conflicting information in regard to the injury. This conflicting information will
need to be resolved so that I know what right knee injury, if any, is related to the alleged
incident on 11/30/2002 at Food 4 Less Store.

I request you provide a written report where you explain your diagnosis as to all the prior
knee injuries. Please include in your explanation your response to the Hanford
Community Medical Center records. I will also need the patient's complete prior medical
records to verify that the patient had no prior diagnosis or injuries to the knee.

Please mail all information to the letterhead address above and include our Incident
Number referenced above on all correspondence.

Feel free to contact me at my phone number, (800) 261-2762 ext 7525. I can be reached
between 8:00am to 4:00 pm central time Monday thru Friday. If I am not available
please leave your phone number so that I may return your call. Always include your
incident number referenced above on any correspondence.

Greg Moore
1-800-261-2762  ext. 7525
Local #: 972-465-7525

**ESIS**
P.O. Box 154409
Irving, TX 75015

Sincerely,

Greg Moore
Claim Representative

Enc.

cc. Carter Perrott
    3163 Hickory Ct
    Hanford, CA 93230

# EXHIBIT F

D. Lancy Allyn, M.D.
470 N. Greenfield Ave.Suite #35
P.O. Box 1880
Hanford, CA 93232
(559) 585-6868


February 24, 2003

Dear Sir or Madame:

Mr. Carter Perrott asked that a breakdown be given of his purposed surgery and medical care.

Dr. Allyn initially saw the patient on 01/28/03. After Mr. Perrott's office visit it was determined that the patient suffered a fracture of his right patella. His injury requires surgery and follow up medical care for a minimum of six months after surgery. Other than the charges Mr. Perrott has accrued, the charges quoted are only an estimate.

Mr. Perrott was seen on 01/28/03. Listed are the charges.

| | |
|---|---|
| Office Visit, New, High Complex | $180.00 |
| X-ray exam of Pelvis, Complete | 54.00 |
| X-ray exam of Knee, Complete | 87.00 |
| X-ray of Ankle, Complete | 79.00 |
| X-ray of Foot, Complete | 67.00 |
| Total | $467.00 |

Purposed Surgery

| | |
|---|---|
| History and Physical-X-rays Pre-op Meds. | 325.00 |
| Pre-op labs/x-ray/EKG (done KERR Surg. Ctr.) | 600.00 |
| Open reduction internal fixation of a fracture | 1,421.00 |
| Right patella | |
| Anesthesia approximately one hour | 350.00 |
| Out-patient Hospital Charge | 4,500.00 |
| Total | $ 7,196.00 |

After the surgery the patient will follow up with Dr. Allyn, for a minimum of six months. During the first 90 days there will not be a fee for the office visit, as he will be in the post-op period. But it is anticipated that he will be responsible for approximately four office-visits after 90 days has past. Depending on the complexity of the visit, the cost is between $60-$84.00.

He will be responsible for the following directly after surgery.

X-rays of the knee, two views, between $87.00 and $64.00 each view. He will have post-op medications for pain management, (Vicoden #30 $70.00.) Dr. Allyn anticipates the patient will need Physical Therapy for approximately three months, three times a week. At this time I don't have an approximate cost for the therapy.

Again I want to reiterate that is an estimate of the patient's charges, and a guideline of Mr. Perrott's planned treatment and follow-up care.

RECEIVED from Perrott
Fed Ex
FEB 27 2003
ESIS

# **EXHIBIT G**

3-5-03



# *Certified Medical Group, Inc.*

### *D Lancy Allyn, M D , Board Certified Orthopedic Surgeon*
### *Susan L Hartunian, M D , Board Certified General Surgeon*

470 Greenfield Avenue, Suite 35, Hanford, CA 93230
Telephone (559) 584-3000     Fax (559) 583-8456

Greg Moore  National Representative
ESIS
P O Box 154409
Irving, Texas 75015

RE    Patient        Carter Perrott
         Birth Date     7/22/1934
9 489-2 20 Incident No ~ 995810-2

Dear Mr  Moore

Please find enclosed a copy of my office note for your perusal

In my opinion, Mr  Perrott unequivocally sustained an injury to his right knee on or about
11/30/02 that has resulted in substantial dysfunction of the right knee

My opinion is supported by the emergency room visit records, as well as my personal
interpretation of the radiographs and my office visit with Mr  Perrott on 1/28/03, and today

The more time that is allowed to pass prior to repair of Mr  Perrott's knee, the less complete the
recovery will be   I would urge you to promptly authorize surgical treatment of this gentleman's
knee as it is in your best interest as well as in the patient's best interest

If I may be of further assistance, please allow me to do so

Yours truly,  .

D  Lancy Allyn, M D

Enc
Copy/patient chart

Page 1 of 1

# <u>EXHIBIT H</u>

Greg Moore
1-800-261-2762 ext. 7525
Local #: 972-465-7525

**ESiS**
P.O. Box 154409
Irving, TX 75015

March 19, 2003

Carter Perrott
3163 Hickory Ct
Hanford, CA 93230

Re:        Incident No.  : 995810-2
              Account     : Fleming Companies dba Food 4 Less
              Incident Date : 11/30/2002

Dear Carter Perrott:

I advised you by phone and in my letter of Feb 24th, 2003 that our representative from National Claims Control Company needed to meet with you face to face to verify several claim issues. You have refused to cooperate with our National Claims Control Representative. You have not provided the information to support your claim. We will be unable to proceed any further with your claim until you cooperate and provide the information we have requested.

I received you mailing of the Certified Medical Group report of visit 3/5/2003. This does not answer any questions in regard to the Hanford Community Medical Center radiology findings of old fracture of tibia, severe degenerative changes, and old trauma etc. The radiology report also suggests prior films for comparison. Doctor Allyn will need to obtain the prior films for comparison and address the issues in the Hanford Radiology Report directly and in detail. Doctor Allyn's statement that the Hanford Radiology Report is discounted because that physician did not personally examine the patient is just not adequate. Doctor Allyn's will need to support his "discounting" of this x-ray.

The fact that the Hanford Radiology Report was never mentioned by Doctor Allyn and you never provided me a copy of the Hanford Radiology report with the other Hanford documents you sent me was very unusual. I had to order the Hanford Record to find out about this radiology report. The fact that you say you have no prior medical treatment and no prior doctor to consult for your past medical care is also very unusual. You have filed a substantial claim and you will have to support your claim fully.

Sincerely,

Greg Moore
National Representative

# EXHIBIT I

# KIRKLAND & ELLIS LLP

#### AND AFFILIATED PARTNERSHIPS

777 South Figueroa Street
Los Angeles, California 90017

Erin N. Brady
To Call Writer Directly:
213 680-8226
ebrady@kirkland.com

213 680-8400

www.kirkland.com

Facsimile:
213 680-8500
Dir. Fax: 213 680-8012

May 18, 2005

**"Via Federal Express and Personal Service"**

Mr. Carter Perrott
3163 Hickory Court
Hanford, CA 93230

Re:    Fleming Companies, Inc.

Dear Mr. Perrott,

We represent the Post Confirmation Trust of the Fleming Companies, Inc. bankruptcy estate. On August 12, 2003, you filed a proof of claim against Fleming Companies, Inc. alleging that you injured your knee in a slip and fall accident at a Food 4 Less store and asserting $150,000 in damages. Recently, you have demanded that the Post Confirmation Trust (Fleming's successor in interest) provide you with an offer to settle this claim.

The Post Confirmation Trust cannot make an offer to settle your claim because you have not provided any evidence to support your allegations. For instance, you assert your claim against Fleming Companies, Inc., but do not say how Fleming was responsible for your alleged fall. You claim that you need surgery to repair your alleged knee injury, but provide no evidence that the surgery was ever performed. And you seek $150,000 in compensatory damages, but provide no evidence that you incurred any losses as a result of your alleged injuries. Simply put, you have provided no proof that the Post Confirmation Trust owes you anything.

Moreover, you have not cooperated in the resolution of your claim. As indicated in the documents attached to your proof of claim, you previously gave Fleming's insurance company a false or invalid social security number and repeatedly refused to speak to investigators. In fact, the social security number listed on your proof of claim is also invalid. Additionally, Fleming previously learned that you refused to sign the financial responsibility and admittance paperwork upon your arrival at the hospital after your alleged injuries. Your continuing failure to be forthright and provide accurate information has substantially hampered the Post Confirmation Trust's ability to evaluate the merits of your claim. Under these circumstances, it cannot simply make you a settlement offer. The Post Confirmation Trust has a duty to every creditor in these bankruptcy cases to pay only those claims that are valid and properly documented.

You have also refused to engage in mediation to resolve your claim. On May 12, 2005, Barry Folse of AlixPartners (the Post Confirmation Trust's financial advisor) asked you to participate in mediation, by which you and the Post Confirmation Trust would work

Chicago        London        Munich        New York        San Francisco        Washington, D.C.

KA# 10933776.1

Letter to Mr. Carter Perrott
May 18, 2005
Page 2

with an impartial mediator to arrive at a fair valuation of your claim. Mediation is advantageous because it allows both parties to avoid the time and expense associated with protracted litigation – particularly in a case (like this) where unsecured creditors will likely receive a distribution of only pennies on the dollar. Mr. Folse informs me that you refused to consider mediation and, again, simply wanted the Post Confirmation Trust to make you an offer.

This letter is the Post Confirmation Trust's last attempt to resolve your claim consensually. Please provide the documents and information set forth below by no later than June 1, 2005. This information is critical to enable the Post Confirmation Trust to determine whether your claim is valid and, if so, for what amount. The information the Post Confirmation Trust will need the following information:

1.    Your correct social security number.

2.    Any and all medical bills you incurred as a result of the accident referenced in your proof of claim and proof of payment of the same.

3.    Any and all documents that support your $150,000 damage claim set forth in your proof of claim, including but not limited to any and all medical reports, hospital reports, doctors' reports.

4.    Any and documents that refer or relate to any and all statements you have given (recorded or otherwise) regarding the accident referenced in your proof of claim.

5.    Any and all documents that refer or relate to the claims you are making as a result of the accident referred to in your proof of claim.

6.    Any and all documents that refer or relate to any and all injuries that you sustained during the ten (10) years prior to the accident referred to in your proof of claim.

7.    Any and all documents that refer or relate to any and all medical condition(s) that you had prior to the accident referred to in your proof of claim.

8.    All photographs, videotapes, digital imaging and film taken by you or anyone acting on your behalf of the site of the accident referred to in your proof of claim.

9.    A detailed description of the exact location where the alleged accident took place.

10.    A detailed description of how the alleged accident happened, describing all events in complete detail in the order in which they occurred, from the time a few minutes immediately preceding the alleged accident to and including the time of the alleged accident.

11.    A detailed description of all that you did to avoid the alleged accident.

Letter to Mr. Carter Perrott
May 18, 2005
Page 4

      I remain hopeful that you will provide the appropriate information so that we can resolve this matter without judicial intervention. Please contact me with any questions or concerns.

Sincerely,

Erin N. Brady

ENB:es

K&E 10333976.1

# **EXHIBIT J**

**Adventist Health**
**Hanford Community Medical Center**
450 Greenfield Avenue, Hanford, CA 93230
Tel: (559)585-5221 Fax: (559)585-5230

| | | | |
|---|---|---|---|
| **Patient:** | CARTER, PERROTT | **Med Rec No.:** | 243-234 |
| **Age:** | 68Y | **DOB:** | 07/22/1934 |
| **Location:** | EMS EMS | **Acct No.:** | 53341673 |
| **Exam Date:** | 11/30/2002 | **Seq No.:** | 1 |

**Radiologist:** Michael Grossman, M.D. *[2594]

**Referring Physician:** Ronald A. Smith, MD          *[2175], (ADM)

(CARTER, PERROTT)

**CLINICAL HISTORY:** . Trauma

**KNEE 3V RIGHT 73562RT:**

Films are being re-dictated as the original report was apparently lost.

We do not have prior views of the knee for comparison.

Findings: There are severe degenerative changes of the joint and patellofemoral joint and some deformity of the proximal tibia probably related to an old fracture. There is cephalad displacement of the patella and a rounded ossific density inferior to the patella which may be within the infrapatellar ligament.

**IMPRESSION:** Severe degenerative changes as described, probably all secondary to old trauma. Without prior films for comparison, exclusion of an acute injury is difficult. Follow-up study may be advisable if clinically indicated.

Authentication:
*Dictated by* **Michael Grossman, M.D.** *[2594] / Signed by* **Kamran Koochek, M.D.** *[2557]
*S:12/06/2002 10:01:54*

D: MG, 12/05/2002 11:58:45, SJVoice Job: 585475  HCVoice: 451556    T: jed, 12/05/2002 17:31:01, Text Job: 830373
E: jed, 12/05/2002 17:31:01;
//11/30/2002  ##HCXR: RADIOLOGY REPORT

**RADIOLOGY REPORT**

Patient: CARTER, PERROTT
MR#: _43-234

# **EXHIBIT K**

Letter to Mr. Carter Perrott
May 18, 2005
Page 3

12.    A list of any other persons you were accompanied by or joined by while you were on the premises involved in the alleged accident.

13.    A list of all persons who observed, were involved in, or were present in the vicinity of, the alleged accident.

14.    An approximation of the number of people present in the vicinity at the time and place of the alleged accident.

15.    A list of each agent or employee of Food 4 Less who was in the immediate vicinity of the alleged accident.

16.    A detailed description of the alleged defect, defective condition, or subject which caused the alleged accident.

17.    If you have not recovered from the effects of any injury you received in the alleged accident, a detailed description of all your present injuries, pains, disabilities, and symptoms.

18.    If you received any medical treatment for knee pain during the ten (10) years preceding the date of the alleged accident, a detailed description of your knee pain during that time.

19.    If you received any medical treatment for knee pain during the ten (10) years preceding the date of your alleged fall, a detailed listing of the health care provider(s) providing your medical treatment.

20.    A detailed description of any knee conditions that existed at the time of the alleged accident.

21.    The date of your last appointment with your physician for your knee related conditions.

22.    A listing of all other occasions you were injured on anyone else's property.

It is in your best interest to provide all of the requested information. If you do not, the Post Confirmation Trust will object to your claim and the Court can compel you to provide this information through the formal litigation process. This will undoubtedly prove expensive for both parties. If you provide candid and forthright information in response to this request, the Post Confirmation Trust will be able to evaluate the merits of your claim and make you a settlement offer, if appropriate.

KAB 10333974.1

B10 (Official Form 10) (Rev. 10/96)

| UNITED STATES BANKRUPTCY COURT<br>For the District of Delaware | PROOF OF CLAIM |
|---|---|

O3

In re _Flemming Companies, Inc._    Case Number **08-10945**

NOTE: This claim should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503

Creditor Name
(Person or entity
debtor owes)    **CARTER PERROTT**
Address
Line 1    **3163 HICKORY COURT**
Phone    **(559) 589-1974**
Address
Line 3
City
ST ZIP    **HANFORD CA 93230**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach Copy of statement giving particulars

☑ Check box if you have never received any notices from the bankruptcy court in this case

☐ Check box if the address differs from the address on the envelope sent to you by the court

**REC'D JUN 1 2 2003**

THIS SPACE IS FOR COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR
_Account - Flemming Companies dba Rod Lees (Rod. n 08-10945)_
_Incident number 9489-220-985810-2 (ESIS)_

☐ replaces
Check here if this claim ☐ amends    a previously filed claim dated _____

| 1  BASIS FOR CLAIM | | 2  Date Debt Incurred (MMDDYY) |
|---|---|---|
| ☐ Goods sold | ☑ Personal injury/wrongful death  ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) | **11 30 02** |
| ☐ Services performed | ☐ Taxes  ☐ Wages salaries and compensation (Fill out below) | |
| ☐ Money loaned | ☐ Other (Describe briefly)  Your social security No _____  Unpaid compensation for services performed from _____ (date) to _____ (date) | 3  If Court Judgment, Date Obtained |

4   CLASSIFICATION OF CLAIM. Under the Bankruptcy Code all claims are classified as one or more of the following  (1) Unsecured nonpriority  (2) Unsecured Priority  (3) Secured  It is possible for part of a claim to be in one category and part in another  CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED

☐ SECURED CLAIM
Attach evidence of perfection of security interest
Brief Description of Collateral
☐ Real Estate    ☐ Motor Vehicle    ☐ Other (Describe briefly)
Amount of arrearage and other charges at time case filed included in secured claim above  if any $ _____

☑ UNSECURED NONPRIORITY CLAIM
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent the value of such property is less than the amount of the claim

☑ UNSECURED PRIORITY CLAIM  Specify the priority of the claim
☐ Wages salaries or commissions (up to $4 650) earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business whichever is earlier  11 U.S.C. § 507(a)(3)
☐ Contributions to an employee benefit plan  11 U.S.C. § 507(a)(4)
☐ Up to $2 100 of deposits toward purchase lease or rental of property or services for personal family or household use  11 U.S.C. § 507(a)(6)
☐ Taxes or penalties of governmental units  11 U.S.C. § 507 (a)(7)
☑ Other  Specify applicable paragraph of 11 U.S.C. § 507(a)
**PERSONAL INJURY CLAIM**

5   AMOUNT OF CLAIM AT TIME CASE FILED

| (Secured) | (Unsecured Nonpriority) | **$1 500 000 00** (Unsecured Priority) |
|---|---|---|

☑ Check this box if claim includes charges in addition to the principal amount of the claim  Attach itemized statement of all additional charges

6   CREDITS AND SETOFFS  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim  In filing this claim, claimant has deducted all amounts that claimant owes to debtor

7   SUPPORTING DOCUMENTS  _Attach copies of supporting documents_, such as promissory notes purchase orders invoices itemized statements of running accounts contracts court judgments or evidence of security interests  If the documents are not available explain  If the documents are voluminous  attach a summary

8   TIME-STAMPED COPY  To receive an acknowledgment of the filing of your claim enclosed a stamped self addressed envelope and copy of this proof of claim. _Stamped Addressed Envelope Proof Claim Encl_

| Date | Sign and print the name and title  if any  of the creditor or other person authorized to file this claim (attach copy of power of attorney  if any) |
|---|---|
| **5-29-03** | _CARTER PERROTT_ |

THIS SPACE IS FOR COURT USE ONLY

Flemming Companies Claim
00914

Greg Moore
1-800-261-2762 ext 7525
Local # 972-465-7525

**ESIS**
P.O Box 154409
Irving, TX 75015

December 6, 2002

Carter Perrott
3163 Hickory Ct
Hanford, CA 93230

Re:                 Incident No.  :9489-220-995810-2
                    Account No.   :Fleming Companies dba Food 4 Less
                    Customer      :Carter Perrott
                    Date Incident :11/30/2002

Dear Carter Perrott

Thank you for speaking with me in regards to the above-captioned matter  I have
enclosed the *"Consent to Develop Medical Information"* that will need to be completed
and signed by you, and then mailed back to us in the self-addressed postage paid
envelope that has also been enclosed

Please be sure to include the names and addresses of any medical provider you have seen
as it relates to the injury(s) sustained at the Food4Less store on 11/30/2002  This should
also include any billing information you may have already received from these providers
We will then be able to review the necessary medical reports and documents from your
medical providers  Please forward copies of any medical billings or reports to my
address above with the Incident No  listed above on any items you mail  Please keep the
original billings for your own reference and records

Please give a copy of this letter and a copy of the enclosed *"Consent to Develop Medical
Information"* form to your medical provider for their records  This will give the medical
providers the information they need to send me the medical billings and medical records

In the meantime, we would appreciate if you would keep us informed if anything changes
in your current condition  Hopefully, you will be back to normal in a short period of
time  If you have any questions, please do not hesitate to contact us

Sincerely,

Greg Moore
Claim Representative

Enc

**Greg Moore**
1-800-261-2762 ext 7525
Local #. 972-465-7525

**ESIS**
P O Box 154409
Irving, TX 75015

December 6, 2002

Carter Perrott
3163 Hickory Ct
Hanford, CA 93230

Re:          Incident No.  :9489-220-995810-2
             Account No.   :Fleming Companies dba Food 4 Less
             Customer_____:Carter Perrott_
             Date Incident :11/30/2002

Dear Carter Perrott

Thank you for speaking with me in regards to the above-captioned matter  I have
enclosed the *"Consent to Develop Medical Information"* that will need to be completed
and signed by you, and then mailed back to us in the self-addressed postage paid
envelope that has also been enclosed

Please be sure to include the names and addresses of any medical provider you have seen
as it relates to the injury(s) sustained at the Food4Less store on 11/30/2002  This should
also include any billing information you may have already received from these providers
We will then be able to review the necessary medical reports and documents from your
medical providers  Please forward copies of any medical billings or reports to my
address above with the Incident No  listed above on any items you mail  Please keep the
original billings for your own reference and records

Please give a copy of this letter and a copy of the enclosed *"Consent to Develop Medical
Information"* form to your medical provider for their records  This will give the medical
providers the information they need to send me the medical billings and medical records

In the meantime, we would appreciate if you would keep us informed if anything changes
in your current condition  Hopefully, you will be back to normal in a short period of
time  If you have any questions, please do not hesitate to contact us

Sincerely,

*Greg Moore*
Greg Moore
Claim Representative

Enc

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Fleming Companies, Inc., et al.,[1] | ) | Case No. 03-10945 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | **Related to Docket No. _____** |

## ORDER DISALLOWING CLAIM NUMBER 914

Upon consideration of the PCT's objection to claim number 914 filed by Carter

Perrott; and it appearing that the relief requested herein is in the best interests of the PCT and its

beneficiaries; and notice of the PCT's motion having been provided to (i) the United States

Trustee; (ii) Mr. Perrott; and (iii) all parties that have requested special notice pursuant to the

Court's October 20, 2004 order limiting service; and it appearing that no other or further notice

need be given; and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.    Claim number 914 is disallowed in its entirety.

Dated: _____

_____

---

[1]    The former Debtors whose cases are still open are:  Core-Mark International, Inc.; Fleming Companies, Inc.;
ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-
Continent, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.;
and Minter-Weisman Co.

# EXHIBIT B

Westlaw.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2004 WL 1044383 (D.Del.)

(Cite as: 2004 WL 1044383 (D.Del.))

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
In re: NORTHWESTERN CORPORATION,
Debtor.
ESTATE OF Orval MEYER, Plaintiff,
v.
NORTHWESTERN CORPORATION, aka
Northwestern Public Service Company, aka
Montana
Power LLC, aka Northwestern Energy, aka
Northwestern Energy-Montana, Defendant.
No. 03-12872 CGC, 04-167 JJF.

April 29, 2004.
James P. Harrington, and Frank Burgess, Butte,
Montana, for Plaintiff.

Charles Michael Terribile, of Greenburg Traurig,
LLP, Wilmington, Delaware, for Defendant.

Mark S. Kenney, Office of the United States
Trustee, Wilmington, Delaware, for United States
Trustee.

Charlene D. Davis, of the Bayard Firm,
Wilmington, Delaware, for the Official Committee
of Unsecured Creditors.

*MEMORANDUM OPINION*

FARNAN, J.

*1 Presently before the Court is the Motion For
Withdrawal Of Reference And Transfer To United
States District Court In Judicial District Of
Montana, Butte Division filed by the Estate of

Orval Meyer ("Plaintiff"). (D.I.1.) For the reasons
discussed, the Court will grant the Motion.

BACKGROUND
On July 13, 1999, a City of Helena bus struck an
overhead gas heater when entering its bus barn,
separating the gas line and causing the bus barn to
fill with gas. The following morning, Orval Meyer
opened the bus barn garage door and the gas
exploded. Mr. Meyer passed away a few days later
from his injuries. Mr. Meyer's Estate ("Plaintiff")
brought a personal injury and wrongful death
lawsuit against the City of Helena, the Montana
Power Company, and its successor, Northwestern
Energy, L.L.C. ("Northwestern"), on July 22, 2002,
in Montana state court.

Northwestern is a wholly owned subsidiary of
Northwestern Corporation, a Delaware corporation
currently in Chapter 11 bankruptcy in the United
States Bankruptcy Court in the District of Delaware
(the "Delaware Bankruptcy"). Northwestern is not a
named party in the Delaware Bankruptcy. By its
Motion, Plaintiff moves the Court to withdraw the
reference and transfer this action to the United
States District Court in the Judicial District of
Montana, Butte Division ("Montana District
Court"). [FN1]

> FN1. Respondents did not file an
> opposition brief to Plaintiff's Motion, and
> therefore, the Court will dispose of the
> instant matter on the limited record before
> it.

DISCUSSION
I. Permissive Withdrawal [FN2]

> FN2. Because Northwestern is not a named
> party in the Delaware Bankruptcy and only
> a subsidiary of the Debtor, the automatic
> stay does not prohibit the Court from
> addressing the merits of the instant motion.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2004 WL 1044383 (D.Del.)

**(Cite as: 2004 WL 1044383 (D.Del.))**

*See Maritime Elec. Co., Inc. v. United Jersey Bank,* 959 F.2d 1194, 1205 (3d Cir.1992).

The Court is persuaded that Plaintiff has shown sufficient "cause" to justify permissive withdrawal. The first sentence of Section 157(d) provides that a district court may withdraw the reference of any case under this section "for cause." Courts in the Third Circuit have enumerated a number of factors that may constitute "cause," including: the goal of promoting uniformity in bankruptcy administration, whether the action is core or noncore, judicial efficiency, and discouraging forum shopping. *In re Pruitt,* 910 F.2d 1160, 1168 (3d Cir.1990) (citing *Holland Am. Ins. Co. v. Succession of Roy,* 777 F.2d 992, 999 (5th Cir.1985)); *In re G-I Holdings, Inc.,* 295 B.R. 211, 216 (D.N.J.2003).

The Court concludes that permissive withdrawal is proper because, pursuant to 28 U.S.C. § 157(b)(5), the Bankruptcy Court is without subject matter jurisdiction over Plaintiff's claims. Section 157(b)(5) provides:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C. § 157(b)(5). The mandate from Section 157(b)(5), that personal injury tort and wrongful death claims be tried by the district court, effectively deprives the Bankruptcy Court of jurisdiction to entertain the instant action. *See Hansen v. Borough of Seaside Park,* 164 B.R. 482, 485-86 (D.N.J.1994) (citing *Vinci v. Town of Carmel,* 108 B.R. 439, 441-42 (Bankr.S.D.N.Y.1989)); *In re Manidis,* Bankr.Adv. No. 93-0181, 1994 WL 250072, *6-7 (Bankr.E.D.Pa. May 27, 1994) (citations omitted). Accordingly, the Court concludes that permissive withdrawal is appropriate. *See In re Patterson,* 150 B.R. 367, 368 (E.D.Va.1993).

II. Transfer Pursuant To 28 U.S.C. § 157(b)(5)

*2 The Court also concludes that a transfer to the Montana District Court is appropriate in this case. As cited above, Section 157(b)(5) permits a district court to order personal injury and wrongful death claims to be tried in the district where the bankruptcy action is proceeding or in the district where the claim arose. In the Court's view, the circumstances in this case require the Court to exercise its discretion and order a transfer to Montana.

The events at the heart of this action all occurred in Montana. Also, Plaintiff has indicated its intention to consolidate the instant action with the pending Montana state court action if the instant action is transferred to the Montana District Court. (D.I. 2 at 3.) Further, the claims in the instant action involve Montana tort principles and all of the expert and fact witnesses reside in that state. *Id.* at 10. Based on these facts, and pursuant to the authority provided by Section 157(b)(5), the Court is persuaded that principles of judicial economy and the convenience of the parties require the Court to exercise its discretion and transfer this action to the Montana District Court.

CONCLUSION

For the reasons discussed, the Court will grant the Motion to Withdraw and transfer this action to the Montana District Court.

*ORDER*

At Wilmington, this *29* day of April, 2004, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:
1) The Motion For Withdrawal Of Reference And Transfer To United States District Court In Judicial District Of Montana, Butte Division filed by the Estate of Orval Meyer ("Plaintiff") (D.I.1) is *GRANTED;*
a) The reference to the Bankruptcy Court is *WITHDRAWN* pursuant to 28 U.S.C. § 157(d);
b) This matter is transferred to the United States District Court in the Judicial District of Montana, Butte Division.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2004 WL 1044383 (D.Del.)

**(Cite as: 2004 WL 1044383 (D.Del.))**

Page 3

Not Reported in F.Supp.2d, 2004 WL 1044383 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:04cv00167 (Docket)

(Mar. 17, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Fleming Companies, Inc., et al.,[1] | ) | Case No. 03-10945 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |

**ORDER WITHDRAWING THE REFERENCE TO THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

Upon consideration the PCT's motion to for an order withdrawing the reference to

the United States District Court for the District of Delaware with respect to the PCT's objection

to claim number 914; and it appearing that the relief requested herein is in the best interests of

the PCT, the PCT, and its creditors; and notice of the PCT's motion having been provided to (i)

the United States Trustee; (ii) Mr. Perrott; and (iii) all parties that have requested special notice

pursuant to the Court's October 20, 2004 order limiting service; and it appearing that no other or

further notice need be given; and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted.

---

[1]     The former Debtors whose cases are still open are:  Core-Mark International, Inc.; Fleming Companies, Inc.; ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; and Minter-Weisman Co.

2.     The District Court for the District of Delaware hereby withdraws the reference with respect to the PCT's objection to claim number 914 currently pending in case number 03-10945(MFW).

3.     The District Court shall hold a status conference on this matter on

_____. The PCT shall give Mr. Perrott written notice of the time and place of this status conference on or before _____.

Dated: _____

_____
United States District Court Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Fleming Companies, Inc., et al.,[1] | ) | Case No. 03-10945 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

## **AFFIDAVIT OF SERVICE**

Timothy M. O'Brien, being duly sworn according to law, deposes and says that he

is employed by the law firm of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. and that

on the 24th day of August 2005, he caused a copy of the following documents to be served upon

the parties on the attached service lists in the manner indicated:

1.    **The PCT's Motion to Withdraw the Reference with Respect to Its
      Objection to Claim Number 914 Filed by Carter Perrott;**

2.    **[Proposed] Order Withdrawing the Reference to the United States
      District Court for the District of Delaware.**

Timothy M. O'Brien

Sworn to and subscribed before
me this 24th day of August 2005

Notary Public
My Commission Expires:  02/11/06

**HOLLY T. WALSH**
Notary Public - Delaware
My Comm. Expires Feb. 11, 2006

---

[1] The former Debtors whose cases are still open are:  Core-Mark International, Inc.; Fleming Companies, Inc.; ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; and Minter-Weisman Co.

28587-001\DOCS_DE:105839.1

**Fleming Companies, Inc. 2002 Service List (NEW)**
Case No. 03-10945
Document No. 102136
22 - Hand Delivery
92 – First Class Mail


(Counsel for Fleming Companies, Inc.)
Laura Davis Jones, Esquire
James O'Neill, Esquire
Pachulski, Stang, Ziehl, Young, Jones & Weintraub
P.C.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

*Interoffice Delivery*
(Counsel for Fleming Companies, Inc.)
Ira D. Kharasch, Esquire
Pachulski, Stang, Ziehl, Young, Jones & Weintraub
P.C.
10100 Santa Monica Blvd., #1100
Los Angeles, CA 90067

*Hand Delivery*
(Parcels)
Vito I. DiMaio
Parcels, Inc.
917 King Street
Wilmington, DE 19801

*Hand Delivery*
(Office Of The United States Trustee)
Joseph McMahan, Esquire
J. Caleb Boggs Federal Building
844 N. King Street, Suite 2313
Lock Box 35
Wilmington, DE 19801

*Hand Delivery*
(Counsel for Langdon Ltd Partnership, Minnesota Mining And Manufacturing
Company, Wells Fargo Financial Leasing Skogen's Foodliner, Inc., and its related
entities, and Hegenbarth Food Group, Inc. and its related entities)
Kathleen M. Miller, Esquire
Smith, Katzenstein & Furlow, LLP
The Corporate Plaza
800 Delaware Avenue, 7th Floor
Wilmington, DE 19899

*Hand Delivery*
(Counsel for Ingram Entertainment, Inc., Odom's
Tennessee Pride Sausage Co., Inc., Dade Paper & Bag
Co. Inc., Downey Wholesale, Inc., Huish Detergents,
Joseph Campione, Inc., KAO Brands Company f/k/a
Andrew Jergens Company, Sargento Foods, Inc., Sysco
Food Services of Modesto, Inc., Trinidad Benham
Corporation)
Theresa V. Brown-Edwards, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza
1313 N. Market Street, 7th Floor
Wilmington, DE 19899

*Hand Delivery*
(Counsel for MBM Corp.)
Linda M. Carmichael, Esquire
White and Williams LLP
824 N. Market Street
Suite 902
Wilmington, DE 19899

*Hand Delivery*
(Counsel for Best Yet Markets, Inc.)
Kim Lawson, Esquire
Reed Smith LLP
1201 Market Street
Suite 1500
Wilmington, DE 19801

*Hand Delivery*
(Counsel for CHEAP USA)
Kurt F. Gwynne, Esquire
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801

*Hand Delivery*
(Counsel for Brentwood Crossing Associates and
Wanda Farms Potatoes, Inc.)
Richard H. Cross, Jr., Esquire
Amy Evans, Esquire
Law Office of Richard H. Cross, Jr. LLC
913 North Market
Wilmington, DE 19899

**Hand Delivery**
(Counsel for Red Gold, Inc.)
Susan E. Kaufman, Esquire
Heiman, Aber, Goldlust & Baker
800 King Street
Suite 303
Wilmington, DE 19801

**Hand Delivery**
(Counsel for C&S Wholesale Grocers, Inc., C&S
Acquisition LLC and its designees)
Richard S. Cobb, Esquire
Megan N. Harper, Esquire
Landis Rath & Cobb
919 Market Street
Suite 600
Wilmington, DE 19899

**Hand Delivery**
(Counsel for The Schwan Food Co., Schwan's Consumer Brands North America, Inc., Edwards Fine Foods,
Inc., Schwan's Food Service, Inc., Price Choppers & Piggly Wiggly Franchisees, Marigold Foods, LLC, Cream
O'Weber Daily, LLC, H. Meyer Dairy, LLC, Milk Products, LP d/b/a Borden Dairy, Flav-O-Rich and Meow
Mix Company, Roayal Foods, Inc. & Goya Foods, Inc.)
Carl N. Kunz, III, Esquire
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue
Wilmington, DE 19899

**Hand Delivery**
(Counsel for Blue Bell Creameries L.P. and Republic
Tobacco L.P.)
Ashley B. Stitzer, Esquire
The Bayard Firm
222 Delaware Avenue
9th Floor
Wilmington, DE 19801

**Hand Delivery**
(Counsel for DDB Limited Partnership & Rolling Pin
Manufacturing Corp.)
John C. Phillips, Jr., Esquire
Phillips, Goldman & Spence, P.A.
1200 North Broom St.
Wilmington, DE 19806

**Hand Delivery**
(Counsel for Daires, LLC, Velda Farms, LLC, Franklin Foods, Crowley Foods, LLC, Kemps Foods, LLC,
Heluva Good LLC, Afco Credit Corporation and Single Source Transportation)
Stephen M. Miller, Esquire
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue
10th Floor
Box 2306
Wilmington, DE 19899

**Hand Delivery**
(Counsel for ConAgra, Inc., Manugistics, Inc.
Weyerhaeuser Company)
Laurie Selber Silverstein, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
6th Floor
Wilmington, DE 19801

**Hand Delivery**
(Counsel for The Dial Corporation, Aleeda Grace Ltd.
Bar-S Foods, Bausch & Lomb, Destination Products
International and Simmons Foods)
Ricardo Palacio, Esquire
Ashby & Geddes
222 Delaware Ave.
Wilmington, DE 19801

**Hand Delivery**
(Counsel for Altadis USA, American Licorice, Church
& Dwight, ISG Technology, John Middleton, Seaboard
Farms and Swedish Match)
Mark E. Felger, Esquire
Cozen O'Connor
Chase Manhattan Center
1201 North Market Street
Suite 1400
Wilmington, DE 19801

**Hand Delivery**
(Counsel for Sunbeam Products, Reckitt Benckiser,
Inc., Welch Food, Inc. and The Hammer Corporation )
Thomas D. Walsh, Esquire
McCarter & English, LLP
Chase Manhattan Center
919 N. Market St
Suite 1800
Wilmington, DE 19801

**Hand Delivery**
(Counsel for AEP Industries, Inc., Colgate-Palmolive,
B. Rosen & Sons, Inc., Hussmann Corporation, Mistui
Foods, Inc., Perrigo, World Confectioners, Inc., Bush
Brothers & Co. and South Win Ltd.)
Jennifer Taylor, Esquire
Jaspan Schlesinger Hoffman LLP
913 Market Street
12th Floor
Wilmington, DE 19801

*Hand Delivery*
(Co-Counsel for the PCT)
David M. Fournier, Esquire
Pepper Hamilton, LLP
1201 Market Street
Suite 1600
Wilmington, DE  19899

*Hand Delivery*
(Counsel for Aon Consulting)
Michael R. Lastowski, Esquire
Duane Morris LLP
1100 North Market Street
Suite 1200
Wilmington, DE  19801

*Hand Delivery*
(Substitute counsel for Royal Oak Sales, Inc.)
James E. Huggett, Esquire
"J" Jackson Shrum, Esquire
Harvey, Pennington Ltd.
913 N. Market Street, Suite 702
Wilmington, DE  19801

*First Class Mail*
)
Bankruptcy Management Corp.
Attn:  Tinamarie Fell
1330 E. Franklin Avenue
El Segundo, CA  90245

*First Class Mail*
)
Robert S. Hertzberg, Esquire
Julie M. Skidmore, Esquire
Pepper Hamilton LLP
100 Renaissance Center
Suite 3600
Detroit, MI  48243

*First Class Mail*
(Counsel for Harvest Logistics, Inc. Iceworks Logistics,
Inc. and Tibbett & Britten Group North America, Inc.)
Christopher W. McGarry, Esquire
Tibbett & Britten Group North America, Inc.
1140 US Highway 22, Suite 304
Bridgewater, NJ  08807

*First Class Mail*
(Harvest Logistics, Inc. Iceworks Logistics, Inc. and
Tibbett & Britten Group North America, Inc.)
Michael E. Wiles, Esquire
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY  10022

*First Class Mail*
(Conoco Phillips, a successor interest to Circle K
Corporation)
Kasey C. Dye, Esquire
Quarles & Brady Streich Lang
One S. Church Ave
Suite 1700
Tucson, AZ  85701

*First Class Mail*
(Old Home Foods, Inc.)
Richard C. Salmen, Esquire
Felhaber, Larson, Fenlon & Vogt, P.A.
220 South Sixth Street
Suite 2200
Minneapolis, MN  55402

*First Class Mail*
(Ingram Entertainment Inc.)
Larry Gilbert
Two Ingram Blvd.
P.O. Box 7006
Lavernge, TN  37089

*First Class Mail*
)
James Shaw
237 N.E. Wavecrest Way
Boca Raton, FL  33432

*First Class Mail*
(Counsel for MBM Corp.)
Bradford R. Lenox, Esquire
Alston & Bird LLP
3201 Beechleaf Court
Suite 600
Raleigh, NC  27604

*First Class Mail*
(Counsel for Domino Foods, Inc., as Agent for
American Sugar Refining, Inc.)
William F. Tarr, Esquire
P.O. Box 3435
West Palm Beach, FL  33402

*First Class Mail*
(Counsel for Domino Foods, Inc., as Agent for
American Sugar Refining, Inc.)
Gene B. Tarr, Esquire
Blanco Tackabery Combs & Matamoros, P.A.
110 S. Stratford Road
5th Floor
Winston-Salem, NC  27104

*First Class Mail*
(Counsel for Coastal Unilube, Inc.)
Michael J. McGinnis
Senior Counsel
El Paso Corporation
1001 Louisiana Street
Houston, TX  77002

*First Class Mail*
(Counsel for New Plan Excel Realty Trust, Inc.,
Majestic Realty Company; Goldstein Management,
Inc.)
Jeffrey Meyers, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor – Mellon Bank Center
Philadelphia, PA  19103

*First Class Mail*
(Counsel for Just Born, Inc.)
Marla J. Melman, Esquire
Scoblionko, Scoblionko, Muir, Bartholomew &
Melman
40th South Fifth Street
Allentown, PA  18101

*First Class Mail*
(Counsel for Salt Lake County Assessor and Salt Lake
County Treasurer)
Thomas W. Peters
Deputy District Attorney
2001 South State Street
S-3600
Salt Lake City, UT  84190

*First Class Mail*
(Counsel for Anna Bowe)
Michael C. Van Berkom, Esquire
Borkon, Ramstead, Mariant, Fishman & Carp, Ltd.
5401 Gamble Drive
Suite 100 Parkdale
Minneapolis, MN  55416

*First Class Mail*
(Counsel for The Meow Mix Company)
Joseph L. Schwartz, Esquire
Jeffrey M. Sponder, Esquire
Riker, Danzig, Scherer, Hyland & Perretti LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ  07962

*First Class Mail*
(Counsel for Sara Lee Corporation)
Maria Ellena Chavez-Ruark, Esquire
Richard M. Kremen, Esquire
Piper Rudnick
6225 Smith Avenue
Baltimore, MD  21209

*First Class Mail*
(Counsel for Lubbock Central Appraisal District)
Laura J. Monroe, Esquire
Perdue, Brandon, Fielder, Collins & Mott, LLP
P.O. Box 817
Lubbock, TX  79408

*First Class Mail*
)
Louis J. Price, Esquire
McAfee & Taft
Two Leadership Sq.
10th Floor
211 N. Robinson Ave.
Oklahoma City, OK  73102

*First Class Mail*
(Counsel for Wichsan Limited Partnership)
Howard E. Heller, Esquire
Kin Properties, Inc.
16 N. Main Street
# 384
New York, NY  10956

*First Class Mail*
(Counsel for Bayer Corporation)
Steven N. Cousins, Esquire
Armstrong Teasdale LLP
One Metropolitan Sq.
Suite 2600
St. Louis, MO  63102

*First Class Mail*
(Counsel for Turnpike Crossing I, LLC)
Arthur E. Rosenberg, Esquire
Holland & Knight LLP
195 Broadway
New York, NY  10007

*First Class Mail*
(Counsel for CHEP USA)
W. Glenn Jensen, Esquire
Akerman, Senterfitt & Eidson, P.A.
Post Office Box 231
Orlando, FL  32802

*First Class Mail*
(Counsel for DDB Limited Partnership)
William C. Hess, Esquire
Hess, Dexter, Reinerston & Brunner S.C.
605 Scott St.
Wausau, WI  54402

*First Class Mail*
)
Gretchen Crawford
Assistant District Attorney
Oklahoma County Treasurer
320 Robert S. Kerr, Room 307
Oklahoma City, OK  73102

*First Class Mail*
(Counsel for Wanda Farms Potatoes, Inc.)
Michael Keaton, Esquire
Keaton & Associates, P.C.
1278 W. Northwest Highway
Suite 903
Palatine, IL  60067

*First Class Mail*
(Counsel for SuperValu, Inc.)
Kimberly J. Myrdahl
Director of Litigation
Supervalu Inc.
P.O. Box 990
Minneapolis, MN  55440

*First Class Mail*
(Counsel for Mitsui Bussan Logistics, Inc.)
James Shenwick, Esquire
Shenwick & Associates
152 W. 57th Street
35 Floor
New York, NY  10019

*First Class Mail*
(Counsel for Mitsui Bussan Logistics, Inc.)
Thomas C. Marconi, Esquire
Losco & Marconi, P.A.
P.O. Box 1677
Wilmington, DE  19899

*First Class Mail*
(Counsel for Michael D.
Martin and Richard Adamcik)
David W. Bower, Esquire
David Bower & Associates
The Stoneleigh P Building
2926 Maple Avenue
Suite 200
Dallas, TX  75201

*First Class Mail*
(Counsel for The News Group)
Patrick H. Autry, Esquire
Plunkett & Gibson, Inc.
70 NE Loop 410
Suite 1100
San Antonio, TX  78216

*First Class Mail*
(Counsel for Dutton Mill Joint Venture, L.P.)
Ms. Carol J. Hannan, Property Manager
Westglen Developments, Inc.
9 Old Lincoln Highway
Suite 104
Malvern, PA  19355

*First Class Mail*
(Counsel for Coca-Cola Enterprises, Inc. and Chattem,
Inc.)
Coca-Cola Enterprises Inc.
c/o Miller & Martin LLP
Attn:  Shelley D. Rucker
832 Georgia Avenue
Suite 1000
Chattanooga, TN  37402

*First Class Mail*
(Counsel for Reser's Fine Foods, Inc.)
Scott L. Jensen, Esquire
Brownstein, Rask, Sweeney, Kerr, Grim, DeSylvia &
Hay, LLP
1200 S.W. Main Building
Portland, OR  97205

*First Class Mail*
(Counsel for Albertson's Inc.)
Daniel B. Prieto, Esquire
Jones Day
2727 N. Harwood Street
Dallas, TX 75201

*First Class Mail*
(Counsel for Fish House Foods, Inc.; Rembrandt
Corporation)
J. Scott Bovitz, Esquire
Bovitz & Spitzer
880 West First Street
Suite 502
Los Angeles, CA 90012

*First Class Mail*
)
Donald O. Loeb, Esquire
Campana, Vieh & Loeb, PLC
4422 North Civic Center Plaza
Suite 101
Scottsdale, AZ 85251

*First Class Mail*
(Counsel for Bayer Corporation)
Susan K. Olsen, Esquire
Armstrong Teasdale LLP
One Metropolitan Square
Suite 2600
St. Louis, MO 63102

*First Class Mail*
(Counsel for Official Committee of Reclamation
Creditors)
Janice L. Duban, Esquire
Piper Rudnick, LLP
203 North LaSalle Street
Suite 1900
Chicago, IL 60601

*First Class Mail*
(Counsel for Blue Bell Creameries L.P.)
Paul Kruse
1101 S. Horton
Brenham, TX 77833

*First Class Mail*
(Counsel for Odom's Tennessee Pride Sasuage, Inc.)
Linda W. Knight, Esquire
Gullett, Sanford, Robinson & Martin, PLLC
P.O. Box 198888
Nashville, TN 37219

*First Class Mail*
(Counsel for Telco Food Products, Inc.)
Roger F. Friedman, Esquire
Rutan & Tucker, LLP
611 Anton Boulevard
Fourteenth Floor
Costa Mesa, CA 92626

*First Class Mail*
)
Tyson Foods, Inc.
Steven Schaal
Legal Department
2210 West Oaklawn Drive
Springdale, AK 72762

*First Class Mail*
(Counsel for Telco Food Products, Inc.)
Michael J. Mills, Esquire
Rebecca L. Fox, Esquire
Kutak Rock LLP
1650 Farnam Street
Omaha, NE 68102

*First Class Mail*
(Counsel for L&L Food Center, Inc. and Levandowski,
LLC)
Michelyn E. Pasteur, Esquire
Foster Zack & Lowe, P.C.
P.O. Box 27337
Lansing, MI 48909

*First Class Mail*
(Counsel for XHB, Inc. f/k/a and Country Home
Bakers, Inc.)
Louis J. Testa, Esquire
Zeisler & Zeisler, P.C.
558 Clinton Avenue
Bridgeport, CT 06605

*First Class Mail*
(Counsel for The McClatchy Company and The Star Tribune)
Paul J. Pascuzzi, Esquire
Felderstein Fitzgeral Willoughby & Pascuzzi LLP
400 Capitol Mall
Suite 1450
Sacramento, CA  95814

*First Class Mail*
(Counsel for Minnesota Mining and Manufacturing Company)
Michael F. McGarth, Esquire
Ravich Meyer Kirkman McGrath & Nauman, P.A.
4545 IDS Center
80 South Eighth Street
Minneapolis, MN  55402

*First Class Mail*
(Counsel for Tony Shepherd Enterprises)
Craig A. Stokes, Esquire
Rojas Santos Stokes & Garcia, LLP
3330 Oakwell Ct.
Suite 225
San Antonio, TX  78218

*First Class Mail*
(Counsel for The Schwan Food Company, Schwan's Consumer Brands North America, Inc., Edwards Fine Foods, Inc. and Famous Products, Inc.)
Monica L. Clark, Esquire
Dorsey & Whitney LLP
50 South Sixth Street
Suite 1500
Minneapolis, MN  55402

*First Class Mail*
(Counsel for The J.M. Smucker Company)
Patrick J. Keating, Esquire
Buckingham, Doolittle & Burroughs, LLP
50 S Main St
P.O. Box 1500
Akron, OH  44309

*First Class Mail*
(Counsel for HP Hood Inc.)
Ronald G. Neiwirth, Esquire
Fowler White Burnett P.A.
Bank of America Tower
17th Floor
100 Southeast Second Street
Miami, FL  33131

*First Class Mail*
(Counsel for Ferrero USA, Inc.)
Jane M. Coviello, Esquire
Dunn Lambert, LLC
The Atrium East 80 Route 4
Paramus, NJ  07652

*First Class Mail*
(Counsel for Royal Foods, Inc.)
T. Chris Stewart, Esquire
Dunkley, Bennett, Christensen & Madigan, P.A.
701 Fourth Avenue South
Suite 700
Minneapolis, MN  55415

*First Class Mail*
(Counsel for Rhodes International, Inc.)
Steven T. Waterman, Esquire
Ray Quinney & Nebeker P.C.
36 South State Street
Suite 1400
Salt Lake City, UT  8411

*First Class Mail*
(Counsel for RJ Reynolds.)
William B. Sullivan, Esquire
Womble, Carlisle, Sandridge & Rice
One West Fourth Street
Winston Salem, NC  27101

*First Class Mail*
(Counsel for The Dial Corporation)
Peter Rathwell, Esquire
Snell & Wilmer LLP
One Arizona Center
Phoenix, AZ  85004

*First Class Mail*
(Counsel for Re Gen Capital)
Holly Rogers
Re Gen Capital
2109 Broadway
Suite 206
New York, NY  10023

**First Class Mail**
(Counsel for Sperling Massillon, LLC; SBW Massillon,
LLC; WMS Massillon, LLC; WC Massillon, LLC; and
NSHE Sossaman, LLC)
Jeffrey E. Bjork, Esquire
Sidley Austin Brown & Wood, LLC
555 W. 5th Street
Suite 4000
Los Angeles, CA 90013

**First Class Mail**
(Counsel for Joseph Campione, Inc. and Sargento
Foods, Inc.)
Joshua A. Blakely, Esquire
Reinhart Boerner Van Deuren S.C.
1000 North Water Street
P.O. Box 2965
Milwaukee, WI 53201

**First Class Mail**
(Counsel for Penn Crossing Limited Partnership)
Amy Pritchard Williams, Esquire
Kennedy Covington Lobdell & Hickman, LLP
214 North Tryon Street
47th Floor
Charlotte, NC 28202

**First Class Mail**
(Counsel for Rebnec Nine, Inc.)
Bradley R. Duncan, Esquire
Kimberly L. Nelson, Esquire
Hunton & Williams
1751 Pinnacle Dr.
Suite 1700
McLean, VA 22102

**First Class Mail**
(Counsel for Rothmans, Venson & Hedges,
Inc./Fleming Companies, Inc.)
Jesse N. Silverman, Esquire
Hunton & Williams LLP
Riverfront Plaza
East Tower, 951 East Byrd St
Richmond, VA 23219

**First Class Mail**
(Counsel for AFD (MN) LLC and Grocery (OK) QRS
15-5, Inc.)
Alan J. Lipkin, Esquire
Robin Spigel, Esquire
Willkie Farr & Gallagher
787 Seventh Avenue
New York, NY 10019

**First Class Mail**
(Counsel for John H.O. La Gatta)
John H. O. La Gatta
50 West Liberty Street
Suite 1080
Reno, NV 89501

**First Class Mail**
(Counsel for McKesson Corporation)
Julia Frost-Davies, Esquire
Eleanor Gilbane, Esquire
Alexis Freeman, Esquire
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110

**First Class Mail**
(Counsel for Pima County, AZ)
Ruthane Miller
Pima County Attorney Civil Division
32 North Stone
Suite 2100
Tucson, AZ 85701

**First Class Mail**
(Counsel for Caldwell Enterprises, Inc.)
Kathy Popoff, Esquire
Law Office of Kathy Popoff
50-B Peninsula Center Dr.
#301
Rolling Hills Estates, CA 90274

**First Class Mail**
(Counsel for Pacific Coast Producers)
Joon Kim, Esquire
Best Best & Krieger LLP
3500 Porsche Way
Suite 200
Ontario, CA 91764

***First Class Mail***
(Counsel for Ramco-Gershenson Properties, L.P.)
Paul S. Magy, Esquire
Terrance A. Hiller, Jr., Esquire
Kupelian Ormond & Magy, P.C.
25800 Northwestern Highway
Suite 950
Southfield, MI 48075

***First Class Mail***
)
Ramco-Gershenson Properties, L.P.
31500 Northwestern Hwy.
Suite 300
Farmington Hills, MI 48334

***First Class Mail***
(Counsel for Something More, LLC and Kimball's
Super Foods)
Robert Lapowsky, Esquire
Stevens & Lee, P.C.
1818 Market St
29th Floor
Philadelphia, PA 19103

***First Class Mail***
(Counsel for AEP Industries, Inc.)
William E. Hammond, Esquire
Warshaw Burstein Cohen Schlesinger & Kuh, LLP
555 Fifth Avenue
New York, NY 10017

***First Class Mail***
(Counsel for Colgate-Palmolive)
Michael G. Insalaco, Esquire
Zeichner Ellman & Krause LLP
575 Lexington Avenue
New York, NY 10022

***First Class Mail***
(Counsel for B. Rosen & Sons, Inc., Mistui Foods, Inc.
and Bush Brothers & Co.)
Kevin J. Nash, Esquire
Finkel Goldstein Berzow Rosenbloom & Nash, LLP
26 Broadway
Suite 711
New York, NY 10004

***First Class Mail***
(Counsel for Perrigo)
Alan Bennett, Esquire
Law, Weathers & Richardson, PC
800 Bridgewater Place
333 Bridge Street, NW
Grand Rapids, MI 49504

***First Class Mail***
(Counsel for World Confectioners, Inc.)
Brendan Marx, Esquire
Eaton & Van Winkle LLP
3 Park Avenue
16th Floor
New York, NY 10016

***First Class Mail***
(Counsel for South Win Ltd.)
South Win Ltd.
P.O. Box 20461
Greensboro, NC 27420

***First Class Mail***
(Counsel for Doane Pet Care Company)
Roger G. Jones, Esquire
Austin L. McMullen, Esquire
Boult, Cummings, Conners & Berry
1600 Division Street
Suite 700
P.O. Box 340025
Nashville, TN 37203-0025

***First Class Mail***
)
Greg Milner
GSM Industries
9563 Barletta Winds Point
Delray Beach, FL 33446

***First Class Mail***
)
SPCP Group, LLC
Attention: Brian Jarmain
2 Greenwich Plaza
Greenwich, CT 06830

***First Class Mail***
)
Thomas L. Sansonetti, Esquire
Henry S. Friedman, Esquire
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C.  20044

***First Class Mail***
(Counsel for Fleming Companies)
Internation Modern Invetment, Inc.
d/b/a Liberty International Wholesale
21535 Hoover Road
Warren, MI  48089

***First Class Mail***
(Counsel for Pepsi Bottling Group, Inc., Pharmative
LLC and Knight-Ridder, Inc.)
Joseph D. Frank, Esquire
Micah R. Krohn, Esquire
Frank/Gecker LLP
325 North LaSalle Street
Suite 625
Chicago, IL  60610

***First Class Mail***
(Counsel for Aon Consulting)
Brian W. Bisignani, Esquire
Duane Morris LLP
305 Front Street
Harrisburg, PA  17108

***First Class Mail***
(Counsel for Mary Ann Seigler)
Mark Stawicki, Esquire
Stawicki & Maples
3353 Bradshaw Road
Suite 115
Sacramento, CA  95827

***First Class Mail***
)
Secretary of Treasury
P.O. Box 7040
Dover, DE  19903

***First Class Mail***
)
Secretary of State
Division of Corporations
Franchise Tax
P.O. Box 7040
Dover, DE  19903

***First Class Mail***
(Counsel for C&D Technologies, Inc.)
Rhonda L. Thomas, Esquire
Klett Rooney Lieber & Schorling
Two Logan Square
12th Floor
Philadelphia, PA  19103

***First Class Mail***
(Counsel for Ventura Foods, LLC)
Craig A. Barbarosh, Esquire
Nadine J. Youssef, Esquire
Pillsbury Winthrop Shaw Pittman LLP
650 Town Center Drive
7th Floor
Costa Mesa, CA  92626

***First Class Mail***
(Counsel for ACE American Insurance Company)
Paul B. Bech, Esquire
Bazelon Less & Feldman, P.C.
1515 Market Street
Suite 700
Philadelphia, PA  19102

***Via Overnight Mail***
(Creditor)
Carter Perrott
3163 Hickory Court
Hanford, CA 93230