| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 03-10945 (MFW) |
| Fleming Companies, Inc., et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objections Due: September 20, 2005** |
| | ) | **Hearing Date: September 27, 2005 at 10:30 a.m. ET** |
| | ) | |
| | ) | |

FILED
SEP 20  AM 10: 23
CLERK
DISTRICT OF DELAWARE

## WRITTEN RESPONSE TO PCT'S MOTION TO WITHDRAW THE REFERENCE WITH RESPECT TO ITS OBJECTION TO CLAIM 914 FILED BY CARTER PERROTT

FROM: Perrott, Carter  (Claimant)
       3163 Hickory Court
       HANFORD, CA  93230

TO:    Clerk of the Bankruptcy Court
       824 N. Market Street
       Wilmington, DE 19801

Cc:    Office of the U.S. Trustee
       844 King Street, Room 2313
       Wilmington, DE 19899
       Attn: Joseph McMahon

Cc:    Kirkland & Ellis LLP
       777 South Figueroa Street
       Los Angeles, CA 90017-5800
       Attn: Erin Brady
         -and-
       Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C.
       Laura Davis Jones
       Scotta E. McFarland
       919 North Market Street, 17th floor
       P.O. Box 8705
       Wilmington, DE 19899-8705 (Courier 19801)

This letter formally contests the PCT'S MOTION TO WITHDRAW THE REFERENCE WITH RESPECT TO ITS OBJECTION TO CLAIM 914 FILED BY CARTER PERROTT

For the pleasure of the court and the Honorable Mary F. Walrath, the Claimant will refrain from restating all the facts that have already been presented.  Instead, the Claimant will provide a brief summation of how and when the injury occurred and rebut the false statements contained in the PCT's Motion/Objection.

It is an undeniable fact that the Claimants injury incurred on 11/30/2002, when Mr. Perrott slipped and fell in the Food-4-Less Store in Hanford, CA. Store surveillance cameras will show the incident. In addition, Mr. Charles Perez, Store Manager, called the police and fire departments after the fall occurred. The police report, Mr. Perez, and Mr. Clinton Smith, Chief EMT, noted an unknown substance on the waxed floor that had skid marks where Mr. Perrott slipped and injured himself. The skid marks were measured at between 20 and 24-inches. Mr. Smith, in fact, asked Mr. Perez about the substance.

The Debtor's, Greg Moore, and their attorney's would like to have the court believe that Mr. Perrott had a pre-existent injury; however, Mr. Perrott was a frequent customer of the Food-4-Less Store in Hanford, CA and had been seen walking without obstruction or assistance from any person or apparatus for over two years by Food-4-Less staff. Video surveillance and Food-4-Less employees, including Mr. Perez, are able to verify this fact. In addition, Mr. Clinton Smith, Chief EMT, was acquainted with Mr. Perrott prior to the date the injury occurred and can testify that Mr. Perrott walked without obstruction.

The facts clearly prove that the injury occurred at Food-4-Less and is legitimate.

In regard to the PCT'S objection, the Claimant requests that the Honorable Mary F. Walrath consider the following facts as they relate to the Debtor's false allegations:

1. Mr. Perrott has at no time engaged in *"suspicious—if not outright evasive—behavior in connection with this alleged accident."*

The Debtor's state that, "Mr. Perrott refused to sign the financial responsibility and admittance paperwork when he was first treated for his injuries (Exhibit A)."

The Debtor's omit the fact that Food-4-Less Stores was the responsible party to sign the admittance paperwork which reads that the signing party bears the financial responsibility for any and all treatments. As the injury was due to negligence on the part of Food-4-Less, the Claimant informed the medical center to hold Food-4-Less responsible for the signing. Medical center staff agreed to forward the documents to Food-4-Less Stores.

The Debtor's claim that *"Mr. Perrott provided a false social security number, and refused to present a copy of his social security card."*

Mr. Perrott never provided a false social security number. In fact, the court will find attached a Patient Introduction Form from the office of Jesse P. Silva, D.C., dated 1/10/2003, that was sent to Greg Moore, ESIS Claims Adjustor, as part of the Claimants attempts to amicably work with the Debtor's and their representatives. This document clearly displays the Claimants social security number.

2. Mr. Perrott at no time *"refused to present a copy of his social security card."*

Greg Moore, ESIS, falsely alleged in a 3/19/2003 letter that Mr. Perrott refused to

"cooperate and provide the information we requested" to a National Claims Control Representative.

It is interesting that neither Mr. Moore nor the Debtor's legal counsel make mention of the fact that the supposed National Claims Control Representative arrived at Mr. Perrott's home without any documentation of his affiliation with the National Claims Control. Upon being asked by Mr. Perrott to show supporting documentation (agency ID badge, et al) to identify himself, the alleged representative stated that he had none.

Mr. Perrott attempted to call Greg Moore to verify that the person was in fact a legitimate employee of National Claims Control. Mr. Moore was not available to take the Claimants call. Mr. Perrott allowed the representative to visually view his social security card, but did not relinquish a copy. The alleged representative told Mr. Perrott that he would speak to Mr. Moore and arrange another visit and bring proper identification. The alleged representative never returned to Mr. Perrott's home.

If it pleases the court, the Claimant would request that the court ask Mr. Moore why this critical information was purposefully omitted in the information submitted to the court and why this alleged representative would appear at Mr. Perrott's home without identification linking him with National Claims Control.

3. It has been established that Mr. Perrott had no prior physical injury that caused difficulty in walking, despite allegations by the Debtor's attorney(s) and Mr. Moore.

Mr. Perrott has been inappropriately characterized by the Debtor's and their representatives as having "dodged the insurer's attempts to verify his representation" of having no prior medical diagnosis of his right knee.

Mr. Perrott has demonstrated that his injury occurred on 11/20/2002, and has provided a statement from his physician reiterating this fact. It is unrealistic and unethical to ask the Claimant to provide a medical diagnosis that he had no need of in the past. Surely, the Debtor's and their representatives are aware that no person seeks medical treatment for an injury that they do not yet have. In the same way, Mr. Perrott had no prior reason to seek medical attention for his right knee. Unfortunately, the Debtor's and their representatives are trying to sway the opinion of the court with such malicious tactics.

4. The court will notice a pattern of falsifications and distortions of fact on the part of the Debtor's and their representatives.

Examples include:

- *Questioning the date of Dr. Lancy Allyn's letter substantiating Mr. Perrott's injuries.*

    In response, the Claimant respectfully asks the court to consider the content of Dr. Allyn's letter which clearly shows that this letter is not speaking to a prior injury as the Debtor's and their representatives, particularly Mr. Moore, would like to

deceive the court into believing. For example, in the body of the letter, Dr. Allyn discusses having examined Mr. Perrott on 1/28/03. Dr. Allyn further mentions in the body of the letter that the injury occurred on 11/30/02.

Dr. Allyn is a well respected, Board Certified Orthopedic Surgeon. He offered Mr. Moore a professional assessment of the injuries sustained by Mr. Perrott as a result of negligence on the part of the Debtor's and went so far as to invite Mr. Moore to contact him for further assistance.

It is not surprising, given their refusal to negotiate honestly or in good faith with the Claimant, that Mr. Moore nor the Debtor's attorney(s) have contacted Dr. Allyn nor taken his professional diagnosis as factual.

Dr. Allyn stated in his diagnosis that Mr. Perrott suffered a fracture of the right patella, fracture of the proximal fibula, fracture of the tibial plateau, fracture of superior pubic ramus, hypertension (unable to extend the knee against gravity), and injury to the anterior aspect of the right knee.

The court is aware that x-rays show bone. Dr. Allyn diagnosed that the injuries were due to the fall at Food-4-Less. Dr. Allyn further mentions hypertension that would not show on an x-ray. To reiterate, Dr. Allyn's assessment of the injuries relating to the 11/30/2002 incident and the fact that Mr. Perrott had no knee difficulties that obstructed movement prior to this event provide indisputable evidence that Mr. Perrott's claim is legitimate.

- *Allegations that Mr. Perrott has "not provided any evidence to establish that he even had an accident in the Food-4-Less store.*

The evidence provided by Mr. Perrott clearly shows that he has more than established that the accident occurred at the Food-4-Less store on 11/30/2002. The police report, EMT report, statement by the store manager, surveillance cameras, and subsequent medical reports provide irrefutable evidence that the accident occurred in the Food-4-Less. It is disturbing, yet characteristic, of the Debtor's and their attorneys that they are taking such a fraudulent approach and making such statements to the court.

Additionally, the court is asked to consider the initial response of Mr. Moore after the injury. Prior to the current OBJECTION TO CLAIM 914, Mr. Moore at no time denied or questioned that the store was responsible for Mr. Perrott's slip and fall in the Food-4-Less Store.

It is clear that Mr. Moore launched a personal investigation into Mr. Perrott's claim as soon as it was filed; however, the court must consider that had there been no injury, as is now being alleged, why is this the first time that these allegations are being made? The court should also consider why the Debtor's are now claiming that no skid marks or substances were found on the floor?

Surely, Mr. Moore, in his vigor to distort facts at any cost, would have made these claims before going through a lengthy investigation had they been true claims.

- ***Allegations that the x-rays show that the injury occurred prior to 11/30/2002.***

If the court will notice that, once again, the Debtor's representatives are attempting to deceive the court with documents that are falsified and or distortions.
Specifically, the court should consider that the Radiology Report that Greg Moore proudly states he personally sought out and found is a suspicious document at best.  Calls to Adventist Health Hanford Community Medical Center confirmed that Dr. Michael Grossman is unknown to the Radiology Department.  The only Radiologist working at the hospital at the time of the injury was Dr. Wheeler.

In fact, the court will find in the attached documents that the physicians belonging to the Hanford Radiology Medical Group are as follows: Don Wheeler, Melvyn Okeon, Kendall Wong, and Jerry Rosen.

The court will further notice that the radiology report mentioned in the Debtor's objection, found by Mr. Moore, was dictated by Dr. Grossman on 12/05/2002. The injury and the original x-ray occurred on 11/30/2002.  Mr. Moore has not provided any proof that the alleged x-ray (read by a physician—Dr. Grossman—who is unknown to the hospital) even belongs to Mr. Perrott.  The radiology report dictated by Dr. Grossman, *after the original report was lost*, could belong to anyone.  There is absolutely no evidence that the radiology report in question is based on a reading of Mr. Perrott's x-ray.

- ***The Debtor's allege that Mr. Perrott refused to cooperate in having his medical provider complete a "Consent to Develop Medical Information" form.***

It should be noted that the Debtor's and their representatives fail to mention that no medical provider would honor the consent form unless the Claimant signed documents that he would be solely responsible for all financial obligations relating to any examinations.

- ***The Debtor's discuss the amount of Mr. Perrott's claim and imply that it is unreasonable or exorbitant.***

The Claimant respectfully reminds the court that Del L. Toledo, Attorney at Law, after consulting with Mr. Perrott—and having Mr. Perrott seen by a doctor—filed a lawsuit in the amount of $1,000,000.00 (one million dollars).  Mr. Perrott, did not retain Mr. Toledo, and is seeking a fair and reasonable settlement from the Debtor's.  If Mr. Perrott were the person the Debtor's and their representatives are trying to portray to the court, he would have retained Mr. Toledo and sought the amount Mr. Toledo was advocating.

*mediation and has a "sudden disinterest" in his claim.*

Mr. Perrott has diligently sought to settle this claim with the Debtor's. Unfortunately, due to unscrupulous activities on the part of the Debtor's and their representatives—as has been illustrated—Mr. Perrott has no reason to place his trust in the Debtor's to deal fairly and honestly in mediation.

Mr. Perrott is very interested in having this claim settled. The Debtor's and their representatives have yet to make a fair settlement offer, and have refused to speak to the Claimant on several occasions when he has attempted to reach them, despite their statement to the court of having made a "generous settlement offer in a final attempt to avoid litigating this matter." ON AUGUST 22, 2005 I REIEVED A tele Phone CAll Offer Of TE NOY

Mr. Perrott looks forward to the court bringing this dispute to a favorable Fifteen conclusion on September 27, 2005. THOUSAND DOllAYS MAXIUM

Mr. Perrott's petition, personal injury claim does indeed qualify for priority treatment. **28 U.S.C 157 (b)(2)(B)** clearly states that "the Court will not consider any substantive Objection to personal injury or wrongful death claims." By law, Claim number 914 must be considered immediately by the Court and settled prior to bankruptcy.

Mr. Perrott's claim should be upheld without reclassification by the court.

Any reply, or response, to this objection that the Debtors have must be served to:

> Mr. Carter Perrott
> 3163 Hickory Court
> Hanford, CA 93230
> (559) 580-1974

Mr. Perrott possesses the ultimate authority to reconcile, settle, or otherwise resolve any response from the Debtor.

The Claimant respectfully submits this documentation to the Honorable Mary F. Walrath, and the Court, as a formal contesting of the PCT's MOTION TO WITHDRAW THE REFERENCE WITH RESPECT TO ITS OBJECTION TO CLAIM 914 FILED BY CARTER PERROTT.

Attachments are enclosed.

EXHIBITS

DOS:    11/30/2002
EMS #:  200211300193
NON-STAT Trauma

**FRESNO / KINGS / MADERA**
**EMERGENCY SERVICES**

Page 2 of 2

Patient No: 1 of  1

## TREATMENT

17:41 : **OTHER :** * - *ICE PACK, * - *, * - *, * - *, By - Smith, Clinton E

## RESPONSE INFORMATION

| | | | |
|---|---|---|---|
| **Location:** | 1850 W Lacev Blvd | **Documented by:** | Smith, Clinton E |
| **Unit:** | A622 | **Priority:** 3 | **Delay Reason:** |
| | | **Call Recvd:** 17:26 | |
| **Paramedic:** | Smith, Clinton E | **Unit Alert:** 17:27 | |
| **EMT:** | Carr, Edward L | **Enroute:** 17:29 | Failed to go enroute |
| **Evaluator:** | Syme, Gary A | **On Scene:** 17:33 | |
| | | **Pt. Contact:** 17:35 | |
| **Transport:** | A622 | **Depart:** 17:44 | |
| **# of Patients:** | 1 | **Transport Priority:** 3 | |
| **Crew Exposure?:** | No | **Arrive:** 17:49 | |

## OTHER AGENCIES

**Agency:**   Hanford Fire, Unit S11
          Hanford PD, Unit BT

**Outcome:**   AA 2nd, Other Agency CX
           Law Enforcement

## CREW SIGNATURES

**Paramedic**
A630

✗ _[signature]_

**Smith, Clinton E**

**EMT**
B4859

✗ _[signature]_

**Carr, Edward L**

**Evaluator**
KA052

✗ _[signature]_

**Syme, Gary A**

## SIGNATURES

**Accept Transport and/or Treatment**                              **11/30/02  5:56:53PM**

I accept and authorize that Medicare and/or insurance benefits be made on my behalf to the ambulance company for services furnished to me by this ambulance company.  I authorize any holder of medical information about me to release to the health care financing administration and its agents any information needed to determine these benefits.

In Medicare assigned cases, this ambulance company agrees to accept the charge determination of the Medicare carrier as the full charge and the patient is only responsible for the deductible, coinsurance, and non-covered services.

I have been notified that Medicare, Medi-Cal and private insurance may deny payment for ambulance services if they are not determined as "reasonable and necessary."  If Medicare or my private insurance denies payment, I agree to be personally and fully responsible for payment, and to make such payment when billed.

## *PATIENT UNABLE TO SIGN*

Comments:    **Other: Unable to Sign**

**Transfer Section**                                        **11/30/02  5:57:14PM**

THIS PATIENT IS RECEIVED BY care provider, family, RN/MD.

✗ _[signature]_

CARTER, PERROTT                    EMS  **E**
M 068Y 7/22/1934        ADM 2175 SMITH, RONALD
Acct: 53341673          ATT 2175 SMITH, RONALD
MR.# 243-234            REF 2140 LEONI, MICHEAL
                                            0000
                        ADMIT: 11/30/2002
HANFORD COMMUNITY MEDICAL CENTER

2

Adventist Health

# HANFORD COMMUNITY MEDICAL CENTER
450 Greenfield Avenue, P.O. Box 1304, Hanford, CA 93232-1304, (559) 585-7215

## CONDITIONS OF REGISTRATION AND FINANCIAL AGREEMENT

1. **MEDICAL AND SURGICAL CONSENT:** The patient is under the care and supervision of his/her attending physician and it is the responsibility of the hospital and its nursing staff to carry out the instructions of such physician; the undersigned recognizes that all physicians and surgeons furnishing services to the patient, including the radiologist, pathologist, anesthesiologist, anesthetist and the like, are independent contractors and are not employees or agents of the hospital. The undersigned consents to X-ray examination; laboratory procedures; anesthesia, medical or surgical treatment, emergency and non-emergency outpatient treatment and hospital services rendered the patient under the general and special instructions of the physician. Photographing or videotaping medical or surgical process and the use of same for scientific, educational or research purposes is approved. The taking of photographs of my newborn child(ren) for possible purchase by me is approved. In order to facilitate registration with the hospital for future outpatient diagnostic testing, the undersigned makes effective until revoked the acceptance of all of these Conditions of Registration and Financial Agreement, for the purposes of such testing. The undersigned further agree that if patient decides to leave the hospital without the written consent of the attending physician, neither said physician nor the hospital shall be liable for any consequence of such decision.

2. **NURSING CARE:** Only general duty nurse care is provided, unless the patient's physician orders otherwise. If a special duty nurse is desired by the patient or patient's representative, the patient or representative is responsible for retaining such nurse.

3. **RELEASE OF INFORMATION:** Upon inquiry, the hospital may make available to the public certain basic information about the patient, including name, address, age, sex, general description of the reason for treatment (whether an injury, burn, poisoning or other condition), and general condition. If the patient or the patient's legal representative does not want such information to be released, he/she must make a written request for such information to be withheld. The patient or the patient's legal representative may obtain a separate form for this purpose upon request. The hospital will obtain the patient's consent and his/her written authorization to release information, other than basic information, concerning the patient, except in those circumstances when the hospital is permitted or required by law to release information. The undersigned agrees that, to the extent necessary to determine liability for payment and to obtain reimbursement, the hospital may disclose portions of the patient's record, including his/her medical records, to any person or corporation which is or may be liable, for all or any portion of the hospital's charges, including but not limited to insurance companies, health care service plans, or workers' compensation carriers. Special permission is needed to release this information if the patient is treated for alcohol or drug abuse.

4. **PERSONAL VALUABLES:** In keeping with the law, the hospital shall not be liable for loss or damage to small personal items of unusual value, unless such items are placed in the hospital safe. Hospital liability for any personal property deposited with the hospital for safekeeping is limited to $500.00 unless the patient obtains a receipt from the hospital for a greater amount.

5. **TEACHING PROGRAM:** To the extent that the hospital conducts teaching programs to which the patient's condition or treatment is pertinent, students shall be permitted to participate in the care of the patient unless the hospital is notified to the contrary in writing. *(6) REASON for refusal to sign. I told Medical Center to hold food 4 less Responsible*

6. **FINANCIAL AGREEMENT:** The signor agrees, whether he/she signs as agent or as patient, that in consideration of services to be rendered to the patient he/she is individually obligated to pay the hospital promptly as bills are presented. The amount due from the patient/guarantor will be the hospital's charges, as modified by any applicable agreement between the hospital and the patient's health care insurance/benefits provider. All insurance co-payments, deductibles and non-covered charges are due from the patient/guarantor at the time of admission, and at any time thereafter upon billing by the hospital. Should the account be referred to an attorney or collection agency for collection, the undersigned shall pay actual attorney's fees and collection expenses. All delinquent accounts bear interest at the legal rate.

7. **MEDICARE ASSIGNMENT:** I certify that the information given by me in applying for payment from any third party payor, including payment under Title XVIII of the Social Security Act, is correct. I request that payment of authorized benefits be made in my behalf, and I hereby authorize the Social Security Administration Office of the Department of Health and Human Services to release information regarding my eligibility for coverage under Medicare Part A and Part B, including but not limited to the effective date of such coverage. I also authorize the hospital and my physician(s) to release to the Social Security Administration or its intermediaries or carriers any information needed for this or a related Medicare claim.

8. **ASSIGNMENT OF INSURANCE BENEFITS:** The signor authorizes, whether he/she signs as agent or patient, direct payment to the hospital and to the physician(s) of any health care benefits otherwise payable to the undersigned or the patient for this hospitalization. It is agreed that payment to the hospital and physician(s), pursuant to this authorization, by a third party payer shall discharge said payor of any and all obligations under a policy to the extent of such payment. It is understood by the signor that he/she is financially responsible for all charges not covered by the patient's health care insurance/benefits provider.

The signor certifies that he/she has read the foregoing, receiving a copy thereof, and is the patient, or is duly authorized by the patient's general agent to execute the above and accept its terms.

PATIENT / AGENT SIGNATURE *Pt. Refused to sign* *K.M.* DATE 11/30/02

| Admit Date | Admit Time | Patient Name | Medical Record # | Patient's Account # |
|---|---|---|---|---|
| 11/30/2002 | 17:56 | CARTER, PERROTT | 243-234 | 53341673 |

| Initial Assessment | | | | Glascow Coma Scale | | |
|---|---|---|---|---|---|---|

| √ = WNL / Negative Findings on Initial Assessment | | | | **Eye Opening:** | **PT Best Motor:** | **Verbal Response:** |
|---|---|---|---|---|---|---|
| ∗ = Positive Findings | | | | | Obeys commands | |
| Date | 11/30/02 | Time | 1800 Initials | Spontaneously | Localizes pain | Oriented & Converse (Coo, Babbla) |
| GCS | 15 | Best Eye  Best Motor  Best Verbal | | To Speech | Withdraws from pain | Disoriented & Converse (Irrable Cries) |
| | | | | To Pain | Abnormal flexion to pain | Inappropriate Words (Cles to pain) |
| PERL | ✓ | | | None | Abnormal extension to pain | Incomprehensible Sounds (Moans to pain) |
| CARDIAC | ✓ | | | | None | None |

| | | TIME | Medication / Dose / Route / Site / Initials |
|---|---|---|---|
| SKIN /Circ | ✓ | 1800 | Toradol 60 Mg IM — PD |
| RESP. | ✓ | 1800 | Vicodin c Phnt 50 Sec — PD |
| ABD | ✓ | | |
| G.I. | ✓ | | |
| G.U. | ✓ | | |
| Pyscho / Soc | ✓ | | |
| Abrasion | A | | |
| Burns | B | | |
| Deformity | D | | |
| Ecchymosis | E | | |
| Foreign Body | FB | DT 0.500 IM    Lot#    Exp: |
| Hematoma | H | TIME    IV Therapy: Start: #    g. #Attps    Initials |
| Laceration | L | Solutions / #cc /  ☐ Lock  ☐ Site____    Total Infused |
| Swelling | S | |
| Rash | R | |
| IV / EMS | IVS | |
| | Time | In Place on Arrival: ☐ Monitor, ☐ 02 ☐ C-collar ☐ Splint ☐ Back Board |

Ⓡ Knee Injury

| Bloods Drawn | | I & O Record | IV | CC | NG | CC | I & O Summary |
|---|---|---|---|---|---|---|---|
| Xray Done | | | Blood | CC | CT | CC | Total In    CC |
| EKG Done | | | | | Urine | CC | Total Out    CC |

Data = Subjective / Objective   Action = Interventions   Response = Response of patient to Intervention   Teaching = Patient / Family / Friend / Caretaker

| Supine BP N/A ☐ | | | | | | Sitting BP N/A ☐ | | | Standing BP N/A ☐ | | |

| Time | KEY | T | P | R | BP | SaO2 | PAIN (1-10) | Time | Key |
|---|---|---|---|---|---|---|---|---|---|
| 1800 | D | pt in by amb for eval of knee injury | | | | | | | |
| | | at jail. x-ray ordered. pt A/O x 4 | | | | | | | |
| 1820 | A | VSS. Immobilized to Ⓡ knee applied — PD. | | | | | | | |
| 1915 | A | 69 (2/10) Ⓡ ptz tlc from Bc noted. Verbalized feeling | | | | | | | |
| | A | Little better — pt. provided c a pair crutches. d/c | | | | | | | |
| | | w/o c (1/10) — PD | | | | | | | |

| Signature / Title | | Initials | | Signature / Title | | Initials |
|---|---|---|---|---|---|---|
| | | | | [signature] PD | | PD |

**Adventist Health**
Central California

ER8252-01
EMERGENCY DEPARTMENT
RECORD (ED PDBI)
Page 1 of 2

Patient Identification
CARTER, PERROTT
M 068Y 7/22/1934    ADM 2175 SMITH, RONALD    EMS
Acct: 83341673    ATT 2175 SMITH, RONALD
MR # 243-234    REF 2140 LEONI, MICHEAL
                    0000
ADMIT: 11/30/2002
HANFORD COMMUNITY MEDICAL CENTER

Form No. 85-80000 (Rev 9/02)

# MEDICAL SCREENING EXAM

| ROOM# | DATE | TIME OF ARRIVAL | TIME OF MSE | MODE OF ARRIVAL ☐ SELF ☐ PARENT | ☐ WALKED ☐ W/C ☐ CARRIED ☐ AMB ☐ OTHER# |
|---|---|---|---|---|---|

| NAME-LAST | FIRST | INFORMANT ☐ Self ☐ Parent ☐ Other: | WT __ kg __ lb | HT | PT. REQUEST: ☐ ERMD ☐ PMD ☐ SPECIALIST NAME(S): |

| AGE 68 | ACUITY I II III | SMOKE Y N | PREG Y N | LMP | LAST TET | ATE LAST | CURRENT IMMUNI. Y N | HEAD CIRCUMF. | PMD CALLED: N Y , WHO: |

| V.S. TIME | TEMP T O R | PULSE | RESP. | BP | INI. |
|---|---|---|---|---|---|

TIME SEEN BY M.D.: 1800 Slipped & fell at the store,
landed on (R) knee and fell on (R) side
was unable to get up 2° pain

**CC:**

**PMH:**

**MEDS:**

FAM. HX:

SOC.: NKA

R.O.S.:

**ALLERGIES:**

**P.E.:** NAD  heche OK

HEAD:
NECK:
EYES:     ⎫
EARS:     ⎬ WNL
NOSE:     ⎭
THROAT:

LUNGS: mild (L) side wheezes
CARDIO: RSR
CHEST:
BREAST:
ABD:
G.U.: (R) knee - LROM 2° pain
EXT.:          (R) swelling
NEURO:
SKIN: Patella - (R) tender

X-ray (R) DJD, Possible Superior
Osteophytic Fx

**NOTIFIED:**     POLICE    CPS    ANIM. CT    MENT. H.    REL.
NAME:                    TIME:

**SIGNATURE:**                    **DISPOSITION:**

**ORDERS**

**IV:**

**MEDS:** _____ /dr  5cc IM

**OTHER:**

**PELVIC:**

**PANELS:**

**BLOOD:**

**URINE:**

**X-RAY:** ☐ R. FOOT ☐ R. ANKLE ☐ R. KNEE ☐ L. HIP
☐ R/LRSV

ER COURSE:        CRITICAL CARE?    MIN.

CONSULTATION:            TIME:

CLINICAL IMPRESSION: S/P Fall (R) Knee Contusion
2) DJD (R) knee
3) Possible Internal Derangement (R) knee

IMPRESSION TYPED:

CONDITION ON DISCHARGE: ☐ IMPROVED ☑ UNCHANGED ☐ WORSENED ☐ DOA ☐ DIE

DISPOSITION: ☐ OBSERVATION ☐ ADMIT-DR.

TRANSFER TO:        ACCEPTING M.D.:

**REPORT DICTATED:** ☐        **REPORT WRITTEN:** ☐
PHYSICIAN SIG.: _____
PHYSICIAN SIG. TYPED:
        DATE: 30 Nov 02

ADDRESSOGRAPH:

CARTER, PERROTT
M 068Y 7/22/1934        EMS E
Acct: 53341673      ADM 2175 SMITH, RONALD
MR # 243-234        ATT 2175 SMITH, RONALD
                    REF 2140 LEONI, MICHEAL
                                    0000

**Adventist Health**        **Hanford Community Medical Center**
450 Greenfield Avenue   P.O. Box 240   Hanford, California 93232   (559) 583-9000
PHYSICIANS PLAN OF CARE

**DATE/ARRIVAL TO DEPT:** 11/30/02  **TIME:** 1758

**NAME LAST:** Perrott  **FIRST:** Carter  ☑M ☐F  **AGE:** 68  **RM #:** HB1

**CC/REASON FOR ADMISSION:**
groundlevel fall Ø LOC. Injury to ® knee c/o of pain

**ARRIVED FROM:** HOME ☐  MD ☐  SNF ☐  OTHER: Store

**MODE OF ARRIVAL:** WALK ☐  W/C ☐  GURNEY ☐  CARRIED ☐  AMBULANCE ☑  **WITH:** SELF ☐  FAMILY ☐  FRIEND ☐  CPS ☐  LAW ☐

**BP:** 150/94  RT ☐  **TEMP:** T 98.8 O ☐ R ☐  **Pulse:** 84  **Resp:** 18  **SpO2:** 97%  **N/A** ☐  **Rm Air** ☑  **L/MIN:**

**HT:**  **Head Circ:** N/A ☒  **Last Tetanus:** Unknown ☐  **Immun Status:** Current ☐ Unknown ☐  **LMP:** N/A ☒  **Pregnant:** N/A ☐ No ☐ ? ☐ Yes ☒ # G___ P___  **EDC:**  **PNC:** YES ☐ NO ☐  **Visual Acuity:** OD:  OU: OS: N/A ☒
**WT(lb/Kg):** 278

**ALLERGIES:** None ☑  Dyes ☐  Rubber/Latex ☐  Tape ☐  Environmental ☐  Food ☐  Drugs ☐  Other ☐
List: Reaction(s):

**INFORMANT:** SELF ☑  PARENT/FAMILY ☐  OTHER:  Unable to obtain - ☐ reason:  **PCP:** N/A ☒  **PCP CALL:** N/A ☐ NO ☒ YES ☐  TIME:  **PT. REQUESTS TO SEE:** PCP ☐ ERMD ☐ N/A ☐ OTHER: ☐

**LANGUAGE PREFERRED:** ENG ☑ SPAN ☐ OTHER ☐  **INTERPRETER USED:** N/A ☒ AT&T ☐ NAME:  **USE OF:** Tobacco ☐ Alcohol ☐ Street Drugs ☐ None ☒  LAST USED/AMOUNT:

| Meds/Herbs/Vits/Homeopathic Preps | Dose/Freq | Last Taken | Meds/Herbs/Vits/Homeopathic Preps | Dose/Freq | Last Taken |
|---|---|---|---|---|---|
| ☐ See attached list | | | sometimes lasix (wife) | | |
| denies | | | | | |

| Past | Current | Med Hx | | Past | Current | Med Hx |
|---|---|---|---|---|---|---|
| ☐ None | | | | ☐ | ☐ | GI Disease |
| ☐ | ☐ | Lung Problem | | ☐ | ☐ | Diabetes |
| ☐ | ☑ | Heart/Vascular | | ☐ | ☐ | Blood Disorder |
| ☐ | ☑ | High B/P | | ☐ | ☐ | Cancer |
| ☐ | ☐ | Kidney/GU Prob | | ☐ | ☐ | TB |
| ☐ | ☐ | Liver Disease | | ☐ | ☐ | Transf. Reaction |
| ☐ | ☐ | Bone/Joint Disease | | ☐ | ☐ | Mental/Emotional |
| ☐ | ☐ | CVA/Neuro Prob | | ☐ | ☐ | Skin Disorders |
| ☐ | ☐ | Seizures | | ☐ | ☐ | Congenital Abnorm. |
| ☐ | ☐ | STD's | | ☐ | ☐ | Glaucoma/Cataract |
| | | Other: | | ☐ | ☐ | Assistive Device |

**Medication:** None ☐  Did not bring ☐  Sent to: RX ☐  With Pt ☐

**Tobacco Use:** Yrs ___ Amt ___
**Alcohol Use:** Yrs ___ Amt ___ Last Used ___
**Drugs:** Yrs ___ Amt ___ Last Used ___

**SIGNS AND SYMPTOMS OF ABUSE** (see examples): No ☐  Yes ☐  If yes list #'s (see reverse): N/A

**Hosp/Surgery:** List # (see reverse) ___ N/A ☐

**PAIN**
Pain now? No ☐ Yes ☑  Where: ® knee  How Long: tonight
Pain in recent past: No ☑ Yes ☐  When:
Measures to alleviate pain:
Did measures help: No ☑ Yes ☐
Current pain level (0-10): 0 1 2 3 4 5 6 7 (8) 9 10
Pt's **risk for pain:** 0 1 2 3 4 5 6 7 8 9 10  Medical Records called for old chart?:

**IC**
Have you had a cough > 2 wks, sputum, low grade fever, night sweats, unexpected weight loss, AND fatigue OR an infectious process? N/A ☒
No ☐ Yes ☐ List# (see reverse) #  **Initiate IC Precautions:** TB  Airborne  Contact  Droplet

**ED IC**
Acuity/Signature RN for ED USE ONLY  **ACUITY:** EMERGENT ☐ URGENT ☐ NON-URGENT ☒
To Rm # HB1  Time: 1758  Signature: Serrano  Signature: Serrano RN  ☐ See PDB2

**LEARNING**
**Anticipated learning needs?** List:
**Barriers to learning:** None ☐ Age ☐ Mental Status ☐ Language Barrier ☐ Hearing/Sight ☐ Desire/Readiness ☐ Financial ☐ Acuity ☐ Religion/Culture ☐ Education Level/Reading Ability ☐
Preferred Learning Style: No pref. ☐ Doing ☐ Seeing ☐ Reading ☐ Hearing ☐ (Applies to parent if patient is an infant or preschool age child)

**REFER**
Will you have assistance at home, if needed? N/A ☐ Yes ☐ No ☐ List# (see reverse)
**Referrals or Reporting:** None ☐ Law Enforcement ☐ CPS/APS ☐ Animal Control ☐ Mental health ☐ Public Health ☐ CMR Sent ☐
Nutritional Services ☐ Rehab ☐ Social Services ☐ Physician ☐ Clergy ☐ Infect Control ☐ Home Health ☐ Coroner ☐
List reason(s) for referral:  Name, Date & Time of contact:

**NOTES**

**DISPOSITION**
Discharged: Home ☑ Board & Care ☐ SNF/ECF ☐ Physician Office ☐ Jail/Prison ☐ AMA ☐ LAMSE ☐ LBMSE ☐ DECEASED ☐
Admitted to: Surgery ☐ Unit/Room: 1450  Transferred to: ___ by: Ambulance ☐ Private Auto ☐
Belongings: List Completed: Yes ☐ No ☐ N/A ☐  Sent with Patient ☐ Family ☐ Other: ___ Valuables to Safe: Yes ☐
Rx Given: No ☐ Yes ☐  DC Instructions Given: No ☐ Yes ☐  Carseat Information Given ☐
Date/Time: 11/30  1955  Accompanied By: ___  Discharged by:

**RN to complete these items**  Boxed Responses may require referral or reporting: Refer to Abuse, IC, DC Planning Screens on reverse side

| INITIAL DATA OBTAINED: | / | SIGNATURE: |
| RN COMPLETED/REVIEWED | / | SIGNATURE: |

8252-24 Signature:

**Adventist Health**
Adventist Medical Center
**Central California**
Form No. 86-9001-8 (7/02)
© 2001 Adventist Health

**OUTPATIENT/INPATIENT EMERGENCY (PDB 1)**
Page 1 of 2

CARTER, PERROTT  EMS E
M 068Y 7/22/1934  ADM 2175 SMITH, RONALD
Acct: 53341673  ATT 2175 SMITH, RONALD
MR # 243-234  REF 2140 LEONI, MICHAEL 0000
ADMIT: 11/30/2002
HANFORD COMMUNITY MEDICAL CENTER

# AFTERCARE SHEET

**DISCHARGE INSTRUCTIONS:**

☐ SPANISH

☐ NO SUPER DOC

☐ COPIES OF LAB / PAPERWORK FOR PMD/FOLLOW-UP

☐ allergic reaction/ anaphylaxis
☐ abd. pain
☐ asthma
☐ back pain
☐ bite-human, cat, dog
☐ bite-bug/Insect
☐ bronchitis
☐ bronchiolitis
☐ burn care
☐ chest pain/cardiac

☐ colic
☐ concussion
☐ conjunctivitis-viral/allergies
☐ contusion
☐ corneal injuries
☐ croup
☐ diarrhea/gastroenteritis
☐ dyspepsia/reflux
☐ febrile seizure
☐ fever
☐ chest pain/non-cardiac

☐ fracture
☐ headache-migraine/tension
☐ head trauma/injury
☐ HTN
☐ hypoglycemia
☐ kidney stone
☐ MVA
☐ nosebleed/epistaxis
☐ nausea/vomiting

☐ otitis media/external
☐ palpitation
☐ panic attack/anxiety
☐ pharyngitis-viral / strep
☐ P.I.D.
☐ pneumonia/lower resp inf
☐ seizure/non-febrile
☐ sprain / strain
☐ suture care
☐ staple care

☐ threatened/spont. abortion
☐ toothache
☐ URI - Pediatric
☐ URI - Adult
☐ UTI/Pyelonephritis
☐ viral syndrome/influenza
☐ vomiting/diarrhea
☐ wound care

**Additional Instructions:** _use meds a directed. Cefadrine in 1-2 days for results and to get an official reading of your X-rays. Use immobilizer at all times._

☐ Acetaminophen (Tylenol, etc.)
80 mg/.8 cc drops _____ dropper every ____ hours for fever or pain
160 mg/5 cc susp. _____ ml every ____ hours for fever or pain
325 mg/500 mg tablets _____ every _____ hours for fever or pain

☐ Ibuprofen (Motrin, Advil, etc.)
100 mg/5 cc susp. _____ ml every ____ hours for fever or pain
200 mg tablet _____ every ____ hours for fever or pain

**FOLLOW UP:** ☐ SEE WORK INJURY REPORT    ☐ SEE JAIL FORM    ☐ DISCHARGE FROM FURTHER CARE

OTHER

___ Douty Clinic 584-7545
___ Lemoore Clinic 924-7711
✓ Your Doctor / Clinic
___ Back to this E.R.

___ in 2-3 d
___ if your symptoms are not better after_____ days
___ in the A.M.
___ as soon as possible
___ as scheduled

___ Dr. _____
___ An appointment has been made for you    Day_____ Time_____

**RETURN TO THE E.R., (OR YOUR DOCTOR), BEFORE YOUR SCHEDULED APPOINTMENT, IF YOU THINK YOUR SYMPTOMS ARE GETTING WORSE.**

**DISCLAIMER:**
I understand that I have been provided with emergency care only; by a physician, or trained mid-level practitioner. I further understand that it is the nature of emergency care that a specific diagnosis may not be possible based on my current signs and symptoms. I understand that these signs and symptoms may change suggesting a different diagnosis, or a worsening of my condition. With my signature, I acknowledge these limitations and I agree that I have been instructed to seek further medical care if I think my condition worsens, or changes significantly.

**DEVUÉLVA AL CUARTO DE EMERGENCIA (O SU DOCTOR) ANTES DE SU CITA, SI SUS SINTOMAS SE ESTAN EMPEORANDO.**

**DISCLAMADOR**
Entiendo que he recibido tratamiento solo de emergencia por un doctor o enfermera practicante. Tambien entiendo que con mis sintomas tal vez un diagnosis especifico no sea posible. Entiendo que estos sintomas si cambian puenden significar otro diagnosis o empeoramiento de me condicion. Con mi firma acepto estas limitaciones y estoy de acuerdo que buscare mas atencion medica si creo que estoy peor o mis sintomas cambian.

**Patient Signature** _____    **Date** 1-30-03    **Witness Signature** _____    **Date**

# PRESCRIPTION

**Medication Instructions:** TAKE ALL PRESCRIPTIONS AS PRESCRIBED. BE SURE TO READ THE INSTRUCTIONS PROVIDED BY THE PHARMACIST.
**Instrucciones De Medicamentos:** TOME TODA LA MEDICINA COMO RECETADA. ESTALLA SEGURO DE LEER LOS INSTRUCCIONES QUE LE DA LA PHARMACIA

1. Medication: _Vicodin    # 20_
   _sig. T - TT QID prn sever pain_    ☐ No Refill

2. Medication: _Motrin 800    # 20_
   _sig. tab To TID prn pain + swelling_    ☐ No Refill

3. Medication: _____    ☐ No Refill

4. Medication: _____    ☐ No Refill

☐ LABEL IN SPANISH    ☐ DO NOT DRIVE OR OPERATE HEAVY EQUIPMENT
☐ DO NOT SUBSTITUTE    ☐ WORKMANS COMPENSATIONS

_____ MD  G6160  BL3.03503 ____ M.D.

**◄Adventist Health**

☐ **Hanford Community Medical Center**
450 N. Greenfield Avenue, Hanford, CA 93230
(559) 585-5178 • Fax (559) 585-5183

☐ **Central Valley General Hospital**
1025 N. Douty St., Hanford, CA 93230
(559) 583-2250 • Fax (559) 583-2249

Addressograph

**CARTER, PERROTT**    EMS   **E**
M 068Y 7/22/1934    ADM 2175 SMITH, RONALD
Acct: S3341673    ATT 2175 SMITH, RONALD
MR # 243-234    REF 2140 LEONI, MICHEAL
0000
ADMIT: 11/30/2002
HANFORD COMMUNITY MEDICAL CENTER

*[handwritten: This is FALSE RePoRt Grossman Proudly states He WeNt out ANd fouNd HiMself]*

**Adventist Health**
*Hanford Community Medical Center*
450 Greenfield Avenue, Hanford, CA 93230
Tel: (559)585-5221 Fax: (559)585-5230

| | | | |
|---|---|---|---|
| **Patient:** | CARTER, PERROTT | **Med Rec No.:** | 243-234 |
| **Age:** | 68Y | **DOB:** | 07/22/1934 |
| **Location:** | EMS EMS | **Acct No.:** | 53341673 |
| **Exam Date:** | 11/30/2002 | **Seq No.:** | 1 |
| **Radiologist:** | Michael Grossman, M.D. *[2594] | | |

*[handwritten: I Called HospitalMG → uNKNowN to RadioLogy DepARtmeNt]*

**Referring Physician:**   Ronald A. Smith, MD       *[2175], (ADM)

*[handwritten: I WAS toLD the oNLy RADioLogy DoCtoR that WoRKeD At the HospitAl WAS DR. Wheeler See NeXt PAGe foR HANfoRD RADioLogy MeDiCAl GRouP DoCtoRs. StAff. XRAy's michael GRossmAN DiCtAteD A WeeK LAteR AfteR LosING oriGiNAl Could be ANyBoDy'S X-RAyS.]*

(CARTER, PERROTT)

**CLINICAL HISTORY:**   Trauma.

**KNEE 3V RIGHT 73562RT:**

Films are being re-dictated as the original report was apparently lost.

We do not have prior views of the knee for comparison.

Findings: There are severe degenerative changes of the joint and patellofemoral joint and some deformity of the proximal tibia probably related to an old fracture. There is cephalad displacement of the patella and a rounded ossific density inferior to the patella which may be within the infrapatellar ligament.

**IMPRESSION:** Severe degenerative changes as described, probably all secondary to old trauma. Without prior films for comparison, exclusion of an acute injury is difficult. Follow-up study may be advisable if clinically indicated.

Authentication:
*Dictated by* **Michael Grossman, M.D.** *[2594]  / *Signed by* **Kamran Koochek, M.D.** *[2557]
*S:12/06/2002 10:01:54*

D: MG, 12/05/2002 11:58:45, **SJVoice Job:** 585475 HCVoice: 451556   T: jed, 12/05/2002 17:31:01, **Text Job:** 830373
E: jed, 12/05/2002 17:31:01;
//11/30/2002  ##HCXR: RADIOLOGY REPORT

**RADIOLOGY REPORT**

Patient: CARTER, PERROTT
MR#:   243-234

Page 1 of 1

**Greg Moore**
1-800-261-2762 ext. 7525
Local #: 972-465-7525

**ESIS**

P.O. Box 154409
Irving, TX 75015

December 6, 2002

Carter Perrott
3163 Hickory Ct
Hanford, CA 93230

Re:        Incident No.  :9489-220-995810-2
           Account No.   :Fleming Companies dba Food 4 Less
           Customer      :Carter Perrott
           Date Incident :11/30/2002

Dear Carter Perrott:

Thank you for speaking with me in regards to the above-captioned matter. I have
enclosed the *"Consent to Develop Medical Information"* that will need to be completed
and signed by you, and then mailed back to us in the self-addressed postage paid
envelope that has also been enclosed.

Please be sure to include the names and addresses of any medical provider you have seen
as it relates to the injury(s) sustained at the Food4Less store on 11/30/2002. This should
also include any billing information you may have already received from these providers.
We will then be able to review the necessary medical reports and documents from your
medical providers. Please forward copies of any medical billings or reports to my
address above with the Incident No. listed above on any items you mail. Please keep the
original billings for your own reference and records.

Please give a copy of this letter and a copy of the enclosed *"Consent to Develop Medical
Information"* form to your medical provider for their records. This will give the medical
providers the information they need to send me the medical billings and medical records.

In the meantime, we would appreciate if you would keep us informed if anything changes
in your current condition. Hopefully, you will be back to normal in a short period of
time. If you have any questions, please do not hesitate to contact us.

Sincerely,        *NO MEDICAL PROVIDER WOULD HONOR
                   this consent UNLESS I SIGNED DOCUMENTS
                   that I was solely responsible for All
Greg Moore         FINANCIAL OBLIGATIONS.*
Claim Representative

Enc.

**ESIS**
P. O. Box 152035
Irving, TX 75015

Phone #800-261-2762, Ext. #7525                    File handled by: Greg Moore
Local #972-465-7525                               Routing #7035   P&C

*To:*

_____                *Patient's Name: Carter Perrott*
_____                *Incident Date  : 11/30/2002*
_____                *Our File #     : 9489-220-995810-2*
_____

## CONSENT TO DEVELOP MEDICAL INFORMATION

I hereby consent and request that the bearer be permitted to examine and obtain copies of all hospital and medical records of every sort and kind, interview doctors and other attendants regarding all matters relating to examination, diagnosis, care and treatment of myself, or my dependants.  The information released may pertain to mental illness or communicable or venereal disease that may include such diseases as hepatitis, syphilis, gonorrhea and the human immunodeficiency virus.

ANY PERSON WHO KNOWINGLY FILES A STATEMENT OF CLAIM CONTAINING ANY FALSE OR MISLEADING INFORMATION IS SUBJECT TO CRIMINAL AND CIVIL PENALTIES.

I am willing that a photocopy of this authorization be accepted with the same authority as the original.

Signature: *Carter Perrott*  Social Security # 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
Address: 3163 Hickory CT     Date of Birth 7-22-94
         Hanford, CA

If Patient is a Minor:
Signature of Parent:_____ Print Name:_____
Relation to Patient:  Please circle one of  the following:      Patient  –Parent  –Grandparent–Guardian
Patient.s. Name:_____
Patient.sAddress:_____          Date of
Birth:_____ SSN:_____X

_____

We are requesting copies of:
    Doctor.s. Notes. &. Charts
    Nurse.s. Notes. &. Charts
    Physical Therapy Notes & Charts
    Progress Notes & Charts
    All Medical Records ____ months prior to date of incident
    Copies of Narrative Reports
    Itemized Billing Statement(s) from _____ to _____ only.
    Other: _____

# PATIENT INTRODUCTION FORM

| | |
|---|---|
| Patient Name: _Carter PERROTT_ | Today's Date: |
| Address: _3163 Hickory Court_ | Home Telephone: _(559) 589-1974_ |
| City/State/Zip: _HANFORD CA 93230_ | Work Telephone: |
| Date Birth: _7-22-34_ Age: _68_ | Employer's Name: _Retired_ |
| Height: _5' 7½_ Weight: _270_ | Employer's Address: |
| Social Security No: _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_ | City/State/Zip: |
| Drivers License No: | Job Title: |
| E-Mail Address: | Marital Status (Circle): Single, (Married) Divorced, Widowed |

Name, Address, Relationship, and Telephone Number of your nearest adult relative (for emergencies):

## IS THIS VISIT RELATED TO A:

- ☐ Work Related Injury
- ☐ Sports or Recreational Injury
- ☐ Car Crash Injury
- ☐ Motorcycle-Bicycle Injury
- ☐ Non-Injury Symptoms
- ☐ School/Employment Physical
- ☐ Home Injury
- ☐ Check-up Only _fell in_
- ☑ Other (Describe) _Grocery Store_

## INSURANCE INFORMATION

| | |
|---|---|
| Does your insurance cover Chiropractic treatment? | ☐ Yes, ☐ No  If yes, we need a copy of the card |
| If yes, indicate Insurance Company Name (Need copy of card). | Carrier Name: _Fleming Companies data fady_ |
| | Address: |
| If you are being seen for a work related or car accident injury we need the Claim Number and the Claims Adjusters Name. If unknown, be certain to let the front desk staff know. | Telephone: |
| | Claim Number: _CU789-220-016810-2_ |
| | Claim Adjusters Name: _Greg Alonzo_ |
| Are you the insured person or dependent (wife/husband/child)? | ☐ Insured, ☐ Dependent |
| If you are the insured persons dependent (spouse or child), we need the insured persons name, date of birth, social security number, and the name of the insured employers business in order to do billing. | Name of Insured Person: |
| | Social Security Number: |
| | Insured Date of Birth: |
| | Name of Insured Company: |
| What is your co-payment amount for each visit? | Amount: $ |
| What percentage does your insurance pay? | Percentage (%): |
| What is your insurance deductible amount each year? | Amount: $ |
| Have you met your deductible this year? | ☐ Yes, ☐ No |
| Does your insurance policy limit each office payment amount? | ☐ Yes, ☐ No  Limit is: $ |
| Does your insurance limit the number of office visits per year? | ☐ Yes, ☐ No  Number: |
| Does your insurance limit the amount paid per year? | ☐ Yes, ☐ No  Limit is: $ |

Our office will provide insurance billing services for you if you so desire as a courtesy. *Remember that you are ultimately responsible for any charges incurred in this office. It is your responsibility to pay any deductible amount, co-insurance, and or any other balances not paid by your insurance carrier. Your signature on this document indicates that you agree to pay for any outstanding bills incurred in this office.*

IN ORDER TO KEEP OUR OFFICE OVERHEAD DOWN AND KEEP OUR PATIENT FEES REASONABLE, WE EXPECT PAYMENT AT THE CONCLUSION OF EACH TREATMENT FOR CASH PATIENTS AND THE CO-PAYMENT FOR REGULAR INSURANCE PATIENTS.

Signature of responsible party (Patient or Parent): _Carter Perrott_ Date: _1-10-03_

Form 1000

© Reorder Nordhoff 2001 Office Forms (925) 484-2167

# PATIENT INSTRUCTION AND AUTHORIZATION TO PERSONAL INJURY INSURANCE CARRIER TO MAKE DIRECT PAYMENT TO CHIROPRACTOR

I, hereby authorize and instruct the following insurance carrier_____ to send (mail) all paid monies for diagnostic testing, treatment, and/or medical supplies to the following Doctor/Clinic/Office for all services/supplies billed:

> **Jesse P. Silva, D.C.**
> **Optimal Health Chiropractic Center**

## SEND AND MAKE ALL PAYMENT CHECKS PAYABLE TO:

> **Jesse P. Silva, D.C.**
> **Optimal Health Chiropractic Center**
> **5431 West Hillsdale Avenue, Visalia, California, 93291**
> **State License Number:  DC - 27173**
> **Tax I.D. Number:  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**
> *(Doctor, include your name, address, state license number, and tax ID number)*

| | |
|---|---|
| √ | I authorize said Doctor to release any information pertinent to my case to the mentioned insurance carrier. |
| √ | A photocopy of this authorization shall be considered as valid as the original. |
| √ | I authorize said Doctor to use my name in the "Signature on File" in future billings. |
| √ | I authorize direct payment to above Doctor. |
| √ | I authorize use of this form on all my insurance submissions (billings). |

## LIMITED POWER OF ATTORNEY FOR PAYMENT OF CHIROPRACTIC BILLS

I hereby, give limited Power of Attorney, for said Doctor/Clinic, to cash and deposit any sums paid by the above insurance carrier for only the specific injury indicated on this form.

Date: _____

Patient Name (Please Print): _____

Signature of Patient (Policyholder): _____

Signature of Patient/Guardian, if other than Policyholder: _____

Date of Injury: _____

Witness Signature: _____

© Reorder 2001 Nordhoff Office Forms (925) 484-2167

**Adventist Health**

## OUT-PATIENT DIAGNOSTIC SERVICES REQUISITION

*Send Results To:*

**CENTRAL VALLEY FAMILY HEALTH CLINIC #2079**

☐ Hanford Community Medical Center
450 Greenfield Ave., Hanford
Phone #582-9000
Fax #585-5216
*(Please stop at information desk in lobby)*

☐ Kerr Outpatient Center
470 Greenfield Ave., Hanford
Lab Phone #585-5740
Fax #585-5746
Radiology #585-5221
*(Please go to 1st floor)*

☑ Central Valley General Hospital
1025 N. Douty, Hanford
Phone #583-2200  Fax #583-2190
Radiology #583-2185 Fax #583-2184
*(Please stop at information desk in lobby)*

☐ STAT  ☐ Fax report  ☐ Routine  ☐ Draw ASAP / test routine  ☐ Have patient wait for me

Patient Name __Perrott Carter__  DOB __7/22/34__  Date __1-14-03__

Insurance Policy # _____  Authorization # _____  SS# _____

**RADIOLOGY**  Procedure: __(R)Hip, leg, Knee, low leg, & foot & Ankle__

**Reason for Test** __fall__
*(Must Use Diagnosis, sign, or symptom only. Do not use "rule out", "possible", or "suspected" conditions.)*

Your procedure appointment is scheduled for __ADVISED to see a Specialist__ am / pm

Exam Preparation _____

*Special Instructions:* ☐ Send patient back to office  ☐ with film(s)

Physician's Signature __Sorensen MD__

**CARDIOPULMONARY**  Procedure: _____

**Reason for Test** _____
*(Must Use Diagnosis, sign, or symptom only. Do not use "rule out", "possible", or "suspected" conditions.)*

Physician's Signature _____

**LABORATORY:** Directors J. Michael Crawford M.D. and Nicholes E. Reiber M.D.
## YOU MUST INSERT ONE(1) ICD-9 CODE PER TEST / PANEL ORDERED.

**HEMATOLOGY**

ICD-9
☐ CBC (Automated Diff)
☐ (Manual Diff)
☐ Hemogram
☐ Reticulocyte Count
☐ Sed Rate (Westergren)
☐ Bleeding Time (Ivy Method)
☐ Fibrinogen, Quantitative
☐ Act Partial Thromboplastin Time
☐ Prothrombin Time

**URINE**

ICD-9
☐ Urinalysis - Reflex (Tomicroscope)
☐ Urine Possible Culture
☐ Urine Pregnancy
☐ Urinalysis-Complete (Chem + Micro)

**SEROLOGY**

ICD-9
☐ Coccidioidomycosis
☐ Heterophile (Mono Test)
☐ HepBsAG
☐ Rh Type and Blood Group
☐ RPR
☐ RA Test
☐ ANA
☐ Rubella

**BACTERIOLOGY**

ICD-9 _____
SOURCE:
☐ Culture, Aerobic
☐ Culture, Anaerobic
☐ Smear - Gram Stain
☐ Antibiotic Sensitivity
☐ Herpes Culture
☐ Chlamydia by LCx
☐ GC by LCx
☐ Sputum for AFB
☐ Sputum for Fungi
☐ R/O Strep

**PARASITOLOGY**

ICD-9 _____
☐ Stool for Ova & Parasites  ☐ Occult Blood

**TDM / TOXICOLOGY**

ICD-9 _____
☐ Theophylline
☐ Phenytoin
☐ Digoxin
☐ Lithium
☐ Ethanol
☐ Valproic Acid (Depakene)
☐ Carbamazepine (Tegretol)
☐ Urine Drug Screen Panel

**ENDOCRINOLOGY / SPECIAL CHEMISTRY**

ICD-9 _____
☐ T4
☐ T3 Uptake
☐ TSH
☐ Beta HcG Quant
☐ Beta HcG Screen
☐ CEA
☐ PSA (Prostatic Specific Antigen)
☐ LH
☐ FSH
☐ B12
☐ Folate
☐ Ferritin
☐ HgB A1C

**CHEMISTRY**

ICD-9 _____
☐ Albumin
☐ ALT
☐ Amylase
☐ Bilirubin T&D
☐ BUN (Urea Nitrogen)
☐ Calcium
☐ Cholesterol
☐ CPK
☐ Creatinine
☐ GGT
☐ Glucose
   ☐ Fasting **  ☐ Postprandial *
   ☐ Random    ☐ 4 PM
☐ Glucose Tolerance _____ Hrs. **
☐ LDH
☐ Phosphorus
☐ Potassium
☐ AST (SGOT)
☐ Sodium
☐ Uric Acid

ICD-9 _____
☐ Basic Chem (NA, K, CL, CO2, BUN, CREAT, GLU, CA)
☐ Metabolic Panel (NA, K, CL, CO2, Glucose, BUN, Creatinine, Albumin, TBIL, ALP, AST, TP, CA)
☐ Lipid Panel ***(Chol, Trig, HDL, Calc. LDL, Risk Ratio)***
☐ Direct LDL
☐ Liver Function (ALP, ALT, AST, T.BIL., D.BIL, TP, ALB)
☐ Electrolytes (NA, K, CL, CO2)
☐ Acute Hepatitis Panel (A Antibody, C Antibody, B Core Antibody, B Surface Antigen)
☐ Thyroid Panel (T4, T3 Uptake, FTI, TSH)
☐ Arthritis Panel (RA Factor, Sed Rate, ANA, Uric Acid)
☐ Prenatal (As specified for each physician)

\* TWO HOURS AFTER BREAKFAST OR LUNCH

\*\* NOTHING TO EAT OR DRINK AFTER 10 PM

\*\*\* NOTHING TO EAT OR DRINK AFTER 7 PM

Other Lab Test(s)
ICD-9 _____

BY ORDERING THE INDICATED TEST, THE REFERRING PHYSICIAN CERTIFIES THAT THEY ARE MEDICALLY NECESSARY.

Physician Signature _____

### ADVANCED BENEFICIARY NOTICE

Medicare, Medi-Cal, Blue Cross, and Champus will only pay for services determined to be "reasonable and necessary" under section 1862(a)(1) of the Medicare Law. Accordingly, they will/may deny payment for the following test(s)

**Screening Tests:**
☐ General Health Panel  ☐ Pap smear, Date of last test __/ /__  ☐ PSA Date of last test __/ /__  ☐ Other _____
**Non-FDA Approved Tests**

**Tests not covered for reported condition:**
☐ Hepatic function panel  ☐ Hepatitis panel  ☐ Lipid panel  ☐ Arthritis panel  ☐ Obstetric panel  ☐ TORCH antibody  ☐ Thyroid panel  ☐ Other _____
**Non-FDA Approved Tests**
☐ Allergen/RAST  ☐ CA 15-3  ☐ CA 19-9  ☐ Other _____
**Non-FDA Approved Tests**
Other expected reasons for non-coverage: _____

My physician has notified me that my payer is likely to deny payment for the services identified above, for the reasons identified. If payment is denied, I agree to be personally and fully responsible for payment.

Patient's Signature & Date _____  __/ /__

Date of Visit: 1/28/2003
Location:    Suite 35    Facility: Kerr Outpatient Center

Patient: **PERROTT, CARTER**

DOB:    7/22/1934          Patient SSN:                          Acct: 17377.00

| | | | |
|---|---|---|---|
| Hydrocodone-APAP, CAPS | 5-500MG, #50 | 1-2 po q4h prn pain | Prescribed |
| Keflex, CAPS | 500MG, #8 | 1 po qid postop | Prescribed |
| Naprosyn, TABS | 500 mg | Daily | No Action |

SURGERY PLANNED:
    ORIF of the right patella.

SPECIAL EQUIPMENT, INSTRUCTIONS AND PRECAUTIONS:
    The procedure will be performed with the patient in the supine position. Multiple sutures of 0, #1, or possibly #5 Ethibond will be used for the repair.

## HISTORY & PHYSICAL INFORMED CONSENT

Various alternative methods of treatment for this patient's medical condition including their reasonable risks, benefits and potential complications have been discussed with the patient and/or other persons legally empowered to authorize treatment for this patient. If applicable, the patient has been given the State of California publication entitled, "If You Need Blood: A Patient's Guide to Blood Transfusions," and the options presented therein have been discussed with the patient. All parties concerned understand and agree to the proposed treatment. They also understand that although all reasonable efforts will be made to obtain a good result from the proposed treatment, that nonetheless, this treatment may be of no benefit to the patient and could possibly cause major disability or death of the patient.

By my dated and timed signature below I certify that I have at this time performed an interval history and physical examination on this patient. This printed record accurately reflects the patient's current condition without additions, deletions or alterations except as noted and initialed by me on this document.

D. Lancy Allyn, M.D.
Orthopedic Surgeon
DLA/pc

1/29/2003r
1/29/2003t

Copy To:

No Recipients Listed.

Stephen C.
DOA
1/28/03    X cash

| OFFICE VISIT | CPT | FEE | | CPT | FEE | INJECTION MATERIAL/QTY | CPT | FEE | SUPPLIES | | CPT | FEE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Post Operative | 99024 | N/C | 39 Ankle, AP, lateral & oblique | L73610R | | 78 Celestone | J0702 | | 122 Ace wrap | | 99070-04 | |
| SELF REFERRAL | | | 40 Foot, AP, lateral & oblique | L73630R | | 79 Decadron Clear | 99070-M2 | | 123 Air Cast, ankle | | 99070-24 | |
| New Brief Exam | 99202 | | 41 Calcaneus, AP 3 lateral | L73650R | | 80 Decadron LA | 99070-DC | | 124 Air Cast, walking | | 99070-WS | |
| New Intermediate Exam | 99203 | | X-RAY / INTERPRETATION ONLY | | | 81 Depomedrol | 99070-DP | | 125 Cast Shoe | | 99070-16 | |
| New Extended Exam | 99204 | | AXIAL | | | 82 Xylocaine 2% | 99070-69 | | 126 Finger Splint | | 99070-42 | |
| New Comp Exam/H&P | 99205 | | 42 Chest | 71020-26 | | 83 Synvisc Injection | | | 127 Knee Immobilizer | | 99070-44 | |
| ESTABLISHED | | | 43 Ribs | 71100-26 | | PROCEDURES | | | 128 Pulley System | | 99070-RP | |
| Est Limited Exam | 99213 | | 44 Cervical Spine | 72050-26 | | 84 Pin Removal (Single) | 20670-52 | | 129 Sling | | 99070-02 | |
| Est Intermediate Exam | 99214 | | 45 Thoracic Spine | 72070-26 | | 85 Pin Removal (Multi) | 20670-99 | | 130 Tension Bar | | 99070-19 | |
| Est Comp Exam/H&P | 99215 | | 46 Lumbar Spine | 72110-26 | | 86 Injection, Small Joint | 20600 | | 131 Wrist Splint | | 99070-40 | |
| REFERRAL/CONSULT | | | 47 Pelvis AP Only | 72170-26 | | 87 Injection, Medium Joint | 20605 | | 132 Wrist Support | | L3914 | |
| Intermediate Consult | 99242 | | UPPER EXTREMITY | | | 88 Injection, Large Joint | 20610 | | 133 | | | |
| Extended Consult | 99243 | 190 ∞ | 48 Clavicle Complete | 73000-26 | | 89 Anoscopy | 46600 | | MEDICATIONS | | BOTTLE# | FEE |
| Comp Consult/H&P | 99244 | | 49 Shoulder Complete | 73030-26 | | 90 Ultrasound, Breat | L76645R | | 134 Acet/Codeine 300/30 mg #30 | | | |
| MODIFIERS & REPORTS | | | 50 Acromioclavicular Joint | 73050-26 | | 91 Ultrasound, Breast/Review | 76645-26 | | 135 Celebrex 200 mg #30 | | | |
| Unrelated Postop Visit | -24 | | 51 Humerus | 73060-26 | | 92 Ultrasound Guidance | 76942 | | 136 Cephalexin 500 mg #8 | | | |
| Interpretation Modifier | -93 | | 52 Elbow Complete | 73080-26 | | 93 Aspiration/Breast Cyst | 19000 | | 137 Diclofenac 75 mg #30 | | | |
| Report Charge | 99080 | | 53 Forearm | 73090-26 | | 94 Aspiration-Each Add'l Cyst | 19001 | | 138 Dicloxacillin 500 mg #20 | | | |
| Work Status Change | 99081 | | 54 Wrist Complete | 73110-26 | | 95 Core Needle Biopsy, Breast | 19100 | | 139 H'cod / Acet 5/500 mg #30 | | | |
| X-RAYS BY CERTIFIED MEDICAL GROUP | | | 55 Hand, minimum 3 views | 73130-26 | | 96 Core Needle Bx w/Guidance | 19102 | | 140 Ibuprofen 600 mg #30 | | | |
| AXIAL | | | 56 Fingers, minimum 3 views | 73140-26 | | 97 Fine Needle Aspirate | 88170 | | 141 Naproxen 500 mg #30 | | | |
| Chest, PA & lateral | 71020 | | LOWER EXTREMITY | | | 98 I&D Abscess | 10060 | | 142 Prednisone 10 mg #15 | | | |
| Ribs | L71100R | | 57 Hip Complete | 73510-26 | | 99 I&D Abscess, Complicated | 10061 | | 143 Propox/Acet 100/650 mg #30 | | | |
| Cervical Spine, w/obliques | 72050 | | 58 Femur | 73550-26 | | 100 I&D Abscess, Breast, deep | 19020 | | 144 Relafen 750 mg #30 | | | |
| Thoracic Spine, AP & lateral | 72070 | | 59 Knee | 73660-26 | | 101 | | | 145 Soma 350 mg #30 | | | |
| Lumbar Spine, AP & lateral | 72100 | | 60 Knee Complete | 73564-26 | | 102 | | | 146 Ultram 50 mg #30 | | | |
| Lumbar Spine, w/obliques | 72110 | | 61 Tib Fib | 73590-26 | | 103 | | | 147 Vioxx 25 mg #30 | | | |
| Pelvis, AP Only | 72170 | | 62 Ankle Complete | 73610-26 | | 104 | | | 148 | | | |
| UPPER EXTREMITY | | | 63 Foot Complete | 73630-26 | | CASTING APPLICATIONS | CPT | FEE | FIBERGLASS | FEE | PLASTER | FEE |
| Clavicle complete | L73000R | | 64 Calcaneus | 73650-26 | | 105 Long Arm | 29065 | | 149 99070-54 | | 99070-26 | |
| Shoulder, AP & lateral | L73030R | | MRI SCAN | | | 106 Long Arm Thumb Spica | 29085 | | 150 99070-54 | | 99070-26 | |
| Supraspinatus outlet | L73020R | | 65 Cervical Spine | 72141-26 | | 107 Short Arm | 29075 | | 151 99070-56 | | 99070-28 | |
| Acromioclavicular Joint | L73050R | | 66 Thoracic Spine | 72146-26 | | 108 Short Arm Gauntlet | 29075 | | 152 99070-56 | | 99070-28 | |
| Humerus, AP & lateral | L73060R | | 67 Lumbar Spine | 72148-26 | | 109 Short Arm Thumb Spica | 29075 | | 153 99070-56 | | 99070-28 | |
| Elbow, AP & lateral | L73080R | | 68 Upper Extremity | 73221-26 | | 110 Long Leg | 29345 | | 154 99070-55 | | 99070-27 | |
| Forearm, AP & lateral | L73090R | | 69 Lower Extremity | 73721-26 | | 111 Cylinder | 29365 | | 155 99070-55 | | 99070-27 | |
| Wrist, AP & lateral | L73100R | | CT SCAN | | | 112 Short Leg | 29405 | | 156 99070-57 | | 99070-29 | |
| Wrist, AP, lateral & oblique | L73110R | | 70 Cervical Spine | 72125-26 | | 113 Short Leg Walking | 29425 | | 157 99070-58 | | 99070-30 | |
| Hand, PA, lateral & oblique | L73130R | | 71 Thoracic Spine | 72128-26 | | 114 PTB | 29435 | | 158 99070-54 | | 99070-27 | |
| Finger, PA & lateral | L73140R | | 72 Lumbar Spine | 72131-26 | | 115 Club Foot, Unilateral | 29450 | | 159 99070-57 | | 99070-29 | |
| LOWER EXTREMITY | | | 73 Upper Extremity | 73200-26 | | 116 Club Foot, Bilateral | 29450-50 | | 160 99070-57 | | 99070-29 | |
| Tib. AP & lateral | L73810R | | 74 Lower Extremity | 73700-26 | | 117 Long Arm Splint | 29105 | | 161 99070 | | 99070-S1 | |
| Femur, AP & lateral | L73550R | | RADIONUCLEOTIDE BONE SCAN | | | 118 Short Arm Splint | 29125 | | 162 99070 | | 99070-S2 | |
| Knee, AP & lateral | L73560R | | 75 Limited | 78300-26 | | 119 Cock-up Wrist Splint | 29125 | | 163 99070 | | 99070-S3 | |
| Knee, w/standing & sunrise | L73564R | | 76 Multi-Area | 78305-26 | | 120 Short Leg Splint | 29515 | | 164 99070 | | 99070-S4 | |
| Tib Fib, AP & lateral | L73590R | | 77 Whole Body | 78306-26 | | 121 Additional Rolls | 99070 | | 165 99070-34 | | 99070-35 | |

NOSIS: Dorif patella

| | | | CPT CODE | MOD | AMOUNT |
|---|---|---|---|---|---|
| | | | | | |

E:

### Certified Medical Group, Inc.
Board Certified Surgeons

470 N. Greenfield, Suite 35 • Hanford, CA 93230

Telephone: (559) 584-3000  •  IRS # 77-0390396

nature/Date

| RTO: | DAYS | WEEKS | MONTHS |
|---|---|---|---|
| ☐ Progress Check | ☐ Cast | ☐ X-ray/Ultrasound | ☐ Results |
| ☐ Procedure | | | |
| ☐ MD ___ Min | ☐ PA ___ Min | | |

| PROVIDER SEEN THIS VISIT | LICENSE # |
|---|---|
| ☑ D. Lancy Allyn, M.D. | G21696 |
| ☐ Susan L. Hartunian, M.D. | G63737 |
| ☐ Rosanna Carrillo, P.A.-C. | PA15335 |

Total Charges $ 477 00
Balance Forward $
Amount Paid (Co-Pay) $ 477 00
☐ Check ☑ Cash
Balance Due $ 0

V $4$

**Greg Moore**
1-800-261-2762 ext. 7525
Local #: 972-465-7525

**ESIS**
P.O. Box 154409
Irving, TX 75015

February 11, 2003

Carter Perrott
3163 Hickory Ct
Hanford, CA 93230

$9489 - 220 -$

Re:         Incident No.  :995810-2
            Account No.  :Fleming Companies dba Food 4 Less
            Claimant      :Carter Perrott
            Date Incident :11/30/2002

Dear Carter Perrott:

Thank you for speaking with me in regards to the above-captioned matter. I advised you our check of your social security number 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 you provided on the *"Consent to Develop Medical Information"* did not check out as a valid social security number. We continue to verify your statement that you have had no medical diagnosis or treatment to your right knee prior to the Food 4 Less incident on 11/30/2002.

The January 28th, 2003 medical report done by your doctor, Dr. Lancy Allyn, M.D., indicates the slip and fall incident of 11/30/2002 caused the injury to your right knee. Dr. Allyn, M.D. recommended surgery to correct the injury to your right knee. Please consult your doctor on the procedure from this point.

Please have your doctor provided me with the medical records and billings for the treatment of your knee injury. Once I receive the medical records of the procedure and the billing statements I will then be able to evaluate your injury claim and offer you a settlement.

Please forward copies of any medical billings or reports to my address above with the Incident No. listed above on any items you mail.

In the meantime, we would appreciate if you would keep us informed if anything changes in your current condition. Hopefully, you will be back to normal in a short period of time. If you have any questions, please do not hesitate to contact us.

Sincerely,

Greg Moore
Claim Representative

# Certified Medical Group, Inc.

### D. Lancy Allyn, M.D., Board Certified Orthopedic Surgeon

### Susan L. Hartunian, M.D., Board Certified General Surgeon

470 Greenfield Avenue, Suite 35, Hanford, CA 93230

Telephone (559) 584-3000     Fax (559) 583-8456

Greg Moore, National Representative
ESIS
P.O. Box 154409
Irving, Texas 75015

RE:    Patient:        Carter Perrott
           Birth Date:    7/22/1934
9489-220 Incident No.:  995810-2

Dear Mr. Moore:

Please find enclosed a copy of my office  note for your perusal.

In my opinion, Mr. Perrott unequivocally sustained an injury to his right knee on or about 11/30/02 that has resulted in substantial dysfunction of the right knee.

My opinion is supported by the emergency room visit records, as well as my personal interpretation of the radiographs and my office visit with Mr. Perrott on 1/28/03, and today.

The more time that is allowed to pass prior to repair of Mr. Perrott's knee, the less complete the recovery will be.  I would urge you to promptly authorize surgical treatment of this gentleman's knee as it is in your best interest as well as in the patient's best interest.

If I may be of further assistance, please allow me to do so.

Yours truly,

D. Lancy Allyn, M.D.

Enc
Copy/patient chart

D. Lancy Allyn, M.D.
470 N. Greenfield Ave.Suite #35
P.O. Box 1880
Hanford, CA 93232
(559) 585-6868


February 24, 2003

Dear Sir or Madame:

Mr. Carter Perrott asked that a breakdown be given of his purposed surgery and medical care.

Dr. Allyn initially saw the patient on 01/28/03. After Mr. Perrott's office visit it was determined that the patient suffered a fracture of his right patella. His injury requires surgery and follow up medical care for a minimum of six months after surgery. Other than the charges Mr. Perrott has accrued, the charges quoted are only an estimate.

Mr. Perrott was seen on 01/28/03. Listed are the charges.

| | |
|---|---|
| Office Visit, New, High Complex | $180.00 |
| X-ray exam of Pelvis, Complete | 54.00 |
| X-ray exam of Knee, Complete | 87.00 |
| X-ray of Ankle, Complete | 79.00 |
| X-ray of Foot, Complete | 67.00 |
| Total | $467.00 |

Purposed Surgery

| | |
|---|---|
| History and Physical-X-rays Pre-op Meds. | 325.00 |
| Pre-op labs/x-ray/EKG (done KERR Surg. Ctr.) | 600.00 |
| Open reduction internal fixation of a fracture Right patella | 1,421.00 |
| Anesthesia approximately one hour | 350.00 |
| Out-patient Hospital Charge | 4,500.00 |
| Total | $ 7,196.00 |

After the surgery the patient will follow up with Dr. Allyn, for a minimum of six months. During the first 90 days there will not be a fee for the office visit, as he will be in the post-op period. But it is anticipated that he will be responsible for approximately four office-visits after 90 days has past. Depending on the complexity of the visit, the cost is between $60-$84.00.

He will be responsible for the following directly after surgery.

X-rays of the knee, two views, between $87.00 and $64.00 each view. He will have post-op medications for pain management, (Vicoden #30 $70.00.) Dr. Allyn anticipates the patient will need Physical Therapy for approximately three months, three times a week. At this time I don't have an approximate cost for the therapy.

Again I want to reiterate that is an estimate of the patient's charges, and a guideline of Mr. Perrott's planned treatment and follow-up care.

B10 (Official Form 10) (Rev. 10/96)

| UNITED STATES BANKRUPTCY COURT<br>For the District of Delaware | PROOF OF CLAIM |
|---|---|

03

In re: *Flemming Companies, Inc.*

Case Number: *03-10945*

NOTE: This claim should not be used to make a claim for an administrative expense arising after the commencement of the case.
A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Creditor Name
(Person or entity
debtor owes)  *CARTER PERROTT*

Address
Line 1  *3163 HICKORY COURT*

Address
Line 2  *(559) 589-1974*

Address
Line 3

City,
ST ZIP  *HANFORD CA 93230*

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach Copy of statement giving particulars.

☑ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court

THIS SPACE IS FOR COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:
*Account (Flemming Companies dba Food 4Less) (Ref. no. 03-10945)*
*Incident number 9489-220-99581092 (ESIS)*

Check here if this claim  ☐ replaces   ☐ amends   a previously filed claim dated: _____

**1. BASIS FOR CLAIM**

☐ Goods sold
☑ Personal injury/wrongful death
☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)

☐ Services performed
☐ Taxes
☐ Wages, salaries, and compensation (Fill out below)

Your social security No. _____

☐ Money loaned
☐ Other (Describe briefly)
Unpaid compensation for services performed
from _____ to _____
(date)        (date)

**2. Date Debt Incurred: (MMDDYY)**  *11 30 03*

**3. If Court Judgment, Date Obtained:**

**4. CLASSIFICATION OF CLAIM.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

☐ **SECURED CLAIM**
Attach evidence of perfection of security interest
Brief Description of Collateral:

☐ Real Estate   ☐ Motor Vehicle   ☐ Other (Describe briefly)

Amount of arrearage and other charges at time case filed included in secured claim above, if any $ _____

☐ **UNSECURED NONPRIORITY CLAIM**
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☑ **UNSECURED PRIORITY CLAIM** - Specify the priority of the claim.

☐ Wages, salaries, or commissions (up to $4,650), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3)

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4)

☐ Up to $2,100 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6)

☐ Taxes or penalties of governmental units - 11 U.S.C. § 507 (a)(7)

☑ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) _____
*PERSONAL INJURY CLAIM*

**5. AMOUNT OF CLAIM AT TIME CASE FILED:**

| | | |
|---|---|---|
| (Secured) | (Unsecured Nonpriority) | $ 1 5 0 0 0 0 0 (Unsecured Priority) |

☑ Check this box if claim includes charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**6. CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

**7. SUPPORTING DOCUMENTS:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. TIME-STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.  *STAMPED ADDRESSED ENVELOPE & CLAIM ENCLOSED*

THIS SPACE IS FOR COURT USE ONLY

Date  *5-29-03*

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)  *By /s/ CARTER PERROTT*

FORM B10 (Official Form 10) (4/01)

| UNITED STATES BANKRUPTCY COURT _____ DISTRICT OF __Delaware__ | PROOF OF CLAIM |
|---|---|

| | |
|---|---|
| Name of Debtor: **Fleming Companies dba Food 4 Less** | Case Number **03-10945** | *CLAIM* |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | |
|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money or property): **Carter Perrott** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| Name and address where notices should be sent: **Del L. Toledo, Attorney** **1500 S. Mooney #14** **Visalia, CA 93277** | XX Check box if you have never received any notices from the bankruptcy court in this case. |
| | ☐ Check box if the address differs from the address on the envelope sent to you by the court. |
| Telephone number: **(559) 739-7005** | THIS SPACE IS FOR COURT USE ONLY |

| Account or other number by which creditor identifies debtor: **Incident # 9489-220-995810-2** | Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated:_____ |
|---|---|

| 1. **Basis for Claim** | |
|---|---|
| ☐ Goods sold | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) |
| ☐ Services performed | ☐ Wages, salaries, and compensation (fill out below) |
| ☐ Money loaned | Your SS #: _____ |
| XX Personal injury/wrongful death | Unpaid compensation for services performed |
| ☐ Taxes | from _____ to _____ |
| ☐ Other _____ | (date)          (date) |

| 2. **Date debt was incurred:** 11/30/02 | 3. **If court judgment, date obtained:** |
|---|---|

4. **Total Amount of Claim at Time Case Filed:** $ 1,000,000.00

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. **Secured Claim.** | 6. **Unsecured Priority Claim.** |
|---|---|
| ☐ Check this box if your claim is secured by collateral (including a right of setoff). | XX Check this box if you have an unsecured priority claim |
| Brief Description of Collateral: | Amount entitled to priority $ _____ |
| ☐ Real Estate ☐ Motor Vehicle | Specify the priority of the claim: |
| ☐ Other _____ | ☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3). |
| Value of Collateral: $ _____ | ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4). |
| | ☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6). |
| | ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7). |
| Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____ | ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8). |
| | ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___). |
| | *Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| 7. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| 8. **Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. | |
| 9. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | |

| Date 6/18/03 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): *DEL L. Toledo* |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

**PROOF OF CLAIM**

a130117

Scheduled Claim Ref # 2-F7-12720

In re:

Fleming Companies, Inc. *D.B.A.*

*FOOD 4 LESS*

**Case Number:**

03-10945

**YOUR CLAIM IS SCHEDULED AS:**

UNKNOWN UNSECURED
DISPUTED, UNLIQUIDATED

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

☐ Check box if you are aware that anyone else has filed a claim relating to your claim. Attach copy of statement giving particulars.

**Name of Creditor and Address:**

0354429422489

PERROTT, CARTER
3163 HICKORY COURT
HANFORD, CA 93230

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if this address differs from the address on the envelope sent to you by the court.

The amounts reflected above constitute your claim as scheduled by the Debtor. If you agree with the amounts set forth herein, and have no other claim against the Debtor, you do not need to file this proof of claim EXCEPT as stated below.

If the amounts shown above are listed as Contingent, Unliquidated or Disputed, a proof of claim must be filed.

If you have already filed a proof of claim with the Bankruptcy Court or BMC, you do not need to file again.

Creditor Telephone Number (559) 589-1974

| CREDITOR TAX I.D. #: 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 | ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR: 9489-220-99581O.2 | Check here if this claim | ☐ replaces ☐ or amends | a previously filed claim dated: _____ |

## 1. BASIS FOR CLAIM
- ☐ Goods sold
- ☑ Personal injury/wrongful death
- ☐ Services performed
- ☐ Taxes
- ☐ Money loaned
- ☐ Other (describe briefly)

- ☐ Retiree benefits as defined in 11 U.S.C § 1114(a)
- ☐ Wages, salaries, and compensation (Fill out below)

Your social security number: _____

Unpaid compensation for services performed from: _____ (date) to _____ (date)

**2. DATE DEBT WAS INCURRED:** 11-30-02

**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. TOTAL AMOUNT OF CLAIM AS OF PETITION DATE:** $ _____ (unsecured) $ _____ (secured) $ 150,000.00 (unsecured priority) $ 150,000.00 (total)

If all or part of your claim is secured or entitled to priority, also complete item 5 or 6 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

## 5. SECURED CLAIM
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of collateral:
- ☐ Real Estate
- ☐ Motor Vehicle
- ☐ Other _____

Value of collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim above, if any $ _____

## 6. UNSECURED PRIORITY CLAIM
☑ Check this box if you have an unsecured priority claim

Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $4,650*), earned within 90 days before filing of the bankruptcy petition or cessation of the Debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3)
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4)
- ☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6)
- ☐ Alimony, maintenance or support owed to a spouse, former spouse, or child -11 U.S.C. § 507(a)(7)
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8)
- ☑ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___) SUPPORTING DOCUMENTS
  *Amounts are subject to adjustment on 4/1/01 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**7. CREDITS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. ATTACHED

**8. SUPPORTING DOCUMENTS:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. DATE-STAMPED COPY:** To receive an acknowledgment of your claim, please enclose a self-addressed stamped envelope and an additional copy of this proof of claim.

The original of this completed proof of claim form must be sent by mail or hand delivered (FAXES NOT ACCEPTED) so that it is received on or before 4:00 p.m., September 15, 2003, Pacific Daylight Time.

BY MAIL TO:
Bankruptcy Management Corporation
P.O. BOX 900
El Segundo, CA 90245-0900

BY HAND OR OVERNIGHT DELIVERY TO:
Bankruptcy Management Corporation
1330 East Franklin Avenue
El Segundo, CA 90245

**THIS SPACE FOR COURT USE ONLY**

FILED
AUG 12 2003
BMC
Fleming Companies Claim

DATE SIGNED:
8-19-03

SIGN and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any).
*Carter Perrott*

Penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 AND 3571

**ESIS**

Greg Moore
1-800-261-2762  ext. 7525
Local #: 972-465-7525

P.O. Box 154409
Irving, TX 75015

March 19, 2003

Carter Perrott
3163 Hickory Ct
Hanford, CA 93230

Re:        Incident No.  : 995810-2
           Account        : Fleming Companies dba Food 4 Less
           Incident Date : 11/30/2002

Dear Carter Perrott:

I advised you by phone and in my letter of Feb 24th, 2003 that our representative from
National Claims Control Company needed to meet with you face to face to verify several
claim issues. You have refused to cooperate with our National Claims Control
Representative. You have not provided the information to support your claim. We will
be unable to proceed any further with your claim until you cooperate and provide the
information we have requested. *If it Pleases the Court Ask Mr. Moore for written Proof of Title of N.C.C. Representative.*

I received you mailing of the Certified Medical Group report of visit 3/5/2003. This does
not answer any questions in regard to the Hanford Community Medical Center radiology
findings of old fracture of tibia, severe degenerative changes, and old trauma etc. The
radiology report also suggests prior films for comparison. Doctor Allyn will need to
obtain the prior films for comparison and address the issues in the Hanford Radiology
Report directly and in detail. Doctor Allyn's statement that the Hanford Radiology
Report is discounted because that physician did not personally examine the patient is just
not adequate. Doctor Allyn's will need to support his "discounting" of this x-ray.

The fact that the Hanford Radiology Report was never mentioned by Doctor Allyn and
you never provided me a copy of the Hanford Radiology report with the other Hanford
documents you sent me was very unusual. I had to order the Hanford Record to find out
about this radiology report. The fact that you say you have no prior medical treatment
and no prior doctor to consult for your past medical care is also very unusual. You have
filed a substantial claim and you will have to support your claim fully.

Sincerely,

Greg Moore
National Representative

**Greg Moore**
1-800-261-2762  ext. 7525
Local #: 972-465-7525

**ESIS**
P.O. Box 154409
Irving, TX 75015

April 28, 2003

COPY

Del Toledo
Attorney at Law
1500 S Mooney Blvd #14
Visalia, CA 93277

Re:        **Your Client**  : **Carter Perrott**
           **Incident No.**  : **9489-220-995810-2**
           **Account**        : **Fleming Companies dba Food 4 Less**
           **Incident Date : 11/30/2002**

Dear Del Toledo:

I received your letter.  The store owners, Fleming Companies, have filed chapter 11 bankruptcy on April 1st, 2003.  The filing of the bankruptcy case stays certain actions against Fleming Companies.  Therefore we will be unable to proceed any further on the claim at this time.  We await further instructions from the bankruptcy court at this time.

You can view the bankruptcy petition and other documents filed by Fleming Companies at the Bankruptcy Court's internet address of www.deb.uscourts.gov or contact the Court Clerk's Office phone number (302) 252-2900.  The case number is 03-10945.

Sincerely,

Greg Moore
National Representative

213 897-8921

# PARCEL SHIPPING FORM

**UPS Authorized Shipping Outlet**

| CUSTOMER (PLEASE PRINT) | | PACKAGE TRACKING NUMBER |
|---|---|---|
| PRINT NAME *Carter Tevron* DATE *02/3/03* | 1 *8386 0867* | 2 *5707* |
| STREET *3/63 Hickory Court* *589.1974* | 3 | 4 |
| CITY/STATE/ZIP *Hanford CA* DAY PHONE | | |

| PKG. | SENT TO: | LIST ALL CONTENTS | VALUE | C.O.D. | ZONE | WT. | DAY | CK.ONE | CHARGES | |
|---|---|---|---|---|---|---|---|---|---|---|
| **1** | NAME *Greg Moore* Eals STREET *4600 Campus Cir* CITY/STATE/ZIP *Irving TX 75063* PHONE | | $ | | | | | ☐ SONIC AIR ☐ EARLY A.M. ☐ NEXT DAY ☐ LATE P.M. ☐ 2ND DAY ☐ 2ND A.M. ☐ 3 DAY ☐ GROUND | *12.99* | |
|  |  |  |  |  |  |  |  | ☐ RESIDENTIAL ☐ COMMERCIAL ☐ PACKED BY CUSTOMER ☐ GLASS BREAKABLE ☐ YES ☐ NO REPLACEABLE ☐ YES ☐ NO |  |  |
| **2** | NAME STREET CITY/STATE/ZIP PHONE | | $ | | | | | ☐ SONIC AIR ☐ EARLY A.M. ☐ NEXT DAY ☐ LATE P.M. ☐ 2ND DAY ☐ 2ND A.M. ☐ 3 DAY ☐ GROUND | | |
|  |  |  |  |  |  |  |  | ☐ RESIDENTIAL ☐ COMMERCIAL ☐ PACKED BY CUSTOMER ☐ GLASS BREAKABLE ☐ YES ☐ NO REPLACEABLE ☐ YES ☐ NO |  |  |
| **3** | NAME STREET CITY/STATE/ZIP PHONE | | $ | | | | | ☐ SONIC AIR ☐ EARLY A.M. ☐ NEXT DAY ☐ LATE P.M. ☐ 2ND DAY ☐ 2ND A.M. ☐ 3 DAY ☐ GROUND | | |
|  |  |  |  |  |  |  |  | ☐ RESIDENTIAL ☐ COMMERCIAL ☐ PACKED BY CUSTOMER ☐ GLASS BREAKABLE ☐ YES ☐ NO REPLACEABLE ☐ YES ☐ NO |  |  |
| **4** | NAME STREET CITY/STATE/ZIP PHONE | | $ | | | | | ☐ SONIC AIR ☐ EARLY A.M. ☐ NEXT DAY ☐ LATE P.M. ☐ 2ND DAY ☐ 2ND A.M. ☐ 3 DAY ☐ GROUND | | |
|  |  |  |  |  |  |  |  | ☐ RESIDENTIAL ☐ COMMERCIAL ☐ PACKED BY CUSTOMER ☐ GLASS BREAKABLE ☐ YES ☐ NO REPLACEABLE ☐ YES ☐ NO |  |  |

Please Remember: If you pick your parcel you are responsible for doing so in a manner to avoid damage.
1. In the event of a question about this shipment, DO NOT contact the carrier! Please call us. Retain all items, including carton and packing materials. DO NOT RESHIP OR MOVE.
2. We will act as your agent in filing any claims with the carrier and will rely on the carrier's investigation to determine any compensation due.

5. Any shipments containing glass will not be insured unless it was packaged by our center.
6. In the event of a damage, receiver must keep all packaging materials and contents for insurance inspection.

CUSTOMER

# PARCEL SHIPPING FORM

**UPS Authorized Shipping Outlet**

CUSTOMER (PLEASE PRINT)

PRINT NAME: Carter Perron   DATE: 2/6/03

STREET:   289-1974

CITY/STATE/ZIP:   DAY PHONE:

PACKAGE TRACKING NUMBER

1: 8386 0867 C081   2:   3:   4:

| PKG. | SENT TO: | LIST ALL CONTENTS | VALUE | C.O.D. | ZONE | WT. | DIM WT. | CK. ONE | CHARGES | |
|---|---|---|---|---|---|---|---|---|---|---|
| **1** | NAME: Greg Moore CSIS STREET: 6600 Campus Circle CITY/STATE/ZIP: Irving, Texas 75063  PHONE: | | $ | $ | | | | ☐ SONIC AIR ☐ EARLY A.M. ☑ NEXT DAY ☐ LATE P.M. ☐ 2ND DAY ☐ 2ND A.M. ☐ 3 DAY ☐ GROUND | | SHIP DEC VAL COD O/S SAT DEL |
| | | | | ☐ RESIDENTIAL ☐ COMMERCIAL | ☐ PACKED BY CUSTOMER ☐ GLASS | | | | | |
| | | | BREAKABLE ☐ YES ☐ NO | REPLACEABLE ☐ YES ☐ NO | | | | | | |
| **2** | NAME: STREET: CITY/STATE/ZIP:  PHONE: | | $ | $ | | | | ☐ SONIC AIR ☐ EARLY A.M. ☐ NEXT DAY ☐ LATE P.M. ☐ 2ND DAY ☐ 2ND A.M. ☐ 3 DAY ☐ GROUND | | SHIP DEC VAL COD O/S SAT DEL |
| | | | | ☐ RESIDENTIAL ☐ COMMERCIAL | ☐ PACKED BY CUSTOMER ☐ GLASS | | | | | |
| | | | BREAKABLE ☐ YES ☐ NO | REPLACEABLE ☐ YES ☐ NO | | | | | | |
| **3** | NAME: STREET: CITY/STATE/ZIP:  PHONE: | | $ | $ | | | | ☐ SONIC AIR ☐ EARLY A.M. ☐ NEXT DAY ☐ LATE P.M. ☐ 2ND DAY ☐ 2ND A.M. ☐ 3 DAY ☐ GROUND | | SHIP DEC VAL COD O/S SAT DEL |
| | | | | ☐ RESIDENTIAL ☐ COMMERCIAL | ☐ PACKED BY CUSTOMER ☐ GLASS | | | | | |
| | | | BREAKABLE ☐ YES ☐ NO | REPLACEABLE ☐ YES ☐ NO | | | | | | |
| **4** | NAME: STREET: CITY/STATE/ZIP:  PHONE: | | $ | $ | | | | ☐ SONIC AIR ☐ EARLY A.M. ☐ NEXT DAY ☐ LATE P.M. ☐ 2ND DAY ☐ 2ND A.M. ☐ 3 DAY ☐ GROUND | | SHIP DEC VAL COD O/S SAT DEL |
| | | | | ☐ RESIDENTIAL ☐ COMMERCIAL | ☐ PACKED BY CUSTOMER ☐ GLASS | | | | | |
| | | | BREAKABLE ☐ YES ☐ NO | REPLACEABLE ☐ YES ☐ NO | | | | | | |

**Please Remember:** If you pack your parcel you are responsible for doing so in a manner to avoid damage.

1. In the event of a question about this shipment, DO NOT contact the carrier. Please call us. Retain all items, including carton and packing materials. DO NOT RESHIP OR MOVE.
2. We will act as your agent in filing any claims with the carrier and will rely on the carrier's investigation to determine any compensation due.
3. Purchases of insurance will not guarantee payment of that amount unless verification of value is made by the customer.
4. All claims or inquiries must be made within 90 days.

5. Any shipments containing glass will not be insured unless it was packaged by our center.
6. In the event of a damage, receiver must keep all packaging materials and contents for insurance inspection.

CUSTOMER SIGNATURE

TOTAL CHARGES

**U.S. Postal Service**
**CERTIFIED MAIL - RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $0.37 |
| Certified Fee | $2.30 |
| Return Receipt Fee (Endorsement Required) | $1.75 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ 4.42 |

0530
02    Postmark
Here

03/10/2003

7002 2410 0004 0470 2733

Sent To: E S I S    Greg Moore
Street, Apt No.; or PO Box No. 6600 Campus Circle
City, State, ZIP+4 Irving, Texas 75063

PS Form 3800, June 2002

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

E S I S
Yeg Moore
600 Campus Circle
Irving Texas
75063

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _William_    ☐ Agent  ☐ Addressee
B. Received by ( Printed Name )   C. Date of Delivery
2003
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
7002 2410 0004 0470 2733

PS Form 3811, August 2001    Domestic Return Receipt    102595-01-M-2509

11-30-02 SLIPPED
AND fell iN HONEY-Jelly
AND PEANUT BuTTer isle
iN FroNt of Store, PoliCe
FiYe DePT. AmbulANce Service
AtteD bY Charles MANAGer
OF Store
SIGNATUre SAW SKID
of StoreMANG. MArks of
FOOD4LESS Perez MY SLIPON
WAXED
FLOOR AND
4M FORD CA SKID MARKS StiCKY
MEASURED SKID MARKS SubStANCE
20-24 iN. Witness a wreck

first men
Ambulance Persons
all saw skid marks
and sticky substance
on floor Clinic on
Smith Paramedic Chief
Asked Charles Perez
Manager What was it