IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FLEMING COMPANIES, INC., et al., | ) | Case No.: 03-10945 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| POST CONFIRMATION TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| | ) | |
| v. | ) | |
| | ) | C.A. No.: 05-734 SLR |
| CARTER PERROTT, | ) | |
| | ) | |
| Defendant. | ) | |

**POST CONFIRMATION TRUST'S OPENING BRIEF IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT**

SHERRY RUGGIERO FALLON
TYBOUT, REDFEARN & PELL
750 South Madison Street #400
P.O. Box 2092
Wilmington, DE 19899-2092
(302) 658-6901
Attorneys Plaintiff,
Post Confirmation Trust,
Administrator of the
Estate of Debtor, Fleming

Dated: May 3, 2006

**TABLE OF CONTENTS**

TABLE OF CITATIONS                                                          iii

NATURE OF STAGE OF PROCEEDINGS                                                1

STATEMENT OF FACTS                                                            3

ARGUMENT                                                                      5
      THE PERSONAL INJURY CLAIM ASSERTED BY CARTER PERROTT, AGAINST THE POST CONFIRMATION TRUST, SHOULD BE DISMISSED, AS A MATTER OF LAW, DUE TO CARTER PERROTT'S FAILURE TO PROVE NEGLIGENCE OR PROXIMATE CAUSE OF HIS INJURIES AND/OR DUE TO A FAILURE OF PROOF, WITHIN A REASONABLE DEGREE OF MEDICAL PROBABILITY, AS TO THE CAUSATION, NATURE AND EXTENT OF THE INJURIES ALLEGED

CONCLUSION                                                                    8

**TABLE OF CITATIONS**

Page

Anderson v. Liberty Lobby, Inc.,
477 US 242, 252 (1986) . . . . . . . . . . . . . . . . . 5


Buehler v. Alpha Beta Co.,
224 Cal. App. 3d 729, 274, Cal. Rptr. 14
(Cal. App. 1990) . . . . . . . . . . . . . . . . . . . . 6


Celotex Corp. v. Catrett,
477 US 317, 322 (1986) . . . . . . . . . . . . . . . . . 5


Rayfield v. Power,
2003 WL 2873037 (Del. 2003) . . . . . . . . . . . . . . .7


Cal. Civ. Code § 3333 . . . . . . . . . . . . . . . . . .7

**NATURE AND STAGE OF PROCEEDINGS**

On April 1, 2003, Fleming Companies, Inc., et al. ("Fleming") filed their Voluntary Petitions for Relief under Chapter 11 of the United States Bankruptcy Code.

Before bankruptcy filing, on or about November 30, 2002, the claimant, Carter Perrott, allegedly injured his right knee in a slip-and-fall accident at a "Food 4 Less" store in Hanford, California. Fleming formerly owned a number of "Food 4 Less" retail outlets.

Mr. Perrott filed a Proof of Claim on June 5, 2003, claiming a Priority Unsecured Claim for his alleged personal injuries as a result of the slip and fall at the Food 4 Less store, in the amount of $150,000.00. Mr. Perrott filed three additional claims, all of which have since been expunged on procedural grounds by Order of the Bankruptcy Court.

On July 27, 2004, the Bankruptcy Court entered an Order confirming Fleming's Plan of Reorganization, which became effective on August 23, 2004. When the Fleming's Plan became effective, the Post Confirmation Trust ("PCT") took over the administration of the Debtor's estates.

On August 23, 2005, the PCT objected to the personal injury claim filed by Carter Perrott. On September 20, 2005, Carter Perrott filed a response to the PCT's Claim Objection.

On August 24, 2005, the PCT filed a Motion for Determination that its Objection to Carter Perrott's claim is a non-core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). In conjunction with its Motion for a determination that the PCT's Objection to

Mr. Perrott's claim is non-core, the PCT filed a Motion to withdraw the reference.

The Bankruptcy Court entered an Order on September 27, 2005, finding that Mr. Perrott's claim is non-core.

This Court entered an Order, withdrawing the reference on or about November 4, 2005.

On or about January 13, 2006, the Court entered a Scheduling Order in the pending matter.

PCT served Interrogatories and a Request for Production of Documents Directed to Carter Perrott. Mr. Perrott's responses to the written discovery requests were received on or about April 7, 2006.

This is the PCT's Opening Brief in Support of its Motion for Summary Judgment, pursuant to the deadline established by the Court in the Scheduling Order.

**STATEMENT OF FACTS**

Carter Perrott claims personal injuries as a result of an alleged slip-and-fall which occurred on November 30, 2002. Mr. Perrott claims that he fell on a "sticky substance" that he assumes was "waxed over" at a Food 4 Less store operated by Fleming in Hanford, California. See Plaintiff's Answers to Interrogatories at question 3, A-14 .

On the date of the alleged incident, the Plaintiff was transported, by ambulance, to the Hanford Community Medical Center. The emergency services record recites a history of the accident and notes "no obvious trauma/deformity noted". See Plaintiff's Responses to Request for Production at A-48 .

The Plaintiff was treated and released in the emergency room of the Hanford Community Medical Center on November 30, 2002. The emergency room treatment included ordering an x-ray of Mr. Perrott's right knee.

There were findings of degenerative changes in the Plaintiff's right knee which are noted in the medical screening examination contained in the emergency room records, as well as in the radiologist's report of the right knee x-ray findings. A-34 and A-35.

The radiologist's report indicates that the "films are being re-dictated as the original report was apparently lost". The radiologist's findings were reported as follows: "Severe degenerative changes as described, probably all secondary to old trauma. Without prior films for a comparison, exclusion of an

acute injury is difficult. Follow-up study may be advisable if clinically indicated." A-34 .

Mr. Perrott presented for medical treatment on one other occasion, on January 28, 2003, nearly two months after his alleged injury at the Food 4 Less. On January 28, 2003, he treated with Dr. Lancy Allyn. Dr. Allyn's report to an insurance claim representative, Greg Moore, is dated January 28, 2003, and is appended as an exhibit to the Plaintiff's Answers to Interrogatories. See A-22 .

Dr. Allyn does not express any opinions within "reasonable medical probability". Dr. Allyn notes that Mr. Perrott has a right knee injury that "apparently" resulted from a fall. He recommends that the Plaintiff have surgery.

There are no further records of any medical treatment obtained by Mr. Perrott for his alleged right knee injury, beyond January 28, 2003.

In the Interrogatories Directed to Mr. Perrott, at question 6, A-16, Mr. Perrott was asked to describe his injuries in detail. Mr. Perrott's response simply refers to the exhibit consisting of Mr. Allyn's letter of January 28, 2003, to Mr. Moore.

Mr. Perrott has not retained any experts with regard to liability, medical causation, or the nature and extent of his alleged injuries. See Mr. Perrott's Responses to Interrogatories at question 14. A-19-20.

The relief requested by the PCT in this Motion is for the Court to dismiss Mr. Perrott's claim, as a matter of law, based upon a complete failure of proof, as demonstrated in his discovery responses.

**ARGUMENT**

**THE PERSONAL INJURY CLAIM ASSERTED BY CARTER PERROTT, AGAINST THE POST CONFIRMATION TRUST, SHOULD BE DISMISSED, AS A MATTER OF LAW, DUE TO CARTER PERROTT'S FAILURE TO PROVE NEGLIGENCE OR PROXIMATE CAUSE OF HIS INJURIES AND/OR DUE TO A FAILURE OF PROOF, WITHIN A REASONABLE DEGREE OF MEDICAL PROBABILITY, AS TO THE CAUSATION, NATURE AND EXTENT OF THE INJURIES ALLEGED.**

A.   **SUMMARY JUDGMENT STANDARD.**

Summary Judgment should be granted against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case; and on which that party will bear the burden of proof at trial". Celotex Corp. v. Catrett, 477 US 317, 322 (1986). If a non-moving party fails to make "a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof," summary judgment should be granted. Id. at 323. The non-moving party must have more than a mere scintilla of evidence to support his claim. Anderson v. Liberty Lobby, Inc., 477 US 242, 252 (1986). Where a party fails to show any evidence to support one of the essential claims, "there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. Celotex, 477 US at 323.

B. **CARTER PERROTT CANNOT ESTABLISH A PERSONAL INJURY CLAIM AGAINST THE DEBTOR'S ESTATE**.

Mr. Perrott has not provided any evidence to establish negligence and/or proximate cause, on the part of the Food 4 Less store. See Buehler v. Alpha Beta Co., 224 Cal. App. 3d 729, 274, Cal. Rptr. 14 (Cal. App. 1990) (granting summary judgment in favor of defendant on the basis that conjecture that the floor was poorly waxed was mere speculation which is legally insufficient to defeat a Motion for summary judgment).

When Mr. Perrott was asked in the Interrogatories to describe in detail how the accident occurred, he conjectures that the floor might have had a "sticky substance" that he presumes was "waxed over". Conjecture that the floor may have had a "sticky substance that had been waxed over," at the location where Mr. Perrott happened to fall, is mere speculation which is legally insufficient to defeat a summary judgment motion. Id. at 733.

C. **CARTER PERROTT CANNOT ESTABLISH A CAUSAL CONNECTION BETWEEN THE ALLEGED NEGLIGENCE OF FLEMING AND HIS RIGHT KNEE INJURY, WITHOUT EXPERT TESTIMONY**.

Carter Perrott has failed to offer any expert medical testimony in support of his personal injury claim.

In order to survive the PCT's Motion for Summary Judgment, Carter Perrott is required to adequately establish all of the elements essential to his case that he would have the burden of proving at trial.

In a claim arising from negligence, a claimant must prove, by a preponderance of the evidence, that the alleged tortfeasor's action breached a duty of care in a way that proximately caused injury to the claimant. With a claim for bodily

-6-

injuries, the causal connection between the tortfeasor's alleged negligent conduct and the claimant's alleged injury, must be proven by the direct testimony of a competent medical expert. See Rayfield v. Power, 2003 WL 2873037 (Del. 2003).

In Rayfield, summary judgment was properly granted against the plaintiff in a motor vehicle accident case. The plaintiff failed to produce expert testimony which provided a causal link between the motor vehicle accident and the plaintiff's alleged injuries. No expert medical testimony was presented by the plaintiffs to support their complaint for damages. Consequently, the Delaware Supreme Court affirmed the Superior Court's dismissal of the case on summary judgment.

The outcome is no different in California than in Delaware. To establish a personal injury claim against a store owner or operator in the State of California (where the alleged incident occurred), an individual must establish (i) that he or she sustained an injury and (ii) that the injury was caused by the tortious wrong of another. See Cal. Civ. Code § 3333. Based upon his Responses to Interrogatories, Mr. Perrott has no medical expert witness to testify regarding medical causation and/or the nature and extent of his injuries, within reasonable medical probability. See A-19-21 and A-22.

Based on the foregoing reasons, the PCT is entitled to summary judgment as a matter of law.

**CONCLUSION**

Based upon the foregoing reasons, the Post Confirmation Trust ("PCT"), Administrator of the Estate of the Debtor, Fleming, respectfully requests that the Court enter an Order granting Summary Judgment, in its favor, as a matter of law, on the basis that there is a complete failure of proof as to the claim asserted by Carter Perrott. Based upon his discovery responses, Carter Perrott has failed to demonstrate negligence, proximate cause, and medical causation concerning the nature and extent of his alleged injuries, within a reasonable degree of medical probability. Consequently, summary judgment, as a matter of law, in favor of the PCT should be GRANTED.

Respectfully Submitted,

TYBOUT, REDFEARN & PELL

Dated: May 3, 2006

SHERRY RUGGIERO FALLON
Bar ID #2464
750 South Madison Street #400
P.O. Box 2092
Wilmington, DE 19899-2092
(302) 658-6901
Attorneys for Plaintiff,
Post Confirmation Trust,
Administrator of the
Estate of Debtor, Fleming

**CERTIFICATE OF SERVICE**

I, Sherry Ruggiero Fallon, being a member of the bar of this Court, do hereby certify that on May 3, 2006, I had electronically filed with the Clerk of the Court using CM/ECF, **Post Confirmation Trust's Opening Brief in Support of its Motion for Summary Judgment**, and had this pleading sent via Federal Express to the following:

      Carter Perrott

      3163 Hickory Court

      Hansford, CA 93230

      Plaintiff *Pro Se*

            TYBOUT, REDFEARN & PELL

            _____
            SHERRY RUGGIERO FALLON
            Bar ID # 2464
            750 South Madison Street #400
            P.O. Box 2092
            Wilmington, DE 19899-2092
            (302) 658-6901
            Attorneys for Plaintiff,
            Post Confirmation Trust,
            Administrator of the
            Estate of Debtor, Fleming