B10 (Official Form 10) (Rev. 10/96)

**UNITED STATES BANKRUPTCY COURT**
For the District of Delaware

**PROOF OF CLAIM**

03

In re: Flemming Companies, Inc.

Case Number: 03-10945

NOTE: This claim should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Creditor Name (Person or entity debtor owes): CARTER PERROTT
Address Line 1: 3163 Hickory Court
Address Line 2: Phone (559) 589-1974
Address Line 3:
City, ST ZIP: HANFORD CA 93230

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach Copy of statement giving particulars.

☑ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court

THIS SPACE IS FOR COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:
Account: Flemming Companies dba Food 4 Less (Acct no. 03-10945)
Incident number 9489-220-995810-2 (ESIS)

Check here if this claim ☐ replaces ☐ amends a previously filed claim dated: ________

1. BASIS FOR CLAIM

☐ Goods sold
☑ Personal injury/wrongful death
☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Services performed
☐ Taxes
☐ Wages, salaries, and compensation (Fill out below)
Your social security No. ________
Unpaid compensation for services performed from ________ (date) to ________ (date)
☐ Money loaned
☐ Other (Describe Briefly)

2. Date Debt Incurred: (MMDDYY) 11 30 02

3. If Court Judgment, Date Obtained:

4. CLASSIFICATION OF CLAIM. Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

☐ SECURED CLAIM
Attach evidence of perfection of security interest
Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle ☐ Other (Describe briefly)

Amount of arrearage and other charges at time case filed included in secured claim above, if any $ ________

☑ UNSECURED NONPRIORITY CLAIM
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☑ UNSECURED PRIORITY CLAIM - Specify the priority of the claim.

☐ Wages, salaries, or commissions (up to $4,650), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3)

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4)

☐ Up to $2,100 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6)

☐ Taxes or penalties of governmental units - 11 U.S.C. § 507 (a)(7)

☑ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) ________
Personal Injury Claim

5. AMOUNT OF CLAIM AT TIME CASE FILED:

| (Secured) | (Unsecured Nonpriority) | (Unsecured Priority) |
|---|---|---|
| | | $1,500,000.00 |

☑ Check this box if claim includes charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

6. CREDITS AND SETOFFS: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

7. SUPPORTING DOCUMENTS: *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. TIME-STAMPED COPY: To receive an acknowledgment of the filing of your claim, enclosed a stamped, self-addressed envelope and copy of this proof of claim. STAMPED-ADDRESSED ENVELOPE + CLAIM ENCLOSED

THIS SPACE IS FOR COURT USE ONLY

FILED
2003 JUN -5 PM 12:23
US BANKRUPTCY COURT DISTRICT OF DELAWARE

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
|---|---|
| 5-29-03 | [signature] CARTER PERROTT |

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

# PROOF OF CLAIM

s130204

In re:

Fleming Companies, Inc. D.B.A. FOOD 4 LESS

Case Number: 03-10945

Scheduled Claim Ref # 2-F7-12807

YOUR CLAIM IS SCHEDULED AS:

UNKNOWN UNSECURED
DISPUTED, UNLIQUIDATED

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if this address differs from the address on the envelope sent to you by the court.

**Name of Creditor and Address:**

0354429422440

PERROTT, CARTER
3163 HICKORY CT
HANFORD, CA 93230

Creditor Telephone Number (559) 589-1974

The amounts reflected above constitute your claim as scheduled by the Debtor. If you agree with the amounts set forth herein, and have no other claim against the Debtor, you do not need to file this proof of claim EXCEPT as stated below.

**If the amounts shown above are listed as Contingent, Unliquidated or Disputed, a proof of claim must be filed.**

If you have already filed a proof of claim with the Bankruptcy Court or BMC, you do not need to file again.

CREDITOR TAX I.D. #: 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

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR: 9489-220-995810-2

Check here if this claim ☐ replaces or ☐ amends a previously filed claim dated: ______

**1. BASIS FOR CLAIM**

☐ Goods sold
☐ Services performed
☐ Money loaned
☑ Personal injury/wrongful death
☐ Taxes
☐ Other (describe briefly)
☐ Retiree benefits as defined in 11 U.S.C § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)

Your social security number: ______

Unpaid compensation for services performed from: ______ (date) to ______ (date)

**2. DATE DEBT WAS INCURRED:** 11-30-02

**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. TOTAL AMOUNT OF CLAIM AS OF PETITION DATE:** $ ______ (unsecured) $ ______ (secured) $150,000.00 (unsecured priority) $150,000.00 (total)

**If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.**

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. SECURED CLAIM**

☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of collateral:

☐ Real Estate
☐ Motor Vehicle
☐ Other ______

Value of collateral: $ ______

Amount of arrearage and other charges at time case filed included in secured claim above, if any $ ______

**6. UNSECURED PRIORITY CLAIM**

☑ Check this box if you have an unsecured priority claim

Specify the priority of the claim:

☐ Wages, salaries, or commissions (up to $4,650*), earned within 90 days before filing of the bankruptcy petition or cessation of the Debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3)

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4)

☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6)

☐ Alimony maintenance or support owed to a spouse, former spouse, or child -11 U.S.C. § 507(a)(7)

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8)

☑ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) PERSONAL INJURY SUPPORTING DOCUMENTS ATTACHED

* Amounts are subject to adjustment on 4/1/01 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. CREDITS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. SUPPORTING DOCUMENTS:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. DATE-STAMPED COPY: To receive an acknowledgment of your claim, please enclose a self-addressed stamped envelope and an additional copy of this proof of claim.**

**The original of this completed proof of claim form must be sent by mail or hand delivered (FAXES NOT ACCEPTED) so that it is received on or before 4:00 p.m., September 15, 2003, Pacific Daylight Time.**

**BY MAIL TO:**
Bankruptcy Management Corporation
P.O. BOX 900
El Segundo, CA 90245-0900

**BY HAND OR OVERNIGHT DELIVERY TO:**
Bankruptcy Management Corporation
1330 East Franklin Avenue
El Segundo, CA 90245

THIS SPACE FOR COURT USE ONLY

FILED
AUG 12 2003
BMC

DATE SIGNED: 8-12-03

SIGN and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any).

Carter Perrott

Penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 AND 3571

Fleming Companies Claim



# DEL L. TOLEDO, ATTORNEY AT LAW

1500 S. Mooney Blvd., Suite 14    Visalia, California 93277
(559) 739-7005  Fax (559) 739-7006

June 18, 2003

Carter Perrott
3163 Hickory Ct.
Hanford, CA 93230

Re:    Perrott vs. Food 4 Less

Dear Mr. Perrott:

As I previously informed you, Food 4 Less (Fleming Company) is in Bankruptcy. Please find enclosed a copy of the proof of claim filed with the Bankruptcy Court on your behalf. The proof of claim was filed early by our office in the hopes of speeding up this matter, but it is highly unlikely that this matter will be resolved this year. I do not expect much to happen in your case until this Bankruptcy matter gets cleared up.

Very Truly Yours,

Del L. Toledo
Enclosure: DLT/LP

FORM B10 (Official Form 10) (4/01)

UNITED STATES BANKRUPTCY COURT ________ DISTRICT OF Delaware

**PROOF OF CLAIM**

Name of Debtor: Fleming Companies dba Food 4 Less

Case Number: 03-10945

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

Carter Perrott

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:

Del L. Toledo, Attorney
1500 S. Mooney #14
Visalia, CA 93277

Telephone number: (559) 739-7005

XX Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

No objection to claim 1397
No CONTEST DUE TO THE claim being disallowed on 3/18/04 due to insufficient documentation to evaluate claim and/or priority asserted

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Incident # 9489-220-995810-2

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated: ________

**1. Basis for Claim**

☐ Goods sold
☐ Services performed
☐ Money loaned
XX Personal injury/wrongful death
☐ Taxes
☐ Other ________

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Your SS #: ________
Unpaid compensation for services performed
from ________ (date) to ________ (date)

**2. Date debt was incurred:** 11/30/02

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ 1,000,000.00

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**

☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle
☐ Other________

Value of Collateral: $________

Amount of arrearage and other charges at time case filed included in secured claim, if any: $________

**6. Unsecured Priority Claim.**

XX Check this box if you have an unsecured priority claim

Amount entitled to priority $________

Specify the priority of the claim:

☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

Date: 6/18/03

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):

[signature] DEL L. Toledo

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

In re:

Fleming Companies, Inc., et al.,[1]

Debtors.

Chapter 11

Case No. 03-10945 (MFW)

(Jointly Administered)

**Responses Due By: March 18, 2004 at 4:00 p.m. prevailing Eastern Time**

**Hearing Date: March 25, 2004 at 10:30 a.m. prevailing Eastern Time**

**NOTICE OF HEARING ON DEBTORS' SECOND OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)**

TO: PERROTT, CARTER
DEL L TOLEDO ATTORNEY
1500 S MOONEY
#14
VISALIA, CA 93277

NO OBJECTION TO CLAIM DISMISSAL

PLEASE TAKE NOTICE that on January 30, 2004, the Debtors filed their Second Omnibus Objection to Claims (the "Second Omnibus Objection") with the United States Bankruptcy Court for the District of Delaware which seeks to alter your rights by disallowing and expunging your claim or claims for the reasons noted.

| Name of Claimant | Claim Number | Claim Amount | | | | | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| | | Secured | Admin | Priority | Unsecured | Total | |
| PERROTT, CARTER | 1397 | $0.00 | $0.00 | $1,000,000.00 | $0.00 | $1,000,000.00 | Insufficient documentation to evaluate claim and/or priority asserted. |

IF YOU CONTEST THE RELIEF SOUGHT IN THE SECOND OMNIBUS OBJECTION, YOU ARE REQUIRED TO FILE A WRITTEN RESPONSE with the Clerk of the Bankruptcy Court, 824 N. Market Street, Wilmington, DE 19801, **on or before March 18, 2004 at 4:00 p.m. prevailing Eastern Time** (the "Response Deadline"). At the same time, you must also serve a copy of the response upon the Debtors' attorneys at **Kirkland & Ellis LLP, 200 East Randolph Drive, Suite 6500, Chicago, IL 60601, Attn: Kenneth C. Robling; and Pachulski, Stang, Ziehl, Young, Jones & Weintraub, P.C., 919 North Market Street, 16th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: Laura Davis Jones, so as to be received on or before March 18, 2004, at 4:00 p.m. prevailing Eastern Time**. It is likely that only those responses timely filed with the Court and received by the above-listed counsel in accordance with this Notice will be considered by the Court.

A HEARING ON THE SECOND OMNIBUS OBJECTION WILL BE HELD ON **March 25, 2004 at 10:30 a.m. prevailing Eastern Time** before the Honorable Mary F. Walrath, United States Bankruptcy Court, 824 N. Market Street, 6th Floor, Wilmington, DE (the "Claims Hearing").

The following entities (the "Notice Parties") will receive a copy of the Second Omnibus Objection: (a) those who have filed claims that are affected by the Second Omnibus Objection (the "Claimants"); (b) the Office of the United States Trustee; (c) counsel for the Creditors' Committee; (d) counsel for the Debtors' prepetition lenders; and (e) all parties who have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002 (the "2002 List").[2]

Any party whose claim is subject to the Second Omnibus Objection should read this notice and the accompanying papers carefully and discuss them with their attorney, if appropriate. All such parties should be aware that their claims may be disallowed, expunged, reduced or modified by virtue of the relief sought in the Second Omnibus Objection.

Any response filed with the Court must contain, at a minimum, the following:

(a) A caption setting forth the name of the Court, the name of the Debtor, the case number and the title of the objection to which the response is directed;

(b) The name of the claimant and a description of the basis for the amount of the claim;

(c) The specific factual basis and supporting legal argument upon which the party will rely in opposing the Second Omnibus Objection;

---

1 The Debtors are the following entities: Core-Mark International, Inc.; Fleming Companies, Inc.; ABCO Food Group, Inc.; ABCO Markets, Inc.; ABCO Realty Corp.; ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.; Dunigan Fuels, Inc.; Favar Concepts, Ltd.; Fleming Foods Management Co., L.L.C., Fleming Foods of Texas, L.P.; Fleming International, Ltd.; Fleming Supermarkets of Florida, Inc.; Fleming Transportation Service, Inc.; Food 4 Less Beverage Company, Inc.; Fuelserv, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; Minter-Weisman Co.; Piggly Wiggly Company; Progressive Realty, Inc.; Rainbow Food Group, Inc.; Retail Investments, Inc.; Retail Supermarkets, Inc.; RFS Marketing Services, Inc.; and Richmar Foods, Inc.

2 The Office of the United States Trustee, Counsel for the Creditors' Committee, and Counsel for the Debtors' prepetition lenders will receive, in addition to a copy of the Second Omnibus Objection, a copy of all exhibits related thereto (the "Exhibits"). The Claimants and members of the 2002 List will not receive the Exhibits but rather will receive a customized notice containing the information from that portion of the Exhibits that relates to their particular claim(s). Any party may, however, obtain copies of the Exhibits as provided herein.

DOS: 11/30/2002
EMS #: 200211300193
NON-STAT Trauma

**FRESNO / KINGS / MADERA EMERGENCY SERVICES**

Patient No: 1 of 1

## TREATMENT

**17:41 : OTHER :** * - *ICE PACK, * - *, * - *, * - *, By - Smith, Clinton E

## RESPONSE INFORMATION

**Location:** 1850 W Lacey Blvd

**Documented by:** Smith, Clinton E

**Unit:** A622

**Paramedic:** Smith, Clinton E
**EMT:** Carr, Edward L
**Evaluator:** Syme, Gary A

**Transport:** A622
**# of Patients:** 1
**Crew Exposure?:** No

**Priority:** 3
**Call Recvd:** 17:26
**Unit Alert:** 17:27
**Enroute:** 17:29
**On Scene:** 17:33
**Pt. Contact:** 17:35
**Depart:** 17:44
**Transport Priority:** 3
**Arrive:** 17:49

**Delay Reason:** Failed to go enroute

## OTHER AGENCIES

**Agency:** Hanford Fire, Unit S11
Hanford PD, Unit BT

**Outcome:** AA 2nd, Other Agency CX
Law Enforcement

## CREW SIGNATURES

| Paramedic | EMT | Evaluator |
|---|---|---|
| A630 | B4859 | KA052 |
| x [signature] | x [signature] | x [signature] |
| **Smith, Clinton E** | **Carr, Edward L** | **Syme, Gary A** |

## SIGNATURES

**Accept Transport and/or Treatment** **11/30/02 5:56:53PM**

I accept and anthorize that Medicare and/or insurance benefits be made on my behalf to the ambulance company for services furnished to me by this ambulance company. I authorize any holder of medical information about me to release to the health care financing administration and its agents any information needed to determine these benefits.

In Medicare assigned cases, this ambulance company agrees to accept the charge determination of the Medicare carrier as the full charge and the patient is only responsible for the deductible, coinsnrance, and non-covered services.

I have been notified that Medicare, Medi-Cal and private insurance may deny payment for ambulance services if they are not determined as "reasonable and necessary." If Medicare or my private insurance denies payment, I agree to be personally and fully responsible for payment, and to make such payment when billed.

***PATIENT UNABLE TO SIGN***

Comments: **Other: Unable to Sign**

**Transfer Section** **11/30/02 5:57:14PM**

THIS PATIENT IS RECEIVED BY care provider, family, RN/MD.

[signature]

CARTER, PERROTT
M 068Y 7/22/1934
Acct: 53341673
MR.# 243-234
EMS E
ADM 2175 SMITH, RONALD
ATT 2175 SMITH, RONALD
REF 2140 LEONI, MICHEAL
0000
ADMIT: 11/30/2002
HANFORD COMMUNITY MEDICAL CENTER

3

## Initial Assessment

√ = WNL / Negative Findings on Initial Assessment
* = Positive Findings

Date 11/30/02 Time 1800 Initials

| | | |
|---|---|---|
| GCS | 15 | Best Eye Best Motor Best Verbal |
| PERRL | ✓ | |
| CARDIAC | ✓ | |
| SKIN /Circ | ✓ | |
| RESP. | ✓ | (R) Knee Injury |
| ABD | ✓ | |
| G.I. | ✓ | |
| G.U. | ✓ | |
| Pyscho / Soc | ✓ | |
| Abrasion | A | |
| Burns | B | |
| Deformity | D | |
| Ecchymosis | E | |
| Foreign Body | FB | |
| Hematoma | H | |
| Laceration | L | |
| Swelling | S | |
| Rash | R | |
| IV / EMS | IVE | |
| | Time | In Place on Arrival: ☐ Monitor ☐ 02 ☐ C-collar ☐ Splint ☐ Back Board |
| Bloods Drawn | | |
| Xray Done | | |
| EKG Done | | |

## Glascow Coma Scale

| Eye Opening: | PT Best Motor: | Verbal Response: |
|---|---|---|
| 6 | Obeys commands | |
| 5 | Localizes pain | Oriented & Converses (Coo, Babbles) |
| 4 Spontaneously | Withdraws from pain | Disoriented & Converses (irritable Cries) |
| 3 To Speech | Abnormal flexion to pain | Inappropriate Words (Cries to pain) |
| 2 To Pain | Abnormal extension to pain | Incomprehensible Sounds (Moans to pain) |
| 1 None | None | None |

| TIME | Medication / Dose / Route / Site / Initials |
|---|---|
| 1920 | Toradol 60 mg IM — PD |
| 1900 | Vicodin 6 Pt take 20 Go — PD |

DT 0.5cc IM Lot# Exp:

| TIME | IV Therapy: Start: # ___ g. #Attps ___ Initials ___ | |
|---|---|---|
| | Solutions / #cc / ☐ Lock ☐ Site ___ | Total Infused |

| I & O Record | | | | | |
|---|---|---|---|---|---|
| IV | CC | NG | CC | I & O Summary | |
| Blood | CC | CT | CC | Total In: | CC |
| | | Urine | CC | Total Out: | CC |

Data = Subjective / Objective Action = Interventions Response = Response of patient to intervention Teaching = Patient / Family / Friend / Caretaker

Supine BP N/A ☐ Sitting BP N/A ☐ Standing BP N/A ☐

| Time | KEY | T | P | R | BP | SA02 | PAIN (1-10) | Time | Key | |
|---|---|---|---|---|---|---|---|---|---|---|
| 1800 | D | | | | | | | | | pt in by amb for eval of knee injury d/t fall. X-Ray ordered pt A/Ox4 |
| 1920 | A | | | | | | | | | Toradol IM to (R) knee, Attmed. — PD. |
| 1955 | A | | 69 | 18 | 132/81 | | | | | Pt D/C from ER noted. Verbalized feeling little better. Pt. provided with pair crutches. d/c w/c. Carry — PD |

| Signature / Title | Initials | Signature / Title | Initials |
|---|---|---|---|
| | | Shirley [illegible] | PD |

Adventist Health Central California

ER8252-01

EMERGENCY DEPARTMENT RECORD (ED PDBI)

Page 1 of 2

Patient Identification

CARTER, PERROTT
M 068Y 7/22/1934
Acct: 53341673
MR # 243-234
ADM 2175 SMITH, RONALD
ATT 3175 SMITH, RONALD
REF 3140 LEONI, MICHEAL
EMS
0000
ADMIT: 11/30/2002
HANFORD COMMUNITY MEDICAL CENTER

Form No. 86-8000-0 (Rev 6/02)

# MEDICAL SCREENING EXAM

ROOM# | DATE | TIME OF ARRIVAL | TIME OF MSE | MODE OF ARRIVAL ☐ SELF ☐ PARENT ☐ WALKED ☐ W/C ☐ CARRIED ☐ AMB ☐ OTHER

NAME-LAST | FIRST | INFORMANT ☐ Self ☐ Parent ☐ Other: | WT kg lb | HT | PT. REQUEST: ☐ ERMD ☐ PMD ☐ SPECIALIST NAME(S):

AGE 68 | ACUITY I II III | SMOKE Y N | PREG Y N | LMP | LAST TET | ATE LAST | CURRENT IMMUNI. Y N | HEAD CIRCUMF. | PMD CALLED: N Y, WHO:

| V.S. TIME | TEMP T O R | PULSE | RESP. | BP | INI. |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

TIME SEEN BY M.D.: 1800 Slipped & fell at the store, landed on (R) knee and fell on (R) side. Was unable to get up 2° pain

CC:

PMH:

MEDS:

ALLERGIES:

FAM. HX.:

SOC.: NKA

R.O.S.:

NOTIFIED: POLICE CPS ANIM. CT MENT. H. REL.

NAME: TIME:

SIGNATURE: DISPOSITION:

**P.E.:** NAD Looks OK

HEAD:
NECK:
EYES:
EARS: WNL
NOSE:
THROAT:

LUNGS: mild (L) side wheezes
CARDIO: RSR
CHEST:
BREAST:
ABD:
G.U.: (R) knee - LROM 2° pain
EXT.: ⊕ swelling
NEURO:
SKIN: Patella - ⊖ tender

Xray (+) DJD. Possible Superior Osteophytic Fx

## ORDERS

☐ CAR. PROTOCOL ☐ BP MONITOR ☐ EKG ☐ V.S. q
☐ O.D. PROTOCOL ☒ PULSE OX ☐ POST. V. S. ☐ NEURO. CK. q
☐ CSF PROTOCOL ☐ TELEMETRY ☐ visual acuity ☐ OLD CHART
☐ GYN. PROTOCOL O2 L/M N.C. MASK ☐ OLD X-RAY

IV:

MEDS: Toradol 60 mg IM
Vicodin 6 pack to go
dT .5cc IM

OTHER: (R) Knee Immobilizer
1 pair Crutches V.O. Dr. [illegible]

LAB: ☐ I-STAT

PELVIC: ☐ GC ☐ CHLAMYDIA ☐ Rh/CS ☐ KOH ☐ WET MT.
PANELS: ☐ LIVER ☐ CARDIAC ☐ CHEM 7 ☐ THYROID
BLOOD: ☐ CBC ☐ PT ☐ PTT ☐ ACCU. CK ☐ RH SCREEN ☐ HCG ☐ CULTURES/X
URINE: ☐ UA ☐ CATH. UA ☐ HCG ☐ DRUG SCRN ☐ DIP UA

X-RAY:

☐ CXR ☐ PORT
☐ ACUTE ABD ☐ R ☐ L CLAVICLE ☐ R ☐ L HAND ☐ R ☐ L FOOT
☐ C-SPINE ☐ R ☐ L RIBS ☐ R ☐ L WRIST ☐ R ☐ L ANKLE
☐ T-SPINE ☐ PELVIS ☐ R ☐ L ELBOW ☒ R ☐ L KNEE
☐ L/S SPINE ☐ NASAL BONE ☐ R ☐ L SHOULDER ☐ R ☐ L HIP

RESP. TX.: ☐ HHN PROTOCOL ☐ HHN ☐ ABG ☐ SPUTUM ☐ GM STAIN ☐ C&S ☐ RSV

ER COURSE: CRITICAL CARE? MIN.

CONSULTATION: TIME:

CLINICAL IMPRESSION: S/P Fall (R) knee Contusion
2) DJD (R) knee
3) Possible Internal Derangement (R) knee

IMPRESSION TYPED:

CONDITION ON DISCHARGE: ☐ IMPROVED ☑ UNCHANGED ☐ WORSENED ☐ DOA ☐ DIE

DISPOSITION: ☐ OBSERVATION ☐ ADMIT-DR.

TRANSFER TO: ACCEPTING M.D.:

REPORT DICTATED: ☐ REPORT WRITTEN: ☑

PHYSICIAN SIG.: M. Leoni MD

PHYSICIAN SIG. TYPED:

DATE: 30 Nov 02

ADDRESSOGRAPH:

CARTER, PERROTT
M 068Y 7/22/1934 EMS E
Acct: 53341673 ADM 2175 SMITH, RONALD
MR # 243-234 ATT 2175 SMITH, RONALD
REF 2140 LEONI, MICHEAL
0000
HANFORD COMMUNITY ME[illegible] ADMIT: 11/30/2002

Adventist Health | Hanford Community Medical Center

450 Greenfield Avenue P.O. Box 240 Hanford, California 93232 (559) 583-9000

PHYSICIAN'S PLAN OF CARE
FORM #7010E 201

5

DATE/ARRIVAL TO DEPT: 11/30/02 TIME: 1758

NAME: LAST Perrott FIRST Carter ☒M ☐F AGE: 68 RM # HB1

CC/REASON FOR ADMISSION: groundlevel fall ø LOC. Injury to Ⓡ knee 90 of pain

ARRIVED FROM: HOME ☐ MD ☐ SNF ☐ OTHER: Store

MODE OF ARRIVAL: WALK ☐ W/C ☐ GURNEY ☐ CARRIED ☐ AMBULANCE ☐ | WITH: SELF ☐ FAMILY ☐ FRIEND ☐ CPS ☐ LAW ☐

BP 157/97 RT ☐ LT ☐ | TEMP: T ☒ O ☐ R ☐ 98.8 | Pulse 84 | Resp 18 | SpO2: 97% | N/A ☐ | Rm Air ☑ | L/MIN ____

HT: WT: lb/Kg 278 | Head Circ: N/A ☒ | Last Tetanus: Unknown ☒ | Immun Status: Current ☐ Unknown ☒ | LMP: N/A ☒ | Pregnant: N/A ☒ No ☐ ? ☐ Yes ☐ # EDC: G P PNC: YES ☐ NO ☐ | Visual Acuity: OD: OS: OU: N/A ☒

ALLERGIES: None ☒ Dyes ☐ Rubber/Latex ☐ Tape ☐ Environmental ☐ Food ☐ Drugs ☐ Other ☐
List:
Reaction(s):

10/1/08

INFORMANT: SELF ☒ PARENT/FAMILY ☐
OTHER:
Unable to obtain - ☐ reason:

PCP: N/A ☒

PCP CALL: N/A ☐ NO ☒ YES ☐
TIME:

PT. REQUESTS TO SEE: PCP ☐ ERMD ☐ N/A ☐
OTHER: ☐

LANGUAGE PREFERRED: ENG ☒ SPAN ☐ OTHER ☐

INTERPRETER USED: N/A ☒ AT&T ☐
NAME:

USE OF: Tobacco ☐ Alcohol ☐ Street Drugs ☐ None ☒
LAST USED/AMOUNT:

| Meds/Herbs/Vits/Homeopathic Preps | Dose/Freq | Last Taken | Meds/Herbs/Vits/Homeopathic Preps | Dose/Freq | Last Taken |
|---|---|---|---|---|---|
| ☐ See attached list | | | Sometimes Lasix (wife's) | | |
| Denies | | | | | |

Medication: None ☐ Did not bring ☐ Sent to: RX ☐ With Pt ☐

| Past | Current | Med Hx |
|---|---|---|
| ☐ None | | |
| ☐ | ☐ | Lung Problem |
| ☐ | ☐ | Heart/Vascular |
| ☐ | ☒ | High B/P |
| ☐ | ☐ | Kidney/GU Prob |
| ☐ | ☐ | Liver Disease |
| ☐ | ☐ | Bone/Joint Disease |
| ☐ | ☐ | CVA/Neuro Prob |
| ☐ | ☐ | Seizures |
| ☐ | ☐ | STD's |

Other:

| Past | Current | Med Hx |
|---|---|---|
| ☐ | ☐ | GI Disease |
| ☐ | ☐ | Diabetes |
| ☐ | ☐ | Blood Disorder |
| ☐ | ☐ | Cancer |
| ☐ | ☐ | TB |
| ☐ | ☐ | Transf. Reaction |
| ☐ | ☐ | Mental/Emotional |
| ☐ | ☐ | Skin Disorders |
| ☐ | ☐ | Congenital Abnorm. |
| ☐ | ☐ | Glaucoma/Cataract |
| ☐ | ☐ | Assistive Device |

Tobacco Use: Yrs ____ Amt ____
Alcohol Use: Yrs ____ Amt ____ Last Used ____
Drugs: Yrs ____ Amt ____ Last Used ____

**SIGNS AND SYMPTOMS OF ABUSE (see examples): No ☐ Yes ☐
If yes list #'s (see reverse): N/A

PAIN
Pain now? No ☐ Yes ☒ Where: Ⓡ knee How Long: Tonight
Pain in recent past: No ☒ Yes ☐ When:
Measures to alleviate pain: —
Did measures help: No ☒ Yes ☐
Current pain level (0-10): 0 1 2 3 4 5 6 7 (8 9) 10
Pt's **risk for pain: 0 1 2 3 4 5 6 7 (8 9) 10

Hosp/Surgery: List # (see reverse) ____ N/A ☐

Medical Records called for old chart?:

IC
Have you had a cough > 2 wk, sputum, low grade fever, night sweats, unexpected weight loss, AND fatigue OR an infectious process? N/A ☒
No ☐ Yes ☐ List# (see reverse) # *Initiate IC Precautions:* TB Airborne Contact Droplet

ED
Acuity/Signature RN for ED USE ONLY ACUITY: EMERGENT ☐ URGENT ☐ NON-URGENT ☒
To Rm # HB1 Time: 1758 Signature: [signature] Signature: [signature] RN

LEARNING
**Anticipated learning needs? List: ☐ See PDB2
**Barriers to learning: None ☐ Age ☐ Mental Status ☐ Language Barrier ☐ Hearing/Sight ☐ Desire/Readiness ☐ Financial ☐ Acuity ☐ Religion/Culture ☐ Education Level/Reading Ability ☐
Preferred Learning Style: No pref. ☐ Doing ☐ Seeing ☐ Reading ☐ Hearing ☐ (Applies to parent if patient is an infant or preschool age child)

REFER
Will you have assistance at home, if needed? N/A ☐ Yes ☐ No ☐ List# (see reverse)
Referrals or Reporting: None ☐ Law Enforcement ☐ CPS/APS ☐ Animal Control ☐ Mental health ☐ Public Health ☐ CMR Sent ☐ Nutritional Services ☐ Rehab ☐ Social Services ☐ Physician ☐ Clergy ☐ Infect Control ☐ Home Health ☐ Coroner ☐
List reason(s) for referral: Name, Date & Time of contact:

NOTES

DISPOSITION
Discharged: Home ☒ Board & Care ☐ SNF/ECF ☐ Physician Office ☐ Jail/Prison ☐ AMA ☐ LAMSE ☐ LBMSE ☐ DECEASED ☐
Admitted to: Surgery ☐ Unit/Room: 1955 Transferred to: ____ by: Ambulance ☐ Private Auto ☐
Belongings: List Completed: Yes ☐ No ☐ N/A ☐ Sent with Patient ☐ Family ☐ Other: ____ Valuables to Safe: Yes ☐
Rx Given: No ☐ Yes ☐ DC Instructions Given: No ☐ Yes ☐ Carseat Information Given ☐
Date/Time: 11/30 / 1955 Accompanied By: ____ Discharged by: ____

**RN to complete these items Boxed Responses may require referral or reporting: Refer to Abuse, IC, DC Planning Screens on reverse side

| | | |
|---|---|---|
| INITIAL DATA OBTAINED: | / | SIGNATURE: |
| **RN COMPLETED/REVIEWED | / | SIGNATURE: |

8252-24 Signature:

Adventist Health
Adventist Medical Center
Central California

OUTPATIENT/INPATIENT
EMERGENCY (PDB 1)

Page 1 of 2

Form No. 86-9001-8 (7/02)
© 2001 Adventist Health

EMS E
CARTER, PERROTT
M 068Y 7/22/1934
Acct: 53341673
MR # 243-234
ADM 2175 SMITH, RONALD
ATT 2175 SMITH, RONALD
REF 2140 LEONI, MICHEAL
0000
ADMIT: 11/30/2002
HANFORD COMMUNITY MEDICAL CENTER

# AFTERCARE SHEET

**DISCHARGE INSTRUCTIONS:**

☐ SPANISH
☐ NO SUPER DOC
☐ COPIES OF LAB / PAPERWORK FOR PMD/FOLLOW-UP

☐ allergic reaction/ anaphylaxis
☐ abd. pain
☐ asthma
☐ back pain
☐ bite-human, cat, dog
☐ bite-bug/insect
☐ bronchitis
☐ bronchiolitis
☐ burn care
☐ chest pain/cardiac
☐ colic
☐ concussion
☐ conjunctivitis-viral/allergies
☐ contusion
☐ corneal injuries
☐ croup
☐ diarrhea/gastroenteritis
☐ dyspepsia/reflux
☐ febrile seizure
☐ fever
☐ chest pain/non-cardiac
☐ fracture ______
☐ headache-migraine/tension
☐ head trauma/injury
☐ HTN
☐ hypoglycemia
☐ kidney stone
☐ MVA
☐ nosebleed/epistaxis
☐ nausea/vomiting
☐ otitis media/external
☐ palpitation
☐ panic attack/anxiety
☐ pharyngitis-viral / strep
☐ P.I.D.
☐ pneumonia/lower resp inf
☐ seizure/non-febrile
☐ sprain / strain
☐ suture care
☐ staple care
☐ threatened/spont. abortion
☐ toothache
☐ URI - Pediatric
☐ URI - Adult
☐ UTI/Pyelonephritis
☐ viral syndrome/influenza
☐ vomiting/diarrhea
☐ wound care

**Additional Instructions:** Use meds as directed. Go to clinic in 1-2 days for recheck and to get an official reading of your X-rays. Use immobilizer at all times.

☐ Acetaminophen (Tylenol, etc.)
80 mg/.8 cc drops ______ dropper every ____ hours for fever or pain
160 mg/5 cc susp. ______ ml every ______ hours for fever or pain
325 mg/500 mg tablets ______ every ______ hours for fever or pain

☐ Ibuprofen (Motrin, Advil, etc.)
100 mg/5 cc susp. ______ ml every ______ hours for fever or pain
200 mg tablet ______ every ______ hours for fever or pain

**FOLLOW UP:** ☐ SEE WORK INJURY REPORT ☐ SEE JAIL FORM ☐ DISCHARGE FROM FURTHER CARE

✓ Douty Clinic 584-7545
____ Lemoore Clinic 924-7711
✓ Your Doctor / Clinic
____ Back to this E.R.
____ Dr.______
____ An appointment has been made for you

✓ in 2-3 d
____ if your symptoms are not better after ______ days
____ in the A.M.
____ as soon as possible
____ as scheduled

Day ______ Time ______

OTHER

**RETURN TO THE E.R., (OR YOUR DOCTOR), BEFORE YOUR SCHEDULED APPOINTMENT, IF YOU THINK YOUR SYMPTOMS ARE GETTING WORSE.**
**DISCLAIMER:**
I understand that I have been provided with emergency care only; by a physician, or trained mid-level practitioner. I further understand that it is the nature of emergency care that a specific diagnosis may not be possible based on my current signs and symptoms. I understand that these signs and symptoms may change suggesting a different diagnosis, or a worsening of my condition. With my signature, I acknowledge these limitations and I agree that I have been instructed to seek further medical care if I think my condition worsens, or changes significantly.

**DEVUELVÁ AL CUARTO DE EMERGENCIA (O SU DOCTOR) ANTES DE SU CITA, SI SUS SINTOMAS SE ESTAN EMPEORANDO.**
**DISCLAMADOR**
Entiendo que he recibido tratamiento solo de emergencia por un doctor o enfermera practicante. Tambien entiendo que con mis sintomas tal vez un diagnosis especifico no sea posible. Entiendo que estos sintomas si cambian puenden significar otro diagnosis o empeoramiento de me condicion. Con mi firma acepto estas limitaciones y estoy de acuerdo que buscare mas atencion medica si creo que estoy peor o mis sintomas cambian.

[signature] 11-30-02 [signature]

**Patient Signature** **Date** **Witness Signature** **Date**

## PRESCRIPTION

**Medication Instructions:** TAKE ALL PRESCRIPTIONS AS PRESCRIBED. BE SURE TO READ THE INSTRUCTIONS PROVIDED BY THE PHARMACIST.
**Enstrucciones De Medicamientos:** TOME TODA LA MEDICINA COMO RECETADA. ESTALLA SEGURO DE LEER LOS INSTRUCCIONES QUE LE DÁ LA PHARMACIA

1. Medication: Vicodin #20 — ☐ No Refill
   sig: 1 - 2 po Q4H prn severe pain
2. Medication: Motrin 800 mg #20 — ☐ No Refill
   sig: 1 tab po TID prn pain & swelling
3. Medication: ______ ☐ No Refill
4. Medication: ______ ☐ No Refill

☐ LABEL IN SPANISH ☐ DO NOT DRIVE OR OPERATE HEAVY EQUIPMENT
☐ DO NOT SUBSTITUTE ☐ WORKMANS COMPENSATIONS

Michael Leoni MD G01760 BL3203503 M.D.

Adventist Health

☐ *Hanford Community Medical Center*
450 N. Greenfield Avenue, Hanford, CA 93230
(559) 585-5176 • Fax (559) 585-5183

☐ *Central Valley General Hospital*
1025 N. Douty St., Hanford, CA 93230
(559) 583-2250 • Fax (559) 583-2249

Addressograph

CARTER, PERROTT
M 068Y 7/22/1934
Acct: 53341673
MR # 243-234
EMS E
ADM 2175 SMITH, RONALD
ATT 2175 SMITH, RONALD
REF 2140 LEONI, MICHEAL
0000
ADMIT: 11/30/2002
HANFORD COMMUNITY MEDICAL CENTER

FORM #7010F 151 (2/00)

This is False Report Greg moore Proudly states He went out and found Himself.

**Adventist Health**
***Hanford Community Medical Center***
450 Greenfield Avenue, Hanford, CA 93230
Tel: (559)585-5221 Fax: (559)585-5230

**Patient:** CARTER, PERROTT
**Age:** 68Y
**Location:** EMS EMS
**Exam Date:** 11/30/2002
**Radiologist:** Michael Grossman, M.D. *[2594]
**Med Rec No.:** 243-234
**DOB:** 07/22/1934
**Acct No.:** 53341673
**Seq No.:** 1

I called Hospital M.G. unknown to Radiology Department

**Referring Physician:** Ronald A. Smith, MD *[2175], (ADM)

I was told the only Radiology Doctor that worked at the Hospital was Dr. Wheeler

See Next Page for Hanford Radiology medical Group Doctors. Staff. X Ray's michael Grossman Dictated A Week Later After Losing Originals Could be Anybody's X-Rays.

**(CARTER, PERROTT)**

**CLINICAL HISTORY:** Trauma.

**KNEE 3V RIGHT 73562RT:**

Films are being re-dictated as the original report was apparently lost.

We do not have prior views of the knee for comparison.

Findings: There are severe degenerative changes of the joint and patellofemoral joint and some deformity of the proximal tibia probably related to an old fracture. There is cephalad displacement of the patella and a rounded ossific density inferior to the patella which may be within the infrapatellar ligament.

**IMPRESSION:** Severe degenerative changes as described, probably all secondary to old trauma. Without prior films for comparison, exclusion of an acute injury is difficult. Follow-up study may be advisable if clinically indicated.

Authentication:
*Dictated by* **Michael Grossman, M.D. *[2594]** / *Signed by* **Kamran Koochek, M.D. *[2557]**
***S:12/06/2002 10:01:54***

**D: MG, 12/05/2002 11:58:45, SJVoice Job: 585475 HCVoice: 451556 T: jed, 12/05/2002 17:31:01, Text Job: 830373**
**E: jed, 12/05/2002 17:31:01;**
//11/30/2002 ##HCXR: RADIOLOGY REPORT

**RADIOLOGY REPORT**

A-100

**ESIS**
**P. O. Box 152035**
**Irving, TX 75015**

**Phone #800-261-2762, Ext. #7525**
**Local #972-465-7525**

**File handled by: Greg Moore**
**Routing #7035 P&C**

***To:***

________________________
________________________
________________________
________________________

***Patient's Name: Carter Perrott***
***Incident Date : 11/30/2002***
***Our File # : 9489-220-995810-2***

# C O N S E N T _ T O _ D E V E L O P _ M E D I C A L I N F O R M A T I O N

I hereby consent and request that the bearer be permitted to examine and obtain copies of all hospital and medical records of every sort and kind, interview doctors and other attendants regarding all matters relating to examination, diagnosis, care and treatment of myself, or my dependants. The information released may pertain to mentol illness or communicable or venereal disease that may include such diseases as hepatitis, syphilis, gonorrhea and the human immunodeficiency virus.

ANY PERSON WHO KNOWINGLY FILES A STATEMENT OF CLAIM CONTAINING ANY FALSE OR MISLEADING INFORMATION IS SUBJECT TO CRIMINAL AND CIVIL PENALTIES.

.I. am. willing. that. a. photocopy. of. this. authorization. be. accepted. with. the. same. authority. as. the. original..

Signature: Carter Perrott Social Security # 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
Address: 3163 Hickory Ct Date of Birth 7-22-34
HANFORD, CA

If Patient is a Minor:
Signature of Parent:________________ Print Name:____________
Relation to Patient: Please circle one of the following: Patient –Parent Grandparent–Guardian
Patient.s. Name:________________________________
Patient.sAddress:________________________________ Date of Birth:________________ SSN:________________X

________________________________________

We are requesting copies of:

- Doctor.s. Notes. &. Charts
- Nurse.s. Notes. &. Charts
- Physical Therapy Notes & Charts
- Progress Notes & Charts
- All Medical Records ___ months prior to date of incident
- Copies of Narrative Reports
- Itemized Billing Statement(s) from ____________ to ____________ only.
- Other: ________________________________

10

# PATIENT INTRODUCTION FORM

| **Patient Name:** Carter PERROTT | **Today's Date:** |
|---|---|
| Address: 3163 HickoryCourt | Home Telephone: (559) 589-1974 |
| City/State/Zip: HANFORD CA 93230 | Work Telephone: |
| Date Birth: 7-22-34 Age: 68 | Employer's Name: Retired |
| Height: 5 7 1/2 Weight: 270 | Employer's Address: |
| Social Security No: 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 | City/State/Zip: |
| Drivers License No: | Job Title: |
| E-Mail Address: | Marital Status (Circle): Single, (Married), Divorced, Widowed |

Name, Address, Relationship, and Telephone Number of your nearest adult relative (for emergencies):

## IS THIS VISIT RELATED TO A:

- ☐ Work Related Injury
- ☐ Sports or Recreational Injury
- ☐ Car Crash Injury
- ☐ Motorcycle-Bicycle Injury
- ☐ Non-Injury Symptoms
- ☐ School/Employment Physical
- ☐ Home Injury
- ☐ Check-up Only
- ☑ Other (Describe) fell in Grocery Store

## INSURANCE INFORMATION

| | |
|---|---|
| Does your insurance cover Chiropractic treatment? | ☐ Yes, ☐ No If yes, we need a copy of the card |
| If yes, indicate Insurance Company Name (Need copy of card).<br><br>**If you are being seen for a work related or car accident injury we need the Claim Number and the Claims Adjusters Name. If unknown, be certain to let the front desk staff know.** | Carrier Name: Fleming Companies dba Food [illegible]<br>Address:<br>Telephone:<br>Claim Number: 04489-220-006810-2<br>Claim Adjusters Name: Greg Moore |
| Are you the insured person or dependent (wife/husband/child)? | ☐ Insured, ☐ Dependent |
| If you are the insured persons dependent (spouse or child), we need the insured persons name, date of birth, social security number, and the name of the insured employers business in order to do billing. | Name of Insured Person:<br>Social Security Number:<br>Insured Date of Birth:<br>Name of Insured Company: |
| What is your co-payment amount for each visit? | Amount: $ |
| What percentage does your insurance pay? | Percentage (%): |
| What is your insurance deductible amount each year? | Amount: $ |
| Have you met your deductible this year? | ☐ Yes, ☐ No |
| Does your insurance policy limit each office payment amount? | ☐ Yes, ☐ No Limit is: $ |
| Does your insurance limit the number of office visits per year? | ☐ Yes, ☐ No Number: |
| Does your insurance limit the amount paid per year? | ☐ Yes, ☐ No Limit is: $ |

Our office will provide insurance billing services for you if you so desire as a courtesy. *Remember that you are ultimately responsible for any charges incurred in this office. It is your responsibility to pay any deductible amount, co-insurance, and or any other balances not paid by your insurance carrier. Your signature on this document indicates that you agree to pay for any outstanding bills incurred in this office.*

IN ORDER TO KEEP OUR OFFICE OVERHEAD DOWN AND KEEP OUR PATIENT FEES REASONABLE, WE EXPECT PAYMENT AT THE CONCLUSION OF EACH TREATMENT FOR CASH PATIENTS AND THE CO-PAYMENT FOR REGULAR INSURANCE PATIENTS.

Signature of responsible party (Patient or Parent): Carter Perrott Date: 1-10-03

Form 1000

© Reorder Nordhoff 2001 Office Forms (925) 484-2167

# PATIENT INSTRUCTION AND AUTHORIZATION TO PERSONAL INJURY INSURANCE CARRIER TO MAKE DIRECT PAYMENT TO CHIROPRACTOR

I, hereby authorize and instruct the following insurance carrier ______________________________ to send (mail) all paid monies for diagnostic testing, treatment, and/or medical supplies to the following Doctor/Clinic/Office for all services/supplies billed:

**Jesse P. Silva, D.C.**
**Optimal Health Chiropractic Center**

## SEND AND MAKE ALL PAYMENT CHECKS PAYABLE TO:

**Jesse P. Silva, D.C.**
**Optimal Health Chiropractic Center**
**5431 West Hillsdale Avenue, Visalia, California, 93291**
**State License Number: DC - 27173**
**Tax I.D. Number: 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**

*(Doctor, include your name, address, state license number, and tax ID number)*

| | |
|---|---|
| √ | I authorize said Doctor to release any information pertinent to my case to the mentioned insurance carrier. |
| √ | A photocopy of this authorization shall be considered as valid as the original. |
| √ | I authorize said Doctor to use my name in the "Signature on File" in future billings. |
| √ | I authorize direct payment to above Doctor. |
| √ | I authorize use of this form on all my insurance submissions (billings). |

## LIMITED POWER OF ATTORNEY FOR PAYMENT OF CHIROPRACTIC BILLS

I hereby, give limited Power of Attorney, for said Doctor/Clinic, to cash and deposit any sums paid by the above insurance carrier for only the specific injury indicated on this form.

Date: ______________________________

Patient Name (Please Print): ______________________________

Signature of Patient (Policyholder): ______________________________

Signature of Patient/Guardian, if other than Policyholder: ______________________________

Date of Injury: ______________________________

Witness Signature: ______________________________

Form 6000

© Reorder 2001 Nordhoff Office Forms (925) 484-2167

Adventist Health

# OUT-PATIENT DIAGNOSTIC SERVICES REQUISITION

Send Results To:

CENTRAL VALLEY FAMILY HEALTH CLINIC #2079

☐ Hanford Community Medical Center
450 Greenfield Ave., Hanford
Phone #582-9000
Fax #585-5216
*(Please stop at information desk in lobby)*

☐ Kerr Outpatient Center
470 Greenfield Ave., Hanford
Lab Phone #585-5740
Fax #585-5746
Radiology #585-5221
*(Please go to 1st floor)*

☒ Central Valley General Hospital
1025 N. Douty, Hanford
Phone #583-2200 Fax #583-2190
Radiology #583-2185 Fax #583-2184
*(Please stop at information desk in lobby)*

☐ STAT ☐ Fax report ☐ Routine ☐ Draw ASAP / test routine ☐ Have patient wait for me

Patient Name Perrott Carter DOB 9/22/34 Date 1-14-03

Insurance Policy # ______ Authorization # ______ SS# ______

**RADIOLOGY** Procedure: (R) HIP, leg, knee, low leg, & foot & ankle

**Reason for Test** fall

(Must Use Diagnosis, sign, or symptom only. Do not use "rule out", "possible", or "suspected" conditions.)

Your procedure appointment is scheduled for ADVISED to see a Specialist am / pm

Exam Preparation ______

***Special Instructions:*** ☐ Send patient back to office ☐ with film(s)

Physician's Signature [signature] Sorensen MD

**CARDIOPULMONARY** Procedure: ______

**Reason for Test** ______

(Must Use Diagnosis, sign, or symptom only. Do not use "rule out", "possible", or "suspected" conditions.)

Physician's Signature ______

***LABORATORY:*** **Directors J. Michael Crawford M.D. and Nicholes E. Reiber M.D.**

***YOU MUST INSERT ONE(1) ICD-9 CODE PER TEST / PANEL ORDERED.***

**HEMATOLOGY**

ICD-9 ______
- ☐ CBC (Automated Diff)
- ☐ (Manual Diff)
- ☐ Hemogram
- ☐ Reticulocyte Count
- ☐ Sed Rate (Westergren)
- ☐ Bleeding Time (Ivy Method)
- ☐ Fibrinogen, Quantitative
- ☐ Act Partial Thromboplastin Time
- ☐ Prothrombin Time

**URINE**

ICD-9 ______
- ☐ Urinalysis - Reflex (Tomicroscope)
- ☐ Urine Possible Culture
- ☐ Urine Pregnancy
- ☐ Urinalysis-Complete (Chem + Micro)

**SEROLOGY**

ICD-9 ______
- ☐ Coccidioidomycosis
- ☐ Heterophile (Mono Test)
- ☐ HepBsAG
- ☐ Rh Type and Blood Group
- ☐ RPR
- ☐ RA Test
- ☐ ANA
- ☐ Rubella

**BACTERIOLOGY**

ICD-9 ______

SOURCE: ______
- ☐ Culture, Aerobic
- ☐ Culture, Anaerobic
- ☐ Smear - Gram Stain
- ☐ Antibiotic Sensitivity
- ☐ Herpes Culture
- ☐ Chlamydia by LCx
- ☐ GC by LCx
- ☐ Sputum for AFB
- ☐ Sputum for Fungi
- ☐ R/O Strep

**PARASITOLOGY**

ICD-9 ______
- ☐ Stool for Ova & Parasites
- ☐ Occult Blood

**TDM / TOXICOLOGY**

ICD-9 ______
- ☐ Theophylline
- ☐ Phenytoin
- ☐ Digoxin
- ☐ Lithium
- ☐ Ethanol
- ☐ Valproic Acid (Depakene)
- ☐ Carbamazepine (Tegretol)
- ☐ Urine Drug Screen Panel

**ENDOCRINOLOGY / SPECIAL CHEMISTRY**

ICD-9 ______
- ☐ T4
- ☐ T3 Uptake
- ☐ TSH
- ☐ Beta HcG Quant
- ☐ Beta HcG Screen
- ☐ CEA
- ☐ PSA (Prostatic Specific Antigen)
- ☐ LH
- ☐ FSH
- ☐ B12
- ☐ Folate
- ☐ Ferritin
- ☐ HgB AIC

**CHEMISTRY**

ICD-9 ______
- ☐ Albumin
- ☐ ALT
- ☐ Amylase
- ☐ Bilirubin T&D
- ☐ BUN (Urea Nitrogen)
- ☐ Calcium
- ☐ Cholesterol
- ☐ CPK
- ☐ Creatinine
- ☐ GGT
- ☐ Glucose
  - ☐ Fasting ** ☐ Postprendial *
  - ☐ Random ☐ 4 PM
- ☐ Glucose Tolerance ______ Hrs. **
- ☐ LDH
- ☐ Phosphorus
- ☐ Potassium
- ☐ AST (SGOT)
- ☐ Sodium
- ☐ Uric Acid

ICD-9 ______
- ☐ Basic Chem (NA, K, CL, CO2, BUN, CREAT, GLU, CA)
- ☐ Metabolic Panel (NA, K, CL, CO2, Glucose, BUN, Craatinine, Albumin, TBIL, ALP, AST, TP, CA)
- ☐ Lipid Panel ***(Chol, Trig, HDL, Calc. LDL, Risk Ratio)***
- ☐ Direct LDL
- ☐ Liver Function (ALP, ALT, AST, T.BIL, D.BIL, TP, ALB)
- ☐ Electrolytes (NA, K, CL, CO2)
- ☐ Acute Hepatitis Panel (A Antibody, C Antibody, B Core Antibody, B Surface Antigen)
- ☐ Thyroid Panel (T4, T3 Uptake, FTI, TSH)
- ☐ Arthritis Panel (RA Factor, Sed Rate, ANA, Uric Acid)
- ☐ Prenatal (As specified for each physician)

* TWO HOURS AFTER BREAKFAST OR LUNCH
** NOTHING TO EAT OR DRINK AFTER 10 PM
*** NOTHING TO EAT OR DRINK AFTER 7 PM

Other Lab Test(s)
ICD-9 ______

**BY ORDERING THE INDICATED TEST, THE REFERRING PHYSICIAN CERTIFIES THAT THEY ARE MEDICALLY NECESSARY.**

**Physician Signature** ______

## ADVANCED BENEFICIARY NOTICE

Medicare, Medi-Cal, Blue Cross, and Champus will only pay for services determined to be "reasonable and necessary" under section 1862(a)(1) of the Medicare Law. Accordingly, they will/may deny payment for the following test(s)

**Screening Tests:**
☐ General Health Panel ☐ Pap smear, Date of last test __/__/__ ☐ PSA Date of last test __/__/__ ☐ Other ______

**Non-FDA Approved Tests**

**Tests not covered for reported condition:**
☐ Hepatic function panel ☐ Hepatitis panel ☐ Lipid panel ☐ Arthritis panel ☐ Obstetric panel ☐ TORCH antibody ☐ Thyroid panel ☐ Other ______

**Non-FDA Approved Tests**
☐ Allergen/RAST ☐ CA 15-3 ☐ CA 19-9 ☐ Other ______

**Non-FDA Approved Tests**

**Other expected reasons for non-coverage:** ______

My physician has notified me that my payer is likely to deny payment for the services identified above, for the reasons stated. If payment is denied, I agree to be personally and fully responsible for payment.

**Patient's Signature & Date** ______ __/__/__

FORM #8700F536 (4/01)

MEDICAL RECORDS

**Greg Moore**
**1-800-261-2762 ext. 7525**
**Local #: 972-465-7525**

V4

**ESIS**
**P.O. Box 154409**
**Irving, TX 75015**

February 11, 2003

Carter Perrott
3163 Hickory Ct
Hanford, CA 93230

9489-220.

**Re:**

**Incident No. :995810-2**
**Account No. :Fleming Companies dba Food 4 Less**
**Claimant :Carter Perrott**
**Date Incident :11/30/2002**

Dear Carter Perrott:

Thank you for speaking with me in regards to the above-captioned matter. I advised you our check of your social security number 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 you provided on the "*Consent to Develop Medical Information*" did not check out as a valid social security number. We continue to verify your statement that you have had no medical diagnosis or treatment to your right knee prior to the Food 4 Less incident on 11/30/2002.

The January 28th, 2003 medical report done by your doctor, Dr. Lancy Allyn, M.D., indicates the slip and fall incident of 11/30/2002 caused the injury to your right knee. Dr. Allyn, M.D. recommended surgery to correct the injury to your right knee. Please consult your doctor on the procedure from this point.

Please have your doctor provided me with the medical records and billings for the treatment of your knee injury. Once I receive the medical records of the procedure and the billing statements I will then be able to evaluate your injury claim and offer you a settlement.

Please forward copies of any medical billings or reports to my address above with the Incident No. listed above on any items you mail.

In the meantime, we would appreciate if you would keep us informed if anything changes in your current condition. Hopefully, you will be back to normal in a short period of time. If you have any questions, please do not hesitate to contact us.

Sincerely,

G Moore

Greg Moore
Claim Representative

Central Valley Family Health Clinic
1025 N. Douty St. Hanford, Ca 93230 559-583-2254

# Physician Referral

**PERROTT, CARTER** RHC 1
M 068Y 7/22/1934 ADM 394 SOUZA, LLOYD M
Acct: 300885530 ATT 394 SOUZA, LLOYD M
MR # REF 2525 OBERST, DAVID
0000
ADMIT: 1/14/2003
CENTRAL VALLEY GENERAL HOSPITAL

Internal Referral Yes External goes on log.

To: Broy

At: CVFHC

Reason for Consultation: Xray results
Hip femer, knee tib/fib Ankle/foot

Referring provider Name: Oberst PA-C

Pertinent records attached M.D. Notes ______ Lab ______ X-ray ______
Other ______

LVN/MA [signature]

OFFICE 16

7-2234

slip fall

DOI 11/28/03

* cash *

| OFFICE VISIT | CPT | FEE |
|---|---|---|
| Post Operative | 99024 | N/C |
| **SELF REFERRAL** | | |
| New Brief Exam | 99202 | |
| New Intermediate Exam | 99203 | |
| New Extended Exam | 99204 | |
| New Comp Exam/H&P | 99205 | |
| **ESTABLISHED** | | |
| Est Limited Exam | 99213 | |
| Est Intermediate Exam | 99214 | |
| Est Comp Exam/H&P | 99215 | |
| **REFERRAL/CONSULT** | | |
| Intermediate Consult | 99242 | |
| Extended Consult | ~~99243~~ | |
| Comp Consult/H&P | 99244 | 110.00 |
| **MODIFIERS & REPORTS** | | |
| Unrelated Postop Visit | -24 | |
| Interpretation Modifier | -93 | |
| Report Charge | 99080 | |
| Work Status Change | 99081 | |
| **X-RAYS BY CERTIFIED MEDICAL GROUP** | | |
| **AXIAL** | | |
| Chest, PA & lateral | 71020 | |
| Ribs | L71100R | |
| Cervical Spine, w/obliques | 72050 | |
| Thoracic Spine, AP & lateral | 72070 | |
| Lumbar Spine, AP & lateral | 72100 | |
| Lumbar Spine, w/obliques | 72110 | |
| Pelvis, AP Only | 72170 | 54 |
| **UPPER EXTREMITY** | | |
| Clavicle complete | L73000R | |
| Shoulder, AP & lateral | L73030R | |
| Supraspinatus outlet | L73020R | |
| Acromioclavicular Joint | L73050R | |
| Humerus, AP & lateral | L73060R | |
| Elbow, AP & lateral | L73080R | |
| Forearm, AP & lateral | L73090R | |
| Wrist, AP & lateral | L73100R | |
| Wrist, AP, lateral & oblique | L73110R | |
| Hand, PA, lateral & oblique | L73130R | |
| Finger, PA & lateral | L73140R | |
| **LOWER EXTREMITY** | | |
| ~~Hip, AP & lateral~~ | ~~L73510R~~ | ~~54~~ |
| Femur, AP & lateral | L73550R | |
| Knee, AP & lateral | L73560R | |
| Knee, w/standing & sunrise | L73564R | 87 |
| Tib Fib, AP & lateral | L73590R | |

| # | | CPT | FEE |
|---|---|---|---|
| 39 | Ankle, AP, lateral & oblique | L73610R | 79 |
| 40 | Foot, AP, lateral & oblique | L73630R | 67 |
| 41 | Calcaneus, AP & lateral | L73650R | |
| | **X-RAY / INTERPRETATION ONLY** | | |
| | **AXIAL** | | |
| 42 | Chest | 71020-26 | |
| 43 | Ribs | 71100-26 | |
| 44 | Cervical Spine | 72050-26 | |
| 45 | Thoracic Spine | 72070-26 | |
| 46 | Lumbar Spine | 72110-26 | |
| 47 | Pelvis AP Only | 72170-26 | |
| | **UPPER EXTREMITY** | | |
| 48 | Clavicle Complete | 73000-26 | |
| 49 | Shoulder Complete | 73030-26 | |
| 50 | Acromioclavicular Joint | 73050-26 | |
| 51 | Humerus | 73060-26 | |
| 52 | Elbow Complete | 73080-26 | |
| 53 | Forearm | 73090-26 | |
| 54 | Wrist Complete | 73110-26 | |
| 55 | Hand, minimum 3 views | 73130-26 | |
| 56 | Fingers, minimum 3 views | 73140-26 | |
| | **LOWER EXTREMITY** | | |
| 57 | Hip Complete | 73510-26 | |
| 58 | Femur | 73550-26 | |
| 59 | Knee | 73560-26 | |
| 60 | Knee Complete | 73564-26 | |
| 61 | Tib Fib | 73590-26 | |
| 62 | Ankle Complete | 73610-26 | |
| 63 | Foot Complete | 73630-26 | |
| 64 | Calcaneus | 73650-26 | |
| | **MRI SCAN** | | |
| 65 | Cervical Spine | 72141-26 | |
| 66 | Thoracic Spine | 72146-26 | |
| 67 | Lumbar Spine | 72148-26 | |
| 68 | Upper Extremity | 73221-26 | |
| 69 | Lower Extremity | 73721-26 | |
| | **CT SCAN** | | |
| 70 | Cervical Spine | 72125-26 | |
| 71 | Thoracic Spine | 72128-26 | |
| 72 | Lumbar Spine | 72131-26 | |
| 73 | Upper Extremity | 73200-26 | |
| 74 | Lower Extremity | 73700-26 | |
| | **RADIONUCLEOTIDE BONE SCAN** | | |
| 75 | Limited | 78300-26 | |
| 76 | Multi-Area | 78305-26 | |
| 77 | Whole Body | 78306-26 | |

| # | INJECTION MATERIAL/QTY | CPT | FEE |
|---|---|---|---|
| 78 | Celestone | J0702 | |
| 79 | Decadron Clear | 99070-M2 | |
| 80 | Decadron LA | 99070-DC | |
| 81 | Depomedrol | 99070-DP | |
| 82 | Xylocaine 2% | 99070-69 | |
| 83 | Synvisc Injection | | |
| | **PROCEDURES** | | |
| 84 | Pin Removal (Single) | 20670-52 | |
| 85 | Pin Removal (Multi) | 20670-99 | |
| 86 | Injection, Small Joint | 20600 | |
| 87 | Injection, Medium Joint | 20605 | |
| 88 | Injection, Large Joint | 20610 | |
| 89 | Anoscopy | 46600 | |
| 90 | Ultrasound, Breast | L76645R | |
| 91 | Ultrasound, Breast/Review | 76645-26 | |
| 92 | Ultrasound Guidance | 76942 | |
| 93 | Aspiration/Breast Cyst | 19000 | |
| 94 | Aspiration-Each Add'l Cyst | 19001 | |
| 95 | Core Needle Biopsy, Breast | 19100 | |
| 96 | Core Needle Bx w/Guidance | 19102 | |
| 97 | Fine Needle Aspirate | 88170 | |
| 98 | I&D Abscess | 10060 | |
| 99 | I&D Abscess, Complicated | 10061 | |
| 100 | I&D Abscess, Breast, deep | 19020 | |
| 101 | | | |
| 102 | | | |
| 103 | | | |
| 104 | | | |

| # | CASTING APPLICATIONS | CPT | FEE | # | FIBERGLASS | FEE | PLASTER | FEE |
|---|---|---|---|---|---|---|---|---|
| 105 | Long Arm | 29065 | | 149 | 99070-54 | | 99070-26 | |
| 106 | Long Arm Thumb Spica | 29065 | | 150 | 99070-54 | | 99070-26 | |
| 107 | Short Arm | 29075 | | 151 | 99070-56 | | 99070-28 | |
| 108 | Short Arm Gauntlet | 29075 | | 152 | 99070-56 | | 99070-28 | |
| 109 | Short Arm Thumb Spica | 29075 | | 153 | 99070-56 | | 99070-28 | |
| 110 | Long Leg | 29345 | | 154 | 99070-55 | | 99070-27 | |
| 111 | Cylinder | 29365 | | 155 | 99070-54 | | 99070-27 | |
| 112 | Short Leg | 29405 | | 156 | 99070-57 | | 99070-29 | |
| 113 | Short Leg Walking | 29425 | | 157 | 99070-58 | | 99070-30 | |
| 114 | PTB | 29435 | | 158 | 99070-54 | | 99070-27 | |
| 115 | Club Foot, Unilateral | 29450 | | 159 | 99070-57 | | 99070-29 | |
| 116 | Club Foot, Bilateral | 29450-50 | | 160 | 99070-57 | | 99070-29 | |
| 117 | Long Arm Splint | 29105 | | 161 | 99070 | | 99070-S1 | |
| 118 | Short Arm Splint | 29125 | | 162 | 99070 | | 99070-S2 | |
| 119 | Cock-up Wrist Splint | 29125 | | 163 | 99070 | | 99070-S3 | |
| 120 | Short Leg Splint | 29515 | | 164 | 99070 | | 99070-S4 | |
| 121 | Additional Rolls | 99070 | | 165 | 99070-34 | | 99070-35 | |

| # | SUPPLIES | CPT | FEE |
|---|---|---|---|
| 122 | Ace wrap | 99070-04 | |
| 123 | Air Cast, ankle | 99070-24 | |
| 124 | Air Cast, walking | 99070-WS | |
| 125 | Cast Shoe | 99070-16 | |
| 126 | Finger Splint | 99070-42 | |
| 127 | Knee Immobilizer | 99070-44 | |
| 128 | Pulley System | 99070-RP | |
| 129 | Sling | 99070-02 | |
| 130 | Tension Bar | 99070-19 | |
| 131 | Wrist Splint | 99070-40 | |
| 132 | Wrist Support | L3914 | |
| 133 | | | |
| | **MEDICATIONS** | **BOTTLE#** | **FEE** |
| 134 | Acet/Codeine 300/30 mg #30 | | |
| 135 | Celebrex 200 mg #30 | | |
| 136 | Cephalexin 500 mg #8 | | |
| 137 | Diclofenac 75 mg #30 | | |
| 138 | Dicloxacillin 500 mg #20 | | |
| 139 | H'cod / Acet 5/500 mg #30 | | |
| 140 | Ibuprofen 800 mg #30 | | |
| 141 | Naproxen 500 mg #30 | | |
| 142 | Prednisone 10 mg #15 | | |
| 143 | Propox/Acet 100/650 mg #30 | | |
| 144 | Relafen 750 mg #30 | | |
| 145 | Soma 350 mg #30 | | |
| 146 | Ultram 50 mg #30 | | |
| 147 | Vioxx 25 mg #30 | | |
| 148 | | | |

DIAGNOSIS: [illegible]

[illegible]

(20)

CODE.

| CPT CODE | MOD | AMOUNT |
|---|---|---|
| | | |
| | | |

RTO: DAYS WEEKS MONTHS

☐ Progress Check ☐ Cast ☐ X-ray/Ultrasound ☐ Results

☐ Procedure

☐ MD Min ☐ PA Min

PROVIDER SEEN THIS VISIT LICENSE #

☒ D. Lancy Allyn, M.D. G21696

☐ Susan L. Hartunian, M.D. G63737

☐ Rosanna Carrillo, P.A.-C. PA15335

*Certified Medical Group, Inc.*
Board Certified Surgeons

470 N. Greenfield, Suite 35 • Hanford, CA 93230

Telephone: (559) 584-3000 • IRS # 77-0390396

Signature/Date [signature]

Total Charges $ 477.00

Balance Forward $

Amount Paid (Co-Pay) $ 477.00

☐ Check ☒ Cash

Balance Due $ 0

D. Lancy Allyn, M.D.
470 N. Greenfield Ave.Suite #35
P.O. Box 1880
Hanford, CA 93232
(559) 585-6868

February 24, 2003

Dear Sir or Madame:

Mr. Carter Perrott asked that a breakdown be given of his purposed surgery and medical care.

Dr. Allyn initially saw the patient on 01/28/03. After Mr. Perrott's office visit it was determined that the patient suffered a fracture of his right patella. His injury requires surgery and follow up medical care for a minimum of six months after surgery. Other than the charges Mr. Perrott has accrued, the charges quoted are only an estimate.

Mr. Perrott was seen on 01/28/03. Listed are the charges.

| | |
|---|---|
| Office Visit, New, High Complex | $180.00 |
| X-ray exam of Pelvis, Complete | 54.00 |
| X-ray exam of Knee, Complete | 87.00 |
| X-ray of Ankle, Complete | 79.00 |
| X-ray of Foot, Complete | 67.00 |
| Total | $467.00 |

Purposed Surgery

| | |
|---|---|
| History and Physical-X-rays Pre-op Meds. | 325.00 |
| Pre-op labs/x-ray/EKG (done KERR Surg. Ctr.) | 600.00 |
| Open reduction internal fixation of a fracture Right patella | 1,421.00 |
| Anesthesia approximately one hour | 350.00 |
| Out-patient Hospital Charge | 4,500.00 |
| Total | $ 7,196.00 |

After the surgery the patient will follow up with Dr. Allyn, for a minimum of six months. During the first 90 days there will not be a fee for the office visit, as he will be in the post-op period. But it is anticipated that he will be responsible for approximately four office-visits after 90 days has past. Depending on the complexity of the visit, the cost is between $60-$84.00.

He will be responsible for the following directly after surgery.

X-rays of the knee, two views, between $87.00 and $64.00 each view. He will have post-op medications for pain management, (Vicoden #30 $70.00.) Dr. Allyn anticipates the patient will need Physical Therapy for approximately three months, three times a week. At this time I don't have an approximate cost for the therapy.

Again I want to reiterate that is an estimate of the patient's charges, and a guideline of Mr. Perrott's planned treatment and follow-up care.

DOS: 11/30/2002
EMS #: 200211300193
NON-STAT Trauma

**FRESNO / KINGS / MADERA**
**EMERGENCY SERVICES**

Patient No: 1 of 1

## TREATMENT

**17:41 : OTHER :** * - *ICE PACK, * - *, * - *, * - *, By - Smith, Clinton E

## RESPONSE INFORMATION

**Location:** 1850 W Lacey Blvd

**Documented by:** Smith, Clinton E

**Unit:** A622

**Priority:** 3
**Delay Reason:**
**Call Recvd:** 17:26
**Unit Alert:** 17:27
**Enroute:** 17:29 Failed to go enroute
**On Scene:** 17:33
**Pt. Contact:** 17:35
**Depart:** 17:44
**Transport Priority:** 3
**Arrive:** 17:49

**Paramedic:** Smith, Clinton E
**EMT:** Carr, Edward L
**Evaluator:** Syme, Gary A

**Transport:** A622
**# of Patients:** 1
**Crew Exposure?:** No

AMERICAN AMBULANCE
B 244.00

## OTHER AGENCIES

**Agency:** Hanford Fire, Unit S11
Hanford PD, Unit BT

**Outcome:** AA 2nd, Other Agency CX
Law Enforcement

## CREW SIGNATURES

| **Paramedic** | **EMT** | **Evaluator** |
|---|---|---|
| A630 | B4859 | KA052 |
| x [signature] | x [signature] | x [signature] |
| **Smith, Clinton E** | **Carr, Edward L** | **Syme, Gary A** |

## SIGNATURES

**Accept Transport and/or Treatment** **11/30/02 5:56:53PM**

I accept and authorize that Medicare and/or insurance benefits be made on my behalf to the ambulance company for services furnished to me by this ambulance company. I authorize any holder of medical information about me to release to the health care financing administration and its agents any information needed to determine these benefits.

In Medicare assigned cases, this ambulance company agrees to accept the charge determination of the Medicare carrier as the full charge and the patient is only responsible for the deductible, coinsurance, and non-covered services.

I have been notified that Medicare, Medi-Cal and private insurance may deny payment for ambulance services if they are not determined as "reasonable and necessary." If Medicare or my private insurance denies payment, I agree to be personally and fully responsible for payment, and to make such payment when billed.

***PATIENT UNABLE TO SIGN***

Comments: **Other: Unable to Sign**

**Transfer Section** **11/30/02 5:57:14PM**

THIS PATIENT IS RECEIVED BY care provider, family, RN/MD.

x [signature]

CARTER, PERROTT EMS E
M 068Y 7/22/1934 ADM 2175 SMITH, RONALD
Acct: 53341673 ATT 2175 SMITH, RONALD
REF 2140 LEONI, MICHEAL
0000

18

ORDERED that the Securities Claim listed on Exhibit B to this Order is reclassified as provided on Exhibit B; and it is further

ORDERED that Claim No. 13759 is reclassified as set forth on Exhibit C; and it is further

ORDERED that the Debtors' objection to Claim No. 914 (filed by Carter Perrott) is hereby withdrawn without prejudice; and it is further

ORDERED that, consistent with applicable local rules and Bankruptcy Rules, the Debtors retain the right to object to any claims listed on this order or on any of the exhibits to this order on any grounds; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: July 9, 2004

Honorable Mary F. Walrath
Chief United States Bankruptcy Judge

DOCS_DE:96503.1

**In re Fleming Companies**
**Exhibit E (3rd Omnibus)**

**Claim-Specific Resolution to Certain Objections**

1. Carter Perrott. In the Third Omnibus Objection, the Debtors object to Claim No. 914 filed by Carter Perrott ("Perrott") on the basis that it was amended by Claim No. 1397. Following discussions, the Debtors and Perrott agree that Claim No. 1397 is disallowed and Claim No. 914 shall be treated as the Remaining Claim.

| In re: | ) | Chapter 11 |
|---|---|---|
| | ) | Case No. 03-10945 (MFW) |
| Fleming Companies, Inc., et al., | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Response Due By: March 18, 2004 at 4:00 p.m. prevailing |
| | ) | Eastern Time |
| | ) | |
| | ) | Hearing Date: March 25, 2004 at 10:30 a.m., prevailing Eastern Time |

**WRITTEN RESPONSE TO CONTEST THE RELIEF SOUGHT IN THE DEBTORS' THIRD OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)**

FROM: Perrott, Carter
3163 Hickory Court
HANFORD, CA 93230

TO: Clerk of the Bankruptcy Court
824 N. Market Street
Wilmington, DE 19801

Cc: Kirkland & Ellis LLP
200 East Randolph Drive, Suite 6500
Chicago, IL 60601
Attn: Kenneth C. Robling; and Pachulski, Stang, Ziehl, Young, Jones & Weintraub
P.C., 919 North Market Street, 16th floor,
P.O. Box 8705
Wilmington, DE 19899-8705
(Courier 19801) Attn: Laura Davis Jones

This letter formally objects to the NOTICE OF HEARING ON DEBTORS' THIRD OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)

The objection is based on the fact that the defense is attempting to deceive the Court by intimating that they are planning to pay on an invalid claim. Specifically, the defense is stating a desire to pay the Claimant on based on Claim number 1397 which is in the amount of $1,000,000.00. Again, Claim number 1397 is not a valid claim. The deceptive practices employed by the defense are evident in several ways as outlined below:

1. The defense is well aware that Claim number 1397 was filed by Del L. Toledo, Attorney at Law, after the required due date, without any supporting documentation. Therefore, this claim could not be considered by the Court, even

if the Claimant wished to have this Claim considered by the Court. Again, the Claimant has no desire to have the Court consider Claim number 1397.

2. Mr. Toledo's services were terminated by the Claimant in June 2003. The Claimant has never requested that Claim 1397 be considered by the Court. The Attorney submitting the invalid claim did not--and does not--represent the Claimant; thus, the Attorney could not file on the Claimants' behalf.

3. The Claimant requests that the Court maintain Claim number 914 as the valid claim. Claim number 914 is in the amount of $150,000.00. This claim was filed on June 5, 2003, in Wilmington, DE. The claim was filed timely, is valid on all points, and includes supporting documentation (*see attachments*).

Section B.

Name of Claimant: **Carter Perrott**

Description of the basis for the amount of the claim:

Claim Number 914 has been submitted in the amount of $150,000.00. The amount requested in the claim is reasonable, fair, and consistent with the nature of the injuries sustained by the Claimant as a result of unsafe conditions at the Food 4 Less grocery store in which the injury took place. The negligence that contributed to the unsafe conditions--specifically the existence of an unknown substance on the grocery store floor--that caused the Claimant to slip and sustain debilitating injury to the right knee have not only caused the Claimant loss of mobility, but have also caused incalculable emotional distress and prolonged physical suffering as a result of the defenses' refusal to provide a monetary settlement that would enable to Claimant to undergo surgery/therapy to repair the damage to the knee.

Statements from D. Lancy Allyn, M.D. Board Certified Orthopedic Surgeon, outlining the serious nature of the injuries, the need for immediate surgical repair, and the validity of the Claimants' assertion that the injuries sustained to the right knee were directly caused by the negligence of Food 4 Less Stores, are attached.

For the convenience of the Honorable Mary F. Walrath and the Court, Dr. Allyn listed the following injuries to the Claimants' right knee:

1. Acute fracture of the right patella
2. Fracture of the proximal fibula
3. Fracture of tibial plateau
4. Fracture of superior pubic ramus
5. Hypertension (unable to extend the knee against gravity)
6. Injury to the anterior aspect of the right knee.

The injuries have resulted in the Claimant losing mobility. The Claimant, a man whom numerous witnesses, including store employees at the Food 4 Less store where the injury occurred can testify had no limitations, nor needed assistance to walk, is now unable to walk without the use of a crutch and/or cane, or physical assistance.

Section C:

Name of Claimant: Carter Perrott

The specific factual basis for opposing the First Omnibus Objection can be summarized as follows:

On November 30, 2002, the Claimant entered the Food 4 Less grocery store in Hanford, California. The Claimant proceeded to walk to the managers' station to inquire about a product that had been listed as a sale item the prior week, but had been out of stock at the time. The Claimant spoke to the manager and assistant manager (both of whom were very familiar with the Claimant as he was a frequent shopper at the store; consequently, both are/were aware of the Claimant's ability to walk without hindrance prior to the injury).

After speaking to the manager and assistant manager, the Claimant walked to the bathroom. After exiting the bathroom on foot, the Claimant proceeded to the frozen foods section. The frozen foods section, apparently, had been waxed and polished earlier. The Claimant stepped in an unknown substance and slipped, causing severe injury to the right leg. The substance was in such excess that the Claimant was left with the substance on his hands and clothes after the fall.

The store manager and employees noted the existence of the substance and called paramedics to the scene because the Claimant was unable to stand due to the injury to his right leg. The paramedics, upon arrival, made note of the substance that had been left due to negligence on the part of the Food 4 Less store. The substance was measured between twenty and twenty-four inches in diameter.

One of the paramedics, Mr. Clinton Smith, was acquainted with the Claimant. Mr. Smith had met the Claimant on November 16, 2002, when paramedics had been called to the Claimants home to treat the Claimant's wife. Mr. Smith is also aware that the Claimant was able to walk without any difficulty only two weeks prior to the incident at Food 4 Less on November 30, 2002.

The Claimant was taken by ambulance to Hanford Community Medical Center where he was examined and x-rayed. Later, the Claimant was treated by D. Lancy Allyn, M.D., Board Certified Orthopedic Surgeon. Dr. Allyn is renowned for his expertise in the field of orthopedics and, after examining the Claimant, concluded that the injury to the right leg was, in fact, due to the fall suffered at Food 4 Less stores on November 30, 2002. Dr. Allyn found the following injuries to the leg after his examination of the Claimant:

1. Acute fracture of the right patella
2. Fracture of the proximal fibula

3.    Fracture of tibial plateau
4.    Fracture of superior pubic ramus
5.    Hypertension (unable to extend the knee against gravity)
6.    Injury to the anterior aspect of the right knee.

The Claimant sought a settlement from Food 4 Less stores in order to pay for the surgery that was needed as a result of the injury caused by Food 4 Less stores. On December 12, 2002, the Claimant called ESIS and was told by Greg Moore, National Representative ESIS, that he (Greg Moore) would have to verify with the store that the incident took place and the injury had occurred in the store. Greg Moore verified the Claimants' statements and confirmed the Claimant's injury with the store.

Greg Moore, however, is alleging that the Claimant was not injured during the fall at Food 4 Less on November 30, 2002. Greg Moore bases this allegation on an x-ray report indicating "the right knee fracture is probably related to an old fracture." Greg Moore's allegation is another blatant attempt to avoid compensating the Claimant for his injury due to the negligence of Food 4 Less.

Several facts illustrate that Mr. Moore's allegation of prior injury is not only false, but the allegation has also been fabricated with no supporting documentation or factual basis.

The Claimant requests that the Honorable Mary F. Walrath and the Court considering the below listed facts in response to Greg Moore's fictitious allegation:

1.    Neighbors of more than twenty-five years in Oakland, California, can testify to observing the Claimant being an active participant in athletic endeavors, including basketball, softball, and baseball (pitching).

2.    The Claimant is known by Jerry Brown, mayor of the City of Oakland. Mr. Brown is able to testify that the Claimant never had difficulty walking prior to the accident on November 30, 2002. Additionally, the Claimant is known by Dennis Chaconas, Superintendent, Oakland Unified School District. Mr. Chaconas has known the Claimant for over 30 years and can attest to the Claimant's energetic lifestyle and the ability to walk without hindrance.

3.    Store employees at the Food 4 Less store where the injury took place are able to testify that the Claimant had no difficulty walking prior to November 30, 2002. Furthermore, surveillance cameras at the Food 4 Less store will verify that the Claimant walked into the store, not only on November 30, 2002, but over a hundred times previously, without any restriction or limitation.

4.    The Claimant frequented various retail and grocer establishments throughout the counties of Kings, Tulare, Fresno, and Alameda. Testimony from employees at

establishments in any--or all-- of these counties can attest to the Claimant's prior health and his ability to walk without restriction.

5. The examination by D. Lancy Allyn, M.D., Board Certified Orthopedic Surgeon confirms that the injuries to the knee were caused in the fall at Food 4 Less stores. Dr. Allyn was kind enough to write a follow-up letter to Greg Moore regarding the nature of the Claimant's injury. In his letter, Dr. Allyn stated the Claimant "unequivocally sustained an injury to his right knee on or about 11/30/02." Dr. Allyn added that he urged Mr. Moore to settle the claim because "the more time that is allowed to pass prior to repair" of the knee "the less complete the recovery will be."

6. Despite the preponderance of evidence showing the validity of the injury and the fact that the injury occurred on November 30, 2002, Mr. Moore is choosing to hold to a opinion that x-rays show "old scarring." Mr. Moore, again, is discounting extremely important factors regarding the x-ray that he is basing his flawed opinion on....

A The x-ray technician taking the x-rays the night of the injury displayed incompetence from the time he encountered the Claimant. The technician attempted to x-ray the Claimants back several times. The Claimant had to stress several times that his leg was the body part that had suffered the major injury.

B. The x-rays were "lost" when Dr. Allyn requested them. The Claimant was billed for having six (6) x-rays taken; however, only one x-ray has apparently been used. There is simply no way that Mr. Moore can be certain the x-ray in fact belongs to the Claimant.

If the original x-rays were lost by the x-ray technician who displayed incompetence during the x-ray process, it is unreasonable for the Mr. Moore, and more importantly, the Court, to consider that the x-ray that was "found" does in, in fact, belong to the Claimant.

C. Dr. Allyn stated in a letter to Mr. Moore dated March 5, 2003, that "the radiological report done upon that date (November 30, 2002) is discounted, in my opinion, as that physician did not personally examine the patient and had no personal knowledge of the patient at all."

D. Emergency rooms do not diagnose injury. Emergency rooms attempt to stabilize and treat. Dr. Allyn provided a diagnosis of the Claimant's injury, and the diagnosis is that the injury occurred on November 30, 2002.

The Claimant respectfully submits this documentation to the Honorable Mary F. Walrath and the Court as a formal objection to the Debtors' Omnibus.

Supporting Documentation is enclosed in Section D.

Section D.

Name of Claimant: Carter Perrott

Attached are supporting documentation to provide/supplement proof of the claim.