IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FLEMING COMPANIES, INC., et al., | ) | Case No.: 03-10945 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |
| | ) | |
| POST CONFIRMATION TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| | ) | |
| v. | ) | |
| | ) | C.A. No.: 05-734 SLR |
| CARTER PERROTT, | ) | |
| | ) | |
| Defendant. | ) | |

POST CONFIRMATION TRUST'S REPLY BRIEF IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT

TYBOUT, REDFEARN & PELL
SHERRY RUGGIERO FALLON, I.D. 2464
TIMOTHY S. MARTIN, I.D. 4578
750 South Madison Street #400
P.O. Box 2092
Wilmington, DE 19899-2092
(302) 658-6901
Attorneys Plaintiff,
Post Confirmation Trust,
Administrator of the Estate of
Debtor, Fleming
Email: sfallon@trplaw.com

# TABLE OF CONTENTS

**TABLE OF CONTENTS** . . . . . . . . . . . . . . . . . . . . . . . . . i

**TABLE OF CITATIONS** . . . . . . . . . . . . . . . . . . . . . . . . ii

**ARGUMENT**

    I.    THE PERSONAL INJURY CLAIM ASSERTED BY CARTER PERROTT, AGAINST THE POST CONFIRMATION TRUST, SHOULD BE DISMISSED AS A MATTER OF LAW, DUE TO THE PLAINTIFF'S COMPLETE FAILURE TO IDENTIFY AN EXPERT TO PROVE AN ESSENTIAL ELEMENT OF A NEGLIGENCE CLAIM . . . . . . . . 1

        A.    Summary Judgment Standard . . . . . . . . . . . . 1

        B.    Plaintiff has Failed to Establish A Claim for Negligence . . . . . . . . . . . . . . . . . . . . 2

        C.    Expert Testimony is Required To Show the Alleged Negligence Was the Proximate Cause of the Injuries Alleged . . . . . . . . . . . . . . . . . . . . . 3

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## TABLE OF CITATIONS AND AUTHORITIES

**FEDERAL CASES:**

Page(s)

Anderson v. Liberty Lobby, Inc.,
    477 US 242 (1986) . . . . . . . . . . . . . . . . . . . . 2

Celotex Corp. v. Catrett,
    477 US 317 (1986) . . . . . . . . . . . . . . . . . . 2, 6

Clark v. Modern Group, Ltd.,
    9 F.3d 321 (3d. Cir. 1993) . . . . . . . . . . . . . . . 5

Hubscher v. Pantzer Management Co.,
    1995 WL 563272 (D.Del.) . . . . . . . . . . . . . . . . 4

**STATE CASES:**

Buehler v. Alpha Beta Co.,
    224 Cal.App.3d 729 (Cal. App. 1990) . . . . . . . . . 2, 3

Money v. Manville Corp. Asbestos Disease Compensation Trust Fund,
    596 A.2d 1372 (Del. 1991) . . . . . . . . . . . . . . . 4

Omnicare, Inc. v. Henwood,
    2003 WL 22290905 (Del. Super.) . . . . . . . . . . . . 4

Rayfield v. Power,
    2003 WL 22873037 (Del.) . . . . . . . . . . . . . . . 4, 5

**STATE STATUTES:**

Cal. Civ. Code § 3333 . . . . . . . . . . . . . . . . . . . . 4

**RULES:**

Fed. R. Civ. P. 56(e) . . . . . . . . . . . . . . . . . . . 5

<u>ARGUMENT</u>

I. **THE PERSONAL INJURY CLAIM ASSERTED BY CARTER PERROTT, AGAINST THE POST CONFIRMATION TRUST, SHOULD BE DISMISSED AS A MATTER OF LAW, DUE TO THE PLAINTIFF'S COMPLETE FAILURE TO IDENTIFY AN EXPERT TO PROVE AN ESSENTIAL ELEMENT OF A NEGLIGENCE CLAIM.**

This is a slip-and-fall claim arising from alleged injury at a Food-4-Less store in Hanford, California, which occurred on or about November 30, 2002, before the Debtors' bankruptcy filing, on April 1, 2003. On July 27, 2004, the Bankruptcy Court entered an Order confirming Fleming's Plan of Reorganization, which became effective on August 23, 2004. When the Fleming's Plan became effective, the Post Confirmation Trust ("PCT") took over the administration of the Debtor's estates.

During the course of this litigation, Perrott has failed to present any evidence supporting his claim of negligence. As plaintiff has failed to prove essential elements of the negligence claim, PCT seeks an Order granting Summary Judgment in its favor.

A.  <u>Summary Judgment Standard</u>

Summary Judgment should be granted against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case; and on which that party will bear the burden of proof at trial". <u>Celotex Corp. v. Catrett</u>, 477 US 317, 322 (1986). If a non-moving party fails to make "a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof," summary judgment should be granted. <u>Id.</u> at 323. The non-moving party must have

more than a mere scintilla of evidence to support his claim. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 US 242, 252 (1986). Where a party fails to show any evidence to support one of the essential claims, "there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. <u>Celotex</u>, 477 US at 323.

    B.   <u>Plaintiff has Failed to Establish A Claim for Negligence</u>

Perrott has failed to provide any evidence that an actionable claim for negligence can be maintained against the PCT. Perrott claims that is undisputed that he slipped and fell at a Food-4-Less store. He has failed to establish any negligence on the part of Food-4-Less or that any negligence was the proximate cause of his fall. Such a connection is essential to a claim for negligence. <u>See</u> <u>Buehler v. Alpha Beta Co.</u>, 224 Cal.App.3d 729 (Cal. App. 1990).

In <u>Buehler</u>, the second district for the California Courts of Appeal, held that a supermarket's summary judgment must be granted where the plaintiff failed to produce any evidence of negligence. <u>Id.</u> In <u>Buehler</u>, the plaintiff claimed that the supermarket negligently waxed a floor, which caused him to fall. <u>Id.</u> at 732. The Court held that the plaintiff's claim that the floor was negligent waxed or maintained did not establish negligence. <u>Id.</u> at 733-34. It was the plaintiff's burden to prove that the connection between an improperly waxed floor and the creation of an "inappropriately slippery floor." <u>Id.</u> at 734. Negligence should

-2-

never be presumed. Id. (citing Harpke v. Lankershim Estates, 103 Cal.App.2d 143, 145 (Cal.App. 2nd Dist. 1951). As the plaintiff in Buehler failed to produce the required connection, summary judgment was granted. Id. at 734.

The only evidence that Perrott has set forth in relation to how the accident occurred was his answer to interrogatories which indicated that he "believed" the accident occurred because a "sticky substance" was allegedly "waxed over." In his Answering Brief, Perrott fails to set forth any evidence indicating that Food-4-Less acted in a negligent manner.

Perrott has failed to set forth any evidence where a reasonable jury could find that Food-4-Less acted negligently. Instead, Perrott indicates that surveillance videotape will show that he fell. Evidence that an individual fell does not necessarily mean that a party acted negligently. See Buehler, 224 Cal.App.3d 733-34. As Perrott has failed to set forth any evidence of negligence on the part of Food-4-Less, the PCT's Motion for Summary Judgment should be granted.

    C.    <u>Expert Testimony is Required To Show the Alleged Negligence Was the Proximate Cause of the Injuries Alleged</u>.

Under Delaware law, summary judgment may be granted where the plaintiff has failed to identify and produce an expert opinion on

the proximate cause of damages.[1] See <u>Hubscher v. Pantzer Management Co.</u>, 1995 WL 563272 (D.Del.); <u>Rayfield v. Power</u>, 2003 WL 22873037 (Del.); <u>Omnicare, Inc. V. Henwood</u>, 2003 WL 22290905 (Del. Super.); <u>Money v. Manville Corp. Asbestos Disease Compensation Trust Fund</u>, 596 A.2d 1372 (Del. 1991).

The liability PCT depends on Perrott's ability to prove that the alleged negligence was the proximate cause of the injuries allegedly sustained by Perrott. <u>Hubscher</u>, 1995 WL 563272 at 2. A plaintiff is required to submit expert evidence to prove a causal connection between alleged injuries and the allegedly negligent act where the connection cannot be established through lay testimony. <u>Id.</u> It is widely accepted that the causation of a physical condition "must rest upon the individualized findings and opinion of a trained physician." <u>Id.</u> at 3. A plaintiff's expert must testify that there is a causal connection between the injuries alleged and the alleged negligence. <u>Id.</u>

In order to survive a motion for summary judgment, the non-moving plaintiff must establish all the elements essential to their case that they would have the burden to prove at trial. <u>Rayfield</u>, 2003 WL 22873037 at 1. Where the plaintiff fails to provide medical testimony to support the allegations in a personal injury case, summary judgment is proper. <u>Id.</u> In the present case, Perrott has failed to identify any expert that could support a

---

[1] The analysis is no different under California law, where a plaintiff in a negligence action is required to prove that he or she sustained an injury and that the injury was caused by the negligent act. <u>Cal. Civ. Code</u> § 3333.

-4-

causal connection between the alleged injuries and the incident at the PCT's store. Perrott was specifically asked to identify any expert that he intends to rely upon at trial to testify as to the causal connection of his alleged injuries. See PCT's Appendix to Opening Brief at A19-21. Perrott failed to identify any expert that he intends to rely on at trial. A19-21. As such, Perrott will be unable to prove an essential element to a negligence.

Perrott has attempted to counter the moving party's motion with speculative and hearsay comments that the medical records that have been obtained are somehow falsified or distorted, are inadmissible and should not factor into this Court's decision. See Answering Brief at pg. 5. Evidence offered to oppose a Motion for Summary Judgment must be admissible. Clark v. Modern Group, Ltd., 9 F.3d 321, 326 (3d. Cir. 1993).

Moreover, pursuant to the Federal Rules of Civil Procedure 56(e), Mr. Perrott has failed to support his arguments by answers to interrogatories or affidavits. Consequently, Rule 56(e) requires that summary judgment should be granted in favor of the PCT. The rule provides, in pertinent part, as follows:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

As Perrott is to prove an essential aspect of his claim, he cannot succeed as a matter of law. Where a plaintiff cannot succeed at trial as a matter of law, summary judgment is proper. <u>Celotex</u>, 477 U.S. at 322.

Based on the foregoing, PCT is entitled to summary judgment as a matter of law.

## CONCLUSION

Based upon the foregoing reasons, the Post Confirmation Trust ("PST"), Administrator of the Estate of the Debtor, Fleming, respectfully requests that the Court enter an Order granting Summary Judgment, in its favor, as a matter of law, on the basis that there is a complete failure of proof as to the claim asserted by Carter Perrott. Based upon his discovery responses and Answering Brief, Carter Perrott has failed to demonstrate negligence, proximate cause, and medical causation concerning the nature and extent of his alleged injuries, within a reasonable degree of medical probability. As such, PCT's summary judgment should be granted as a matter of law.

Respectfully submitted,

TYBOUT, REDFEARN & PELL

SHERRY RUGGIERO FALLON, I.D. 2464
TIMOTHY S. MARTIN, I.D. 4578
750 South Madison Street #400
P.O. Box 2092
Wilmington, DE 19899-2092
Phone: (302) 658-6901
Fax: (302) 658-4018
Email: sfallon@trplaw.com
Attorneys for Plaintiff,
Post Confirmation Trust,
Administrator of the
Estate of Debtor, Fleming

Dated: June 16, 2006