Westlaw.

Not Reported in A.2d                                                                                        Page 1

Not Reported in A.2d, 2003 WL 22290905 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware.
OMNICARE, INC., and Omnicare Clinical Research, Inc.,
v.
Geraldine A. HENWOOD, Auxilium Holdings, Inc., and Auxilium Pharmaceuticals, Inc.,
**No. Civ.A.02C03208WCC.**

Submitted Sept. 23, 2003.
Decided Oct. 2, 2003.

On Defendants' Motion for Summary Judgment. Denied.Dear Counsel:

CARPENTER, J.
*1 The Court has before it a Motion for Summary Judgment filed by the defendant. In simple terms, the issues raised by the Motion relate to (1) the meaning of the term "solicit" in the Nonsolicitation provision of the Noncompetition Agreement executed between the parties at the time Ms. Henwood left Omnicare and (2) the failure of the plaintiff to provide any documentation relating to the issues of damages. For the reasons set forth below, the Motion will be denied.

It is difficult for the Court to imagine a more contested dispute than the one existing in this litigation over the Nonsolicitation provision. The plaintiffs assert the provision equates to a non-hire limitation that would have prevented Ms. Henwood from employing any individual who was at Omnicare during her tenure with the company. At the other extreme, the defendant asserts that as long as the employment discussions were not instigated by Ms. Henwood, the agreement has not been violated. The terms of the provisions of this agreement are not specifically defined in the document, and the provision is not so clearly drafted that only one logical inference could be drawn by the Court as to the meaning of this provision. The common meaning of the word "solicit" can encompass a wide range of possible conduct and thus the Court finds the contract provision to be ambiguous. When such a situation exists, the Court is free to consider extrinsic evidence to determine the intent of the parties in order to arrive at a proper interpretation of the contractual terms.[FN1]

FN1. *Eagle Industries, Inc., v. DeVilbiss Health Care, Inc.,* 702 A.2d 1228 (Del.1997).

Since this matter is being tried as a bench trial, the Court's finding as to the meaning of this provision will await the presentation of the evidence and the testimony of the participants to this agreement. This will also allow the Court to review the credibility of the principals and the positions taken by them in their affidavits in light of the overall evidence that is presented. I caution counsel that the decision concerning the meaning of this provision will be based upon and limited to the testimony at trial and not from affidavits carefully crafted with the assistance of counsel. Therefore, I suggest that you prepare your presentation mindful of this limitation.

To further assist in focusing the presentation of the evidence, the Court has again reviewed the affidavits of the employees submitted in relation to the summary judgment motion. It appears from those affidavits that Ms. Henwood had no involvement in the hiring decision made by Auxilium for the following individuals:
Cheryl Priest
Ted Smith
Kenneth Hodge
Suzanne Hanlon
James Griesser
Mally Wilkinson

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d, 2003 WL 22290905 (Del.Super.)
(Cite as: Not Reported in A.2d)

Since the plaintiff has failed to provide any documentation or deposition testimony to the contrary, it appears the hiring of these individuals has no relevance to the issues being litigated. As such, before evidence as to the circumstances surrounding the hiring of these individuals can be admitted, counsel will have to proffer facts to overcome this presumption.

*2 There also appears to be three former employees that subsequently were hired by Auxilium, but their depositions were not taken during discovery. These employees are:
Ann Cadwallader
Susan Neal
Judy Smith

As to these individuals, the same limiting factors set forth above will apply.

The second issue raised by the summary judgment motion relates to the lack of documentation or evidence as to the damages the plaintiff allegedly suffered by the loss of the employees that joined Auxilium. At this juncture, the Court will provide an opportunity for the plaintiff to present evidence in this area, but with several limitations. First, since no expert has been identified during the discovery phase of the case, the Court will not allow one to be identified and testify at this point in the litigation. Second, the Court cautions the plaintiff that its presentation concerning damages has to have some factual support and cannot be merely an estimate or personal belief by a principal to the acquisition without further support.

The last matter that was generally discussed at the hearing was the pretrial stipulation. Based upon the representations of counsel that there are no disputes concerning the contents of that document, I have approved and signed the document.

Finally, the Court believes that because of the nature of this litigation it is important that throughout the course of the trial there be a representative from each of the parties present who has the authority to settle the matter if fruitful discussions were to occur in that matter. As such, I am ordering that a representative from Omnicare and Auxilium, authorized to approve a settlement, be present throughout the trial. If this means that Joel Gemunder the CEO of Omnicare and Ms. Henwood need to be present, that is the order of the Court. If counsel would like to attempt mediating this matter again, please let me know.

Del.Super.,2003.
Omnicare, Inc. v. Henwood
Not Reported in A.2d, 2003 WL 22290905 (Del.Super.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.