Westlaw.

840 A.2d 642    Page 1

840 A.2d 642, 2003 WL 22873037 (Del.Supr.)
**(Cite as: 840 A.2d 642)**

C
(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')
Supreme Court of Delaware.
Francis W. RAYFIELD, Jr., and Pansy Rayfield, Plaintiffs Below-Appellants,
v.
June POWER and Thomas W. Power, Defendants Below-Appellees.
No. 434, 2003.

Submitted Nov. 3, 2003.
Decided Dec. 2, 2003.

Injured occupants of vehicle brought negligence action against left-turning driver. The Superior Court, Sussex County, granted left-turning driver summary judgment. Occupants appealed. The Supreme Court, Randy J. Holland, J., held that injured occupants could not establish causal connection between alleged negligence and their injuries without expert testimony.

Affirmed.

West Headnotes

**Damages 115 ⟿185(1)**

115 Damages
　115IX Evidence
　　115k183 Weight and Sufficiency
　　　115k185 Personal Injuries and Physical Suffering
　　　　115k185(1) k. In General. Most Cited Cases
Injured occupants of vehicle could not establish a causal connection between the left-turning driver's alleged negligent conduct and the occupants' alleged injuries without an expert witness who would offer competent medical testimony regarding causation.

Court Below-Superior Court of the State of Delaware, in and for Sussex County, C.A. No. 01C-08-016.

Before HOLLAND, and BERGER and STEELE, Justices.

ORDER

*1 This second day of December 2003, upon consideration of the appellants' opening brief and the appellees' motion to affirm, it appears to the Court that:

(1) The plaintiffs, Francis and Pansy Rayfield, filed this appeal from the Superior Court's order granting summary judgment to the defendants, June and Thomas Power. The Rayfields filed a complaint seeking damages for personal injuries allegedly caused by an automobile accident in which June Power struck the Rayfields' automobile after she allegedly failed to yield the right of way while making a left-hand turn.[FN1] The Superior Court granted summary judgment to the Powers because the Rayfields had failed to offer any expert medical testimony in support of their complaint for damages.

　　FN1. The Powers disputed the Rayfields' allegations and filed a counterclaim against Francis Rayfield, whom police had cited for improper passing on the shoulder pursuant to 21 Del. C. § 4117(a).

(2) In order to survive the Powers' motion for summary judgment, the Rayfields were required to adequately establish all the elements essential to their case that they would have the burden of proving at trial.[FN2] In Delaware, in order to prevail in a negligence action, a plaintiff must prove by a preponderance of the evidence that the defendant's action breached a duty of care in a way that proximately caused injury to the plaintiff.[FN3] With a claim for bodily injuries, the causal connection

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

840 A.2d 642                                                                                                          Page 2

840 A.2d 642, 2003 WL 22873037 (Del.Supr.)
**(Cite as: 840 A.2d 642)**

between the defendant's alleged negligent conduct and the plaintiff's alleged injury must be proven by the direct testimony of a competent medical expert.[FN4] The Superior Court directed the Rayfields to identify their expert witness, but the Rayfields failed to comply with the Superior Court's directives. Summary judgment, therefore, was appropriate.[FN5]

> FN2. *Burkhart v. Davies,* 602 A.2d 56, 59 (Del.1991) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).
>
> FN3. *Russell v. K-Mart Corp.,* 761 A.2d 1, 5 (Del.2000).
>
> FN4. *Money v. Manville Corp.,* 596 A.2d 1372, 1376-77 (Del.1991).
>
> FN5. See *Reybold Group, Inc. v. Chemprobe Tech., Inc.,* 721 A.2d 1267, 1270-71 (Del.1998).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

Del.Supr.,2003.
Rayfield v. Power
840 A.2d 642, 2003 WL 22873037 (Del.Supr.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.