IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FLEMING COMPANIES, INC., et al., | ) | Bkry. No. 03-10945-MFW |
| | ) | |
| Debtors. | ) | |

| | | |
|---|---|---|
| POST CONFIRMATION TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 05-734-SLR |
| | ) | |
| CARTER PERROTT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 22nd day of March, 2007, having reviewed plaintiff's motion for summary judgment and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 13) is granted, for the reasons that follow.

1. **Factual background.** On November 30, 2002, defendant Carter Perrott fell at a Food 4 Less store operated by Fleming Companies, Inc. ("Fleming") in Hanford, California. On that same date, Mr. Perrott was transported, by ambulance, to the Hanford Community Medical Center and was released, with notation of contusions, pain and swelling associated with his right knee. (D.I. 15 at A-35 to A-38, A-40 to A-43, A-48) Mr. Perrott presented for medical treatment on one other occasion of record, on

January 28, 2003. At that time, Dr. Lancy Allyn noted a slip-and-fall accident, diagnosed a fractured patella of the right knee, and recommended surgery to repair the patella. (Id. at A-49 to A-54) There is no evidence of record to indicate Mr. Perrott's current condition; i.e., whether surgery actually was required and/or performed.

2. **Procedural background.** On April 1, 2003, Fleming and multiple affiliates filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. On June 5, 2003, Mr. Perrott timely filed a proof of claim for $150,000 in connection with these bankruptcy proceedings, claiming a priority unsecured claim for his alleged personal injuries sustained as a result of the November 30, 2002 accident. The claim was removed to this court as a "non-core" proceeding; a scheduling order allowing for discovery was entered. PCT timely filed its motion for summary judgment at the close of discovery, to which Mr. Perrott has responded.

3. **Standard of review.** A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n.10 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted). If the

moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

4. **Analysis.** The record at bar demonstrates that Mr. Perrott fell in a Fleming store on November 30, 2002, and that he sustained at least some minimal injuries due to the fall, as noted in the medical records generated on that date. The problem, of course, is that Mr. Perrott claims a substantial sum of money ($150,000) from PCT and has failed repeatedly throughout these proceedings to demonstrate (either for purposes of mediation or litigation), through adequate evidence, a basis for his claim. Most notably, aside from the fact that he fell, there is no evidence that the fall was the result of Fleming's negligence. See Buehler v. Alpha Beta Co., 274 Cal. Rptr. 14 (Cal. App. 1990). More significantly, even assuming that Fleming was at fault for the accident, Mr. Perrott has failed to offer any expert medical testimony that such alleged negligent

3

conduct caused the medical conditions reflected in Dr. Allyn's January 28, 2003 report.[1]

See Rayfield v. Power, 2003 WL 2873037 (Del. 2003); Cal. Civ. Code § 3333.

     5. **Conclusion.** Based on the record presented, the court finds that Mr. Perrott

has failed to come forward with record evidence sufficient to create any genuine issues

of material fact as to the causation and scope of his alleged injuries. Therefore, PCT's

motion for summary judgment is granted. Accordingly,

     IT IS FURTHER ORDERED that the clerk of court is directed to enter judgment

against defendant Carter Perrott and in favor of plaintiff Post Confirmation Trust.


United States District Judge

---

[1] In his report, Dr. Allyn does not express any opinions within "reasonable medical probability." He notes that Mr. Perrott has a right knee injury that "apparently" resulted from a fall. (D.I. 15 at A-22)

4